STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
MICHAEL W. DAVIS – Bar No. 274126
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: cweber@bg.law
mdavis@bg.law

Special Litigation Counsel for
Jason M. Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,

Consolidated Debtors.

Case No. 2:10-bk-62208-ER
[Lead Case]

Chapter 7

Adv. No. 2:12-ap-02424-ER

JASON M. RUND, CHAPTER 7 TRUSTEE,

Plaintiff,

vs.

JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,

Defendants.

**DECLARATION OF COREY R. WEBER IN SUPPORT OF: CHAPTER 7 TRUSTEE'S (1) MOTION FOR SUMMARY ADJUDICATION REGARDING THE TRUSTEE'S FIRST CLAIM FOR RELIEF FOR DISALLOWANCE OF CLAIMS, OR, IN THE ALTERNATIVE, FOR EQUITABLE SUBORDINATION OF CLAIMS AND PROOFS OF CLAIM; AND, (2) MOTION FOR SUMMARY ADJUDICATION REGARDING THE SECOND, THIRD AND SIXTH CLAIMS FOR RELIEF FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS MADE WITH ACTUAL INTENT**

**Hearing:**
**Date:** October 17, 2017
**Time:** 11:00 a.m.
**Place:** Courtroom 1568
United States Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

**DECLARATION OF COREY R. WEBER**

I, Corey R. Weber, declare:

1. I am admitted to practice before this Court and am a partner at Brutzkus Gubner, special litigation counsel for Jason M. Rund, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of consolidated debtors EPD Investment Co., LLC ("EPD") and Jerrold S. Pressman ("Jerrold Pressman") (EPD and Pressman are collectively referred to as the "Debtors"). I have been one of the attorneys at Brutzkus Gubner primarily responsible for all aspects of representing the Trustee in the Debtors' bankruptcy case and the above-captioned adversary proceeding.

2. I make this declaration in support of the Trustee's concurrently filed Motions for Summary Adjudication in the above-referenced adversary proceeding (the "Motions"). I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify competently to these facts. All of the documents referred to herein were received, sent, or prepared by Brutzkus Gubner and maintained in the ordinary course of Brutzkus Gubner's business.

3. On or about December 23, 2016 Defendants served their initial disclosures in this matter. A true and correct copy of *Defendants' Initial Disclosures* is attached hereto as **Exhibit 1** and incorporated herein by this reference.

4. A true and correct copy of the *Chapter 7 Trustee's Requests For Admission To Poshow Ann Kirkland, In Her Capacity As Trustee Of The Bright Conscience Trust Dated September 9, 2009 (Set One)*, which I caused to be served on Poshow Kirkland on January 20, 2017, is attached hereto as **Exhibit 2** and incorporated herein by this reference.

5. A true and correct copy of the *Chapter 7 Trustee's Requests For Production Of Documents And Things To Poshow Ann Kirkland, In Her Capacity As Trustee Of The Bright Conscience Trust Dated September 9, 2009 (Set One)*, which I caused to be served on Poshow Kirkland on January 26, 2017, is attached hereto as **Exhibit 3** and incorporated herein by this reference.

6. A true and correct copy of the *Chapter 7 Trustee's Requests For Admission To Defendant John C. Kirkland (Set One)*, which I caused to be served on John Kirkland on January 27,

2017, is attached hereto as **Exhibit 4** and incorporated herein by this reference.

7. A true and correct copy of the *Chapter 7 Trustee's Requests For Production Of Documents And Things To Defendant John C. Kirkland (Set One)*, which I caused to be served on John Kirkland on February 6, 2017, is attached hereto as **Exhibit 5** and incorporated herein by this reference.

8. A true and correct copy of Poshow Kirkland's *Responses to Requests for Admissions*, which was served on Brutzkus Gubner on or about February 25, 2017 is attached hereto as **Exhibit 6** and incorporated herein by this reference.

9. A true and correct copy of Poshow Kirkland's *Responses to Requests for Production of Documents*, which was served on Brutzkus Gubner on or about February 25, 2017 is attached hereto as **Exhibit 7** and incorporated herein by this reference.

10. A true and correct copy of John Kirkland's *Responses to Requests for Admissions*, which was served on Brutzkus Gubner on or about March 8, 2017 is attached hereto as **Exhibit 8** and incorporated herein by this reference.

11. A true and correct copy of John Kirkland's *Responses to Requests for Production of Documents*, which was served on Brutzkus Gubner on or about March 8, 2017 is attached hereto as **Exhibit 9** and incorporated herein by this reference.

12. A true and correct copy of an April 7, 2017 e-mail from Lewis R. Landau (counsel for Defendants) to me with the Kirklands' production of documents, including the attachments thereto (redacted), is attached hereto as **Exhibit 10** and incorporated herein by this reference.

13. True and correct copies of May 5, 2017 and May 10, 2017 e-mails from Lewis R. Landau (counsel for Defendants) to me with the Kirklands' supplemental production of documents, including the attachments thereto (redacted), are attached hereto as **Exhibit 11** and incorporated herein by this reference.

14. I attended and took the deposition of Poshow Kirkland on June 28, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Poshow Kirkland cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 12**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's

certification is located at pp. 133-134 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at p. 131, Poshow Kirkland stipulated that she would have 30 days to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Poshow Kirkland never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to the Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

15. I attended and took the deposition of John C. Kirkland on June 26, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of John Kirkland cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 13**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 323-324 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. John Kirkland never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

16. I attended and took the deposition of Keith E. Pressman on June 23, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Keith E. Pressman cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 14**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's

certification is located at pp. 220-221 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at pp. 217-218, Keith E. Pressman stipulated that he would have two weeks to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Keith E. Pressman never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

17. I attended and took the deposition of Jerrold S. Pressman on June 21, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Jerrold S. Pressman cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 15**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 338--339 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. Jerrold Pressman never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

18. Greenberg Traurig LLP has turned over or produced a number of documents to the Trustee pursuant to the: (a) Stipulation for: (1) Withdrawal of Motion for Order Pursuant to F.R.B.P. 2004 [Docket No. 256], and (2) Production of Documents by Greenberg Traurig LLP (the "Stipulation"); and, (b) the Bankruptcy Court's Order approving the Stipulation. A true and correct

copy of the custodian of records declaration by Michael Alvarez on behalf of Greenberg Traurig dated May 8, 2017, which attaches certain of the documents turned over or produced, including the exhibits thereto (redacted), is attached hereto as **Exhibit 16** and incorporated herein by this reference.

19. I attended and took the deposition of Ruben Moreno on June 19, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Ruben Moreno cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 17**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 134-135 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at p. 132, Ruben Moreno stipulated that he would have two weeks to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Ruben Moreno never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

20. Pursuant to a *Subpoena to Produce Documents* served by the Trustee on National Corporate Research ("NCR") on or about March 22, 2017, NCR produced a number of documents and things to the Trustee. A true and correct copy of NCR's production, including NCR's affidavit relating thereto, is attached hereto as **Exhibit 18** and incorporated herein by this reference.

21. I attended and took the deposition of Lisa Underkoffler on May 25, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Lisa Underkoffler cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 19**. Christine Sperbeck of Barkley Court Reporters was the court reporter. The court

reporter's certification is located at pp. 85-86 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. I will lodge the original copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

22. I attended and took the deposition of Katharine Werner on June 1, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Katharine Werner cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 20**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 143-144 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at p. 141, Katharine Werner stipulated that she would have two weeks to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Katharine Werner never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

23. I attended and took the deposition of Matthew Gruenberg on May 2, 2017 at my office in Woodland Hills, California. A true and correct copy of the portions of the deposition of Matthew Gruenberg cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 21**. Mitch Genser of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 92-93 of the deposition transcript. I have reviewed the

deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at pp. 90-91, Matthew Gruenberg stipulated that he would have two weeks to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Matthew Gruenberg never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

24. A true and correct copy of Poshow Kirkland's *Supplemental Responses to Requests for Admission*, which was served on Brutzkus Gubner on or about April 21, 2017 is attached hereto as **Exhibit 22** and incorporated herein by this reference.

25. I attended and took the examination of John Kirkland, individually and on behalf of the BC Trust, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, on May 27, 2011. A true and correct copy of the portions of the Rule 2004 examination transcript cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 23**. Lori M. Barkley of Watson Court Reporters was the court reporter. The court reporter's certification is located at pp. 200 of the transcript. I have reviewed the transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. John Kirkland never returned the signed original deposition transcript to my office. Therefore, I will lodge the certified copy of the Rule 2004 examination transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

26. A true and correct copy of Poshow Kirkland's *Supplemental Responses to Requests for Admission*, which was served on Brutzkus Gubner on or about May 23, 2017 is attached hereto

as **Exhibit 24** and incorporated herein by this reference.

27. I attended and took the deposition of Theodore Jonavic on June 30, 2017 at 1522 West Warm Springs Road, Henderson, Nevada. A true and correct copy of the portions of the deposition of Theodore Jonavic cited in the Motions, and bracketed pursuant to LBR 7030-1, is attached hereto as **Exhibit 25**. Cynthia K. DuRivage of Barkley Court Reporters was the court reporter. The court reporter's certification is located at pp. 144 of the deposition transcript. I have reviewed the deposition transcript and it appears to accurately reflect the contents of the questions and responses, with the exception of minor typographical or grammatical errors. As reflected in the deposition transcript at p. 141, Theodore Jonavic stipulated that he would have two weeks to review the deposition transcript, make any corrections, sign and return the transcript to my office, and that if the original transcript was lost, stolen, destroyed or not returned for any reason that a certified copy of the transcript could be used in lieu of the original. Theodore Jonavic never returned a signed original deposition transcript to my office (although my office did receive the unsigned original). Therefore, I will lodge the certified copy of the deposition transcript with the Court at least 7 days before the hearing pursuant to LBR 7030-1(b)(1). Concurrently with the filing of this Motion, a copy of the deposition transcript with bracketing will be sent to counsel for Defendants pursuant to LBR 7030-1(a)(3) and (b) for counter-marking, even though the Defendants have not requested it.

28. Pursuant to a *Subpoena to Produce Documents* served by the Trustee on City National Bank ("CNB"), CNB produced a number of documents and things to the Trustee. Among the production were copied of canceled checks for the bank account no. ending 2257 (which was later converted into accounting no. ending 8184). A true and correct copy of CNB's affidavit regarding that production, and copies of selected canceled checks, is attached hereto as **Exhibit 26** and incorporated herein by this reference. True and correct copy of the monthly balance statements produced by CNB are separately attached hereto as **Exhibit 27** and incorporated herein by this reference.

29. On or about December 9, 2013, I received a signed declaration of Allen Sumian from Steven Shapero of Shapero & Hurst (now Shapero & Shapero), counsel for True Positions Technology, Inc. A true and correct copy of Mr. Sumian's declaration and exhibits is attached

30. In response to demands by the Trustee for production of the EPD's books and records, Jerrold S. Pressman has produced a number of documents and things to the Trustee, care of this office, in connection with the Debtors' bankruptcy case. Among the documents and things produced by Jerrold S. Pressman in or about early 2011 was a folder labeled "EPD Investor / Kirkland, John." Upon receipt of the file folder, Brutzkus Gubner scanned the folder and the contents thereof. A true and correct copy of the folder labeled "EPD Investor / Kirkland, John," including the contents thereof, is attached hereto as **Exhibit 29** and incorporated herein by this reference.

31. A true and correct copy of John Kirkland's *Supplemental Responses to Requests for Admission*, which was served on Brutzkus Gubner on or about April 21, 2017 is attached hereto as **Exhibit 30** and incorporated herein by this reference.

32. A true and correct copy of John Kirkland's *Supplemental Responses to Requests for Admission*, which was served on Brutzkus Gubner on or about June 30, 2017 is attached hereto as **Exhibit 31** and incorporated herein by this reference.

33. A true and correct copy of John Kirkland's *Supplemental Responses to Requests for Admission*, which was served on Brutzkus Gubner on or about May 23, 2017 is attached hereto as **Exhibit 32** and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 5, 2017, at Woodland Hills, California.

COREY R. WEBER