# EXHIBIT 1

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD Investment Company, LLC and Jerrold S. Pressman,<br><br>Debtors. | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-02424-ER |
| Jason M. Rund, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>John C. Kirkland, an individual and Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009,<br><br>Defendants. | **DEFENDANTS' INITIAL DISCLOSURES**<br><br>**[Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(a)(1)]** |

Defendants John C. Kirkland individually ("Kirkland") and Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009 ("the Bright Conscience Trust") (collectively, "Defendants") herein provide their initial disclosures pursuant to Federal Rule of Bankruptcy Procedure Rule 7026 and Federal Rule of Civil Procedure Rule 26(a)(1).

**1. F.R.Civ.P. 26(a)(1)(A). The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Each of the Defendants identifies below individuals likely to have discoverable information that he or she may use to support his or her defenses, and Mrs. Kirkland identifies individuals likely to have discoverable information that the Bright Conscience Trust may use to support its claims. Mr. Kirkland has no claims, and Mrs. Kirkland individually has no claims or defenses.

a) Jerrold Pressman. Defendants are informed and believe that Jerrold Pressman may be reached at [redacted]. Mr. Pressman's last known phone numbers are: [redacted] and [redacted]. Mr. Pressman's last known e-mail address is [redacted]. Defendants are not presently aware of Mr. Pressman's fax number. Jerrold Pressman is a consolidated Debtor he also was the founding and managing partner of EPD. Jerrold Pressman likely has information regarding the financial condition of the Debtors, the operations of EPD, the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates, the Bright Conscience Trust's claims in this matter, and all defenses to the Trustee's alleged claims.

b) City National Bank. Defendants are informed and believe that City National Bank may be contacted at City National Bank, Attn: Deposit Services - Compliance Support 1, [redacted]. Defendants are additionally informed and believe that City National Bank may also be reached by contacting Shirani Kumarasiri, Assistant Vice President, by phone at [redacted] and by fax at [redacted]. Defendants are informed and believe that City National Bank was EPD's primary banking institution at all times relevant and likely has discoverable information regarding the Debtors' bank accounts and transactions, including but not limited to the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

c) Jason M. Rund. Defendants are informed and believe that the Trustee may be reached through special litigation counsel for the Trustee, Corey R. Weber, Brutzkus Gubner, 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367. Mr. Weber may be reached by phone at (818) 827-9000, by fax at (818) 827-9099 and by e-mail at weber@brutzkusgubner.com.

d) Poshow Ann Kirkland. Mrs. Kirkland may be reached through her counsel of record in this matter, Lewis R. Landau, Esq., 22287 Mulholland Hwy., # 318, Calabasas, California 91302, Voice & Fax: (888) 822-4340, Email: Lew@Landaunet.com. Mrs. Kirkland is a Defendant in this matter and possesses discoverable information as to the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates, the Bright Conscience Trust's claims in this matter, and all defenses to the Trustee's alleged claims.

e) Bright Conscience Trust Dated September 9, 2009 (the "Bright Conscience Trust"). The Bright Conscience Trust may be contacted through its Trustee, Mrs. Kirkland. Mrs. Kirkland may be reached through her counsel of record in this matter, Lewis R. Landau, Esq., 22287 Mulholland Hwy., #318, Calabasas, California 91302, Voice & Fax: (888) 822-4340, Email: Lew@Landaunet.com. The Bright Conscience Trust is a Defendant in this matter and possesses discoverable information as to the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates, the Bright Conscience Trust's claims in this matter, and all defenses to the Trustee's alleged claims.

f) John C. Kirkland. Mr. Kirkland may be reached through his counsel of record in this matter, Lewis R. Landau, Esq., 22287 Mulholland Hwy., # 318, Calabasas, California 91302, Voice & Fax: (888) 822-4340, Email: Lew@Landaunet.com. Mr. Kirkland is a Defendant in this matter and possesses discoverable information as to the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates, the Bright Conscience Trust's claims in this matter, and all defenses to the Trustee's alleged claims.

g) Robert D. Geiringer. Defendants are informed and believe that Mr. Geiringer may be contacted at: [redacted], Phone Number: [redacted]

[redacted], Fax Number: [redacted]. Defendants are not presently aware of Mr. Geringer's email. Mr. Geringer is a creditor of Debtors, and may have information regarding the business operations, financial condition and creditors of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

h) Katherine Werner aka Katherine Jean Sabich-Robison. Defendants are informed and believe that Ms. Werner may be contacted at: [redacted], fax: [redacted], email: [redacted]. Defendants are not presently aware of Ms. Robison's phone number. Ms. Robison is a former employee of EPD. Ms. Robison may have information regarding the business operations, financial condition and creditors of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

i) Dentons US LLP. Luce Forward. Hamilton &Scripps LLP merged with McKenna Long & Aldridge LLP. McKenna Long & Aldridge LLP there after merged with Denton US and became Dentons US LLP. Defendants are informed and believes that Dentons may be reached by contacted Charles P. Maher, Esq., One Market Plaza Spear Tower, 24th Floor San Francisco, California 94105, phone number: (415) 356-4600, fax number: (415) 267-4198, and email address: charles.maher@dentons.com. As the successor in interests to Luce Forward, Dentons may possess information and documents relating to Luce Forward's representation of Debtors and their affiliates.

j) Greenberg Traurig LLP and Greenberg Traurig P.A. Defendants are informed and believes that Greenberg may be reached by contacting Mr. Martin I. Kaminsky, Greenberg Traurig LLP, MetLife Building, 200 Park Avenue New York, NY 10166, telephone: (212) 801-9200, fax: (212) 801-6400, and by email at kaminskym@gtlaw.com. Greenberg may possess information and documents relating to Greenberg's representation of Debtors and their affiliates.

k) Keith Pressman. Defendants are informed and believe that Keith Pressman may be contacted at [redacted]. Defendants are informed and believe that Keith Pressman may be reached by phone at [redacted], and by e-mail at:

[redacted]. Keith Pressman is the son of Jerrold Pressman and was, at times, a member of EPD. Keith Pressman may have information regarding the operations and financial condition of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

l) Theodore P. Jonavic. Defendants are informed and believe that Mr. Jonavic may be contacted at [redacted]. Defendants are not presently aware of Mr. Jonavic's telephone number, fax number, or e-mail address. Defendants are informed and believes that Mr. Jonavic was a certified public accountant (formerly of Yoss, Allen & Jonavic), and accountant for Debtors and their affiliates at times relevant, and provided financial services to Debtors and their affiliates including, but not necessarily limited to, the preparation of tax returns. Mr. Jonavic likely has information regarding the operations and financial condition of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

m) Yoss & Allen (f/k/a Yoss, Allen, & Jonavic). Defendants are informed and believes that Yoss & Allen may be contacted at [redacted], phone: [redacted], Fax: [redacted], Defendants are not presently aware of Yoss & Allen's email address. Defendants are informed and believes that Mr. Jonavic, the Debtors' prior accountant, was with the firm Yoss & Allen when rendering services to the Debtors and their affiliates and Yoss & Allen may have retained files regarding those financial services, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

n) Ruben Moreno. Defendants are informed and believe that Mr. Moreno may be reached through his counsel of record, David Brian Lally, Esq., Law Office of David Brian Lally, 26895 Aliso Creek Rd., #B663, Aliso Viejo, CA 92656. Defendants are informed and believe Mr. Lally's phone number is (949) 500-7409, his fax number is (949) 861-9250, and his e-mail address is Davidlallylaw@gmail.com. To the extent that Mr. Lally no longer represents Mr. Moreno Defendants are informed and believes that Mr. Moreno may be contacted at: [redacted], the last known phone number for Mr. Moreno is [redacted]

[redacted], and his last known e-mail addresses are [redacted], and [redacted]. Defendants are not presently aware of Mr. Moreno's fax number. Defendants are informed and believe that Mr. Moreno served as the bookkeeper for Debtors and their affiliates, and thus likely has information regarding the financial condition and operations of Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

o) California Franchise Tax Board ("FTB"). Defendants are informed and believes that the FTB can be reached at Franchise Tax Board, P.O. Box 942857, Sacramento, California 94257, and can be contacted by phone at (800) 852-5711. Defendants are not presently aware of the FTB's fax number or e-mail address. The FTB likely has discoverable information regarding the Debtors' pre-petition tax returns, tax liabilities, investigations, audits and analysis by the FTB, and any communications it sent or received on behalf of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

p) The United States Internal Revenue Service ("IRS"). Defendants are informed and believed that the IRS may be contacted through its Los Angeles Office, located at 300 N. Los Angeles St., Los Angeles, CA 90012. Defendants are informed and believes that the IRS may be contacted by phone at (213) 576-3009, Defendants are not aware of the IRS' fax number or e-mail address. The IRS may discoverable information regarding the Debtors' pre-petition tax liabilities, investigations, audits and analysis by the IRS, and any communications it sent or received on behalf of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

q) Union Bank. Defendants are informed and believes that Union Bank may reached through its counsel of record, Byron B. Mauss, byronm@amlegalgroup.com, 2915 Redhill Avenue, Suite 200, Costa Mesa, CA 92626, Phone: (714) 427-6800, Fax: (714) 427-6888, e-mail: byronm@amlegalgroup.com. Union Bank likely has discoverable information regarding any transfers it may have made to or for the benefit of the Debtors and their affiliates, as well as any related documents and communications.

r) Thomas Ferro. Defendants are informed and believes that Mr. Ferro may be contacted at [redacted], phone: [redacted], email [redacted], [redacted], or [redacted]). Defendants are not presently aware of Mr. Ferro's fax number. Mr. Ferro may have information regarding the operations and financial condition of the Debtors and their affiliates, and the transfers by or on behalf of Mr. Kirkland and the Bright Conscience Trust to or for the benefit of the Debtors and their affiliates.

s) Expert Disclosures. Pursuant to Fed. R. Civ. P. 26(a)(2)(D), absent a stipulation or Court order, the Defendants will make expert disclosures at least 90 days before the date set for trial or before the case is ready for trial.

t) Discovery has just commenced, and Defendants reserve their right to provide a supplemental response to this initial disclosure if it is appropriate to do so.

**2. F.R.Civ.P. 26(a)(1) (B). A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Each of the Defendants will produce all non-privileged documents in his or her possession, custody or control that he or she may use to support his or her defenses, and Mrs. Kirkland will produce all non-privileged documents in her possession, custody or control that the Bright Conscience Trust may use to support its claims. Mr. Kirkland has no claims, and Mrs. Kirkland individually has no claims or defenses, and therefore no documents supporting same.

Certain documents (notably bank records and agreements and correspondence with the Debtors that constitute the Defendants' confidential financial records and information) may not be able to be produced due to, among other things, privacy issues absent redactions and/or a protective order. Defendants will meet and confer with the Trustee in regard to a stipulated protective order so that they may produce documents while satisfying privacy issues.

The following general document categories may be used in support of the Bright Conscience Trust's claims and defenses and Mr. Kirkland's defenses:

a) Any and all transfers from or on behalf of any of the Defendants to either of the Debtors or any of their affiliates.

b) Any and all transfers from or on behalf of any of the Defendants to any person or entity on behalf of or for the benefit of either of the Debtors or any of their affiliates.

c) Debtors' bank statements.

d) Defendants' bank statements relating to either of the Debtors or any of their affiliates.

e) Debtors' bank records.

f) Defendants' bank records relating to either of the Debtors or any of their affiliates.

g) Debtors' books and records.

h) Defendants' books and records relating to either of the Debtors or any of their affiliates.

i) QuickBooks records of either of the Debtors or any of their affiliates.

j) All filed tax returns of either of the Debtors or any of their affiliates.

k) All unaudited financial statements for EPD Investment Company, LLC.

l) All unaudited financial statements for either of the Debtors or any of their affiliates

m) Letters regarding either of the Debtors from the California Franchise Tax Board.

n) Debtors' statements and schedules filed in the Debtors' bankruptcy case(s).

o) Rule 2004 examination transcripts for: Jerrold Pressman, Keith Pressman, Theodore Jonavic, Thomas Ferro, Ruben Moreno, John Kirkland, and any other persons in the Debtors' bankruptcy cases, the exhibits thereto, and documents identified by the witnesses therein.

p) Transcripts of any depositions of and examinations of the Trustee, Jerrold Pressman, Keith Pressman; Theodore Jonavic, Thomas Ferro, Ruben Moreno, and any other persons in any adversary proceedings, the exhibits thereto, and documents identified by the witnesses therein, including but not limited to the deposition of Jerrold Pressman in the John Andrews adversary proceeding and the exhibits thereto.

q) Documents produced by Luce Forward and Greenberg Traurig.

r) All documents filed by EPD with the California Secretary of State.

s) Any and all equipment leases entered into by EPD.

t) Theodore Jonavic's memoranda regarding EPD's equipment leases.

u) All documents to be produced by the Trustee.

v) All documents required to be produced by the Trustee.

w) All documents to be produced by the Defendants.

x) All documents required to be produced by Defendants.

y) The Trustees' initial disclosures, and all documents identified therein or produced pursuant thereto.

z) All documents produced by prior counsel for the Debtors.

aa) Proofs of claim filed by the Bright Conscience Trust in the Debtors' bankruptcy cases.

bb) Any and all UCC-1 financing statements filed and/or recorded against the assets of either of the Debtors in favor of the Bright Conscience Trust.

cc) Any and all correspondence sent or received by Mr. Kirkland on behalf of either of the Debtors.

dd) Any and all communications between any of the Defendants and either of the Debtors or their affiliates.

ee) Any and all agreements between any of the Defendants and either of the Debtors or their affiliates.

ff) Any and all loan documents between Mr. Kirkland or the Bright Conscience Trust and EPD Investment Co., LLC or Jerrold Pressman.

gg) Any and all documents regarding any assets of the Debtors and their affiliates in the seven years preceding December 7, 2010.

hh) Any and all documents regarding any liabilities of the Debtors and their affiliates in the seven years preceding December 7, 2010.

ii) Pleadings filed in the Debtors' bankruptcy cases and in related adversary proceedings and any appeals.

jj) Offers of judgment made by any of the Defendants.

kk) Certificate of Trust for the Bright Conscience Trust.

Discovery has just commenced, and Defendants reserve their right to provide a supplemental response to this initial disclosure if it is appropriate to do so.

**3. F.R.Civ.P. 26(a)(1) (C). A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Mr. Kirkland and Mrs. Kirkland individually have not asserted any claim for damages in this action, but reserve the right to recover their costs in defense of this action, including expert witness and attorney's fees and expenses.

Based on the Bright Conscience Trust's current information, as shown in detail in the chart below, the Bright Conscience Trust seeks to recover from the Debtors and their assets and combined estate a first position secured claim in the principal amount of $2,055,466.23 plus interest at the maximum legal rates, plus any amounts received by Debtors, or transferred to third parties for the benefit of Debtors, or an amount according to proof at trial, plus interest at the maximum legal rates, including but not limited to the following:

| | |
|---|---|
| 9/28/07 | $200,000.00 |
| 9/28/07 | $400,000.00 |
| 11/8/07 | $150,000.00 |
| 3/27/08 | $150,000.00 |
| 6/20/08 | $100,000.00 |
| 8/18/08 | $855,466.23 |
| 4/14/09 | $100,000.00 |
| 7/24/09 | $100,000.00 |
| **TOTAL** | **$2,055,466.23** |

The Bright Conscience Trust also seeks to recover contractual interest of 12% per annum on each amount from each date set forth above, and contractual default interest of 24% on all amounts from the date of default to the date all amounts due are paid to the Bright Conscience Trust.

The Bright Conscience Trust will produce all non-privileged documents in its possession, custody or control on which each computation is based.

Certain documents (notably bank records and agreements and correspondence with the Debtors that constitute the Defendants' confidential financial records and information) may not be able to be produced due to, among other things, privacy issues absent redactions and/or a protective order. Defendants will meet and confer with the Trustee in regard to a stipulated protective order so that they may produce documents while satisfying privacy issues.

Discovery has just commenced, and Defendants reserve their right to provide a supplemental response to this initial disclosure if it is appropriate to do so.

**4. F.R.Civ.P. 26(a)(l)(D). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants are not aware of any relevant insurance agreement.

Discovery has just commenced, and Defendants reserve their right to provide a supplemental response to this initial disclosure if it is appropriate to do so.

Dated: December 23, 2016

**Respectfully submitted,**

**Lewis R. Landau**
**Attorney-at-Law**

By */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): ______________________
DEFENDANTS' INITIAL DISCLOSURES

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/23/2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Email: Corey R. Weber (cweber@brutzkusgubner.com)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/23/2016 | Lewis R. Landau | /s/ Lewis R. Landau |
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT 2

LARRY W. GABRIEL – Bar No. 68329
STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
MICHAEL W. DAVIS – Bar No. 274126
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: lgabriel@bg.law
cweber@bg.law
mdavis@bg.law

Special Litigation Counsel for Jason M. Rund,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors.<br><br>EIN No. xxx-0994<br><br>JASON M. RUND, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, individually and as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,<br><br>Defendants. | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-02424-ER<br><br>**CHAPTER 7 TRUSTEE'S REQUESTS FOR ADMISSION TO POSHOW ANN KIRKLAND, IN HER CAPACITY AS TRUSTEE OF THE BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009 (SET ONE)**<br><br>**Fed. R. Bankr. P. 7036 and Fed. R. Civ. P. 36** |

**PROPOUNDING PARTY: PLAINTIFF, JASON M. RUND, CHAPTER 7 TRUSTEE**

**RESPONDING PARTY: DEFENDANT, POSHOW ANN KIRKLAND, in her capacity as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009**

**SET NUMBER: ONE (1)**

Plaintiff Jason M. Rund, the duly appointed and acting Chapter 7 Trustee ("Plaintiff" or "Trustee") for the consolidated bankruptcy estate (the "Estate") of Debtors EPD Investments Co., LLC ("EPD") and Jerrold S. Pressman ("Pressman") (EPD and Pressman are collectively referred to herein as "Debtors") hereby propounds the following Requests for Admission ("Requests for Admission"), Set Number One, pursuant to Fed. R. Bankr.P. 7036 and Fed.R. Civ. P. 36, to Defendant POSHOW ANN KIRKLAND, in her capacity as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009 ("Defendant"). The Trustee requests that Defendant, within thirty (30) days after service hereof, provide written responses to each and every Request for Admission.

## PRELIMINARY STATEMENT

1. YOU are required to answer each Request for Admission separately and fully in writing, unless it is objected to. If YOU object to any Request for Admission, YOU must state the reasons for the objection in lieu of an answer.

2. YOU are to serve a copy of YOUR answers, and objections if any, within thirty (30) days after the service date of these Requests for Admissions.

3. YOUR response to this discovery must contain a certification as set forth in Fed. R. Civ. P. 26(g). If YOUR certification is made in violation of Fed. R. Civ. P. 26, the Court, upon motion or its own initiative, shall impose upon the person making the certification, upon YOU, or both, an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including reasonable attorney's fees.

4. If YOUR responses are deemed insufficient, YOU may be compelled by an order of the court pursuant to Fed. R. Civ. P. 37 to respond properly to the request and to pay the reasonable expenses incurred, including attorney's fees, in obtaining the order.

5. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

**DEFINITIONS**

1. Capitalized terms used herein shall have the following meanings:

2. "ADVERSARY PROCEEDING" means and refers to the adversary proceeding styled *Jason M. Rund, Trustee v. John C. Kirkland, et. al.*, Adv. Case No. 2:12-ap-02424-ER, currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

3. "BANKRUPTCY CASE" means and refers to the consolidated bankruptcy case, styled *In re EPD Investment Company, LLC, and Jerrold S. Pressman*, Case No. 2:10-bk-62208-ER, currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

a. "PLAINTIFF" or "TRUSTEE" means and refers to Jason M. Rund, the Chapter 7 Trustee in the BANKRUPTCY CASE, and the named plaintiff in the ADVERSARY PROCEEDING.

b. "BC TRUST" means and refers to the Bright Conscience Trust Dated September 9, 2009.

c. "DEFENDANT" or "YOU" means and refers to Poshow Ann Kirkland, an individual, solely in her capacity as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009 and her assignees, employees, agents, and representatives acting on her behalf.

d. "POSHOW" means and refers to Poshow Ann Kirkland, an individual, and her assignees, employees, agents, and representatives acting on her behalf.

e. "PETITION DATE" shall mean the date on which the involuntary bankruptcy petition was filed against EPD, on December 7, 2010.

f. "KIRKLAND" means and refers to defendant John C. Kirkland, an individual, and his assignees, employees, agents, and representatives acting on his behalf.

g. "EPD" means and refers to EPD Investments Co., LLC, a debtor in the BANKRUPTCY CASE.

h. "FTB" means and refers to the State of California Franchise Tax Board.

i. "IRS" means and refers to the Internal Revenue Service of the United States federal government.

j. "PRESSMAN" means and refers to Jerold S. Pressman, an individual, a debtor in the BANKRUPTCY CASE.

k. "DEBTORS" means and refers collectively to debtors EPD Investment Company, LLC and Jerrold S. Pressman.

l. "COMMUNICATION(S)" means any exchange or transmission of words or ideas to another person or an entity, including without limitation conversations, discussions, e-mails, text messages, facsimiles, letters, memoranda, meetings, notes, speeches, or other transfer of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests transcribes or records any such communication.

m. "DOCUMENT(S)" shall have the broadest meaning permitted under Rule 34 of the Federal Rules of Civil Procedure, and shall include all tangible sources of information, including but not limited to: (a) the original and any non-identical copy (whether different from the original because of handwritten notes or underlining made thereon, attachments affixed thereto, or otherwise) or drafts thereof, of any handwritten, typewritten, printed, recorded or graphic matter, however produced or reproduced, including but not limited to charts, plans, drawings, art work, transparencies, sketches, blueprints, files, electronic mail, computer data and/or tapes, reports, travel reports, expense reports, memoranda, notes, minutes, letters and other correspondence, testimony, summaries, abstracts, studies, surveys, graphs, statistics, tables, forms, work papers, logs, indexes, drafts, advertisements, and scripts; and (b) any mechanical, magnetic or electronic or other recordings of any voice, sound, image or data including but not limited to photographs, microfilms, video and audio tapes, film, and any other data compilation in Plaintiff's possession, custody or control wherever located.

n. "REGARDING" means and refers to directly or indirectly referring to, alluding to, responding to, pertaining to, connected with, commencing on, in respect of, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, modifying or pertaining to the matters at issue.

o. "STRETTO" means and refers to Stretto Enterprises, a California Corporation.

p. "TRANSFER(S)" means and refers to (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of an equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property. "TRANSFER(S)" also includes any and all monies paid by DEBTORS to YOU or to another entity for the benefit of the BC TRUST, by any means, including but not limited to cash, check, cashier's check or wire transfer, during the RELEVANT PERIOD.

q. "PROOF OF CLAIM 171" means and refers that the certain proof of claim that the BC TRUST filed in the BANKRUPTCY CASE on December 12, 2011 and which has been designated as Claim 171 by the Clerk of the Bankruptcy Court. A true and correct copy of PROOF OF CLAIM 171 is attached hereto as **EXHIBIT A** and is incorporated herein by this reference.

r. "PROOF OF CLAIM 235" means and refers that the certain proof of claim that the BC TRUST filed in the BANKRUPTCY CASE on December 12, 2011 and which has been designated as Claim 235 by the Clerk of the Bankruptcy Court. A true and correct copy of PROOF OF CLAIM 171 is attached hereto as **EXHIBIT B** and is incorporated herein by this reference.

s. "PROOF OF CLAIM 236" means and refers that the certain proof of claim that the BC TRUST filed in the BANKRUPTCY CASE on December 12, 2011 and which has been designated as Claim 236 by the Clerk of the Bankruptcy Court. A true and correct copy of PROOF OF CLAIM 236 is attached hereto as **EXHIBIT C** and is incorporated herein by this reference.

t. "PROOF OF CLAIM 13" means and refers that the certain proof of claim that the BC TRUST filed in bankruptcy case no. 2:12-bk-13760-ER on February 15, 2013 and which has been designated as Claim 13-1 by the Clerk of the Bankruptcy Court. A true and correct copy of

PROOF OF CLAIM 13-1 is attached hereto as **EXHIBIT D** and is incorporated herein by this reference.

u. "PROOFS OF CLAIM" means and refers to collectively to PROOF OF CLAIM 171, PROOF OF CALIM 235, PROOF OF CLAIM 236, and PROOF OF CLAIM 13.

v. "ASSIGNMENT" means and refers to that certain Notice of Assignment dated September 9, 2009, a copy of which is attached hereto as **EXHIBIT E**.

w. "UCC-1" means and refers to that certain UCC-1 financing statement filed by the BC TRUST on or about September 11, 2009 as to the assets of the DEBTORS.

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1.:**

Admit that YOU are the sole trustee of the BC TRUST.

**REQUEST FOR ADMISSION NO. 2.:**

Admit that YOU have been the sole trustee of the BC TRUST since its formation.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that YOU are married to KIRKLAND.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that YOU were married to KIRKLAND at the time each of the PROOFS OF CLAIM were filed.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that YOU were married to KIRKLAND at the time ASSIGNMENT was signed.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that YOU were married to KIRKLAND at the time UCC-1 was filed.

**REQUEST FOR ADMISSION NO. 7.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 131.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare

in PROOF OF CLAIM 235.

**REQUEST FOR ADMISSION NO. 9.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 236.

**REQUEST FOR ADMISSION NO. 10.:**

Admit that YOU did not have a claim for $3,529,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 13.

**REQUEST FOR ADMISSION NO. 11.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, and PROOF OF CLAIM 236 are duplicate claims.

**REQUEST FOR ADMISSION NO. 12.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, PROOF OF CLAIM 236 and PROOF OF CLAIM 13 are duplicate claims.

**REQUEST FOR ADMISSION NO. 13.:**

Admit that YOU did not deposit $2,055,466.23 with the DEBTORS as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 14.:**

Admit that YOU did not transfer $2,055,466.23 to the DEBTORS as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 15.:**

Admit that YOU did not deposit $400,000 in EPD on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 16.:**

Admit that YOU did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 17.:**

Admit that KIRKLAND did not deposit $400,000 in EPD on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 18.:**

Admit that KIRKLAND did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 19.:**

Admit that YOU did not deposit $150,000 in EPD on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 20.:**

Admit that YOU did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 21.:**

Admit that KIRKLAND did not deposit $150,000 in EPD on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 22.:**

Admit that KIRKLAND did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**REQUEST FOR ADMISSION NO. 23.:**

Admit that $600,000 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008, as listed in YOUR initial disclosures, was not an investment or loan.

**REQUEST FOR ADMISSION NO. 24.:**

Admit that only $255,466.23 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008, as listed in YOUR initial disclosures, was to deposit into KIRKLAND's account at EPD.

**REQUEST FOR ADMISSION NO. 25.:**

Admit that KIRKLAND did not loan the DEBTORS approximately two million dollars between 2007 and 2009, as YOU contend in the limited objection YOU filed on November 20, 2013 in the BANKRUPTCY CASE (Docket No. 806).

**REQUEST FOR ADMISSION NO. 26.:**

Admit that KIRKLAND authorized the amendment to the UCC-1 filed in or about May

2010.

**REQUEST FOR ADMISSION NO. 27.:**

Admit that YOU authorized the amendment to the UCC-1 filed in or about May 2010.

**REQUEST FOR ADMISSION NO. 28.:**

Admit that YOUR statement that KIRKLAND did not authorize the amendment to the UCC-1 filed in or about May 2010 is false.

**REQUEST FOR ADMISSION NO. 29.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that EPD was insolvent.

**REQUEST FOR ADMISSION NO. 30.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that PRESSMAN was insolvent.

**REQUEST FOR ADMISSION NO. 31.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that EPD was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 32.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that PRESSMAN was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 33.:**

Admit that YOU knew prior to the filing of the UCC-1 that EPD was insolvent.

**REQUEST FOR ADMISSION NO. 34.:**

Admit that YOU knew prior to the filing of the UCC-1 that PRESSMAN was insolvent.

**REQUEST FOR ADMISSION NO. 35.:**

Admit that YOU knew prior to the filing of the UCC-1 that EPD was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 36.:**

Admit that YOU knew prior to the filing of the UCC-1 that PRESSMAN was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 37.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that EPD was insolvent.

**REQUEST FOR ADMISSION NO. 38.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that PRESSMAN was insolvent.

**REQUEST FOR ADMISSION NO. 39.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that EPD was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 40.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that PRESSMAN was unable to pay debts as they became due.

**REQUEST FOR ADMISSION NO. 41.:**

Admit that YOU never loaned funds to the DEBTORS.

**REQUEST FOR ADMISSION NO. 42.:**

Admit that YOU never invested funds with the DEBTORS.

**REQUEST FOR ADMISSION NO. 43.:**

Admit that YOU never transferred any funds to the DEBTORS.

**REQUEST FOR ADMISSION NO. 44.:**

Admit that YOU never paid any monies to the DEBTORS.

**REQUEST FOR ADMISSION NO. 45.:**

Admit that POSHOW never loaned funds to the DEBTORS.

**REQUEST FOR ADMISSION NO. 46.:**

Admit that POSHOW never invested funds with the DEBTORS.

**REQUEST FOR ADMISSION NO. 47.:**

Admit that POSHOW never transferred any funds to the DEBTORS.

**REQUEST FOR ADMISSION NO. 48.:**

Admit that POSHOW never paid any monies to the DEBTORS.

**REQUEST FOR ADMISSION NO. 49.:**

Admit that KIRKLAND did not conduct any due diligence REGARDING EPD prior to making investments in EPD.

**REQUEST FOR ADMISSION NO. 50.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making investments in EPD.

**REQUEST FOR ADMISSION NO. 51.:**

Admit that KIRKLAND did not conduct any due diligence REGARDING EPD prior to making loans to EPD.

**REQUEST FOR ADMISSION NO. 52.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making loans to EPD.

**REQUEST FOR ADMISSION NO. 53.:**

Admit that KIRKLAND did not receive a private placement memoranda REGARDING his investments in EPD.

**REQUEST FOR ADMISSION NO. 54.:**

Admit that YOU did not receive a private placement memoranda REGARDING investments in EPD.

**REQUEST FOR ADMISSION NO. 55.:**

Admit that KIRKLAND did not receive a private placement memoranda REGARDING his loans to EPD.

**REQUEST FOR ADMISSION NO. 56.:**

Admit that YOU did not receive a private placement memoranda REGARDING loans to EPD.

**REQUEST FOR ADMISSION NO. 57.:**

Admit that KIRKLAND did not receive an offering circular REGARDING his investments in EPD.

**REQUEST FOR ADMISSION NO. 58.:**

Admit that YOU did not receive an offering circular REGARDING investments in EPD.

**REQUEST FOR ADMISSION NO. 59.:**

Admit that KIRKLAND did not receive an offering circular REGARDING his loans to EPD.

**REQUEST FOR ADMISSION NO. 60.:**

Admit that YOU did not receive an offering circular REGARDING loans to EPD.

**REQUEST FOR ADMISSION NO. 61.:**

Admit that KIRKLAND did not receive a prospectus REGARDING his investments in EPD.

**REQUEST FOR ADMISSION NO. 62.:**

Admit that YOU did not receive a prospectus REGARDING investments in EPD.

**REQUEST FOR ADMISSION NO. 63.:**

Admit that KIRKLAND did not receive a prospectus REGARDING his loans to EPD.

**REQUEST FOR ADMISSION NO. 64.:**

Admit that YOU did not receive a prospectus REGARDING loans to EPD.

**REQUEST FOR ADMISSION NO. 65.:**

Admit that KIRKLAND did not receive offering materials of any kind REGARDING his investments in EPD.

**REQUEST FOR ADMISSION NO. 66.:**

Admit that YOU did not receive offering materials of any kind REGARDING investments in EPD.

**REQUEST FOR ADMISSION NO. 67.:**

Admit that KIRKLAND did not receive offering materials of any kind REGARDING his loans to EPD.

**REQUEST FOR ADMISSION NO. 68.:**

Admit that YOU did not receive offering materials of any kind REGARDING loans to EPD.

**REQUEST FOR ADMISSION NO. 69.:**

Admit that KIRKLAND did not receive regular account statements REGARDING his investments in EPD.

**REQUEST FOR ADMISSION NO. 70.:**

Admit that YOU did not receive regular account statements REGARDING investments in EPD.

**REQUEST FOR ADMISSION NO. 71.:**

Admit that KIRKLAND did not receive regular account statements REGARDING his loans to EPD.

**REQUEST FOR ADMISSION NO. 72.:**

Admit that YOU did not receive regular account statements REGARDING loans to EPD.

**REQUEST FOR ADMISSION NO. 73.:**

Admit that KIRKLAND did not check on the status of his investments in EPD.

**REQUEST FOR ADMISSION NO. 74.:**

Admit that KIRKLAND did not check on the status of his loans to EPD.

**REQUEST FOR ADMISSION NO. 75.:**

Admit that KIRKLAND did not check on the collectability of his investments in EPD.

**REQUEST FOR ADMISSION NO. 76.:**

Admit that KIRKLAND did not check on the collectability of his loans to EPD.

**REQUEST FOR ADMISSION NO. 77.:**

Admit that KIRKLAND makes all decisions REGARDING the BC TRUST.

**REQUEST FOR ADMISSION NO. 78.:**

Admit that KIRKLAND has made all decisions REGARDING the BC TRUST since its formation.

**REQUEST FOR ADMISSION NO. 79.:**

Admit that KIRKLAND makes all litigation decisions REGARDING the BC TRUST.

**REQUEST FOR ADMISSION NO. 80.:**

Admit that KIRKLAND has made all litigation decisions REGARDING the BC TRUST since its formation.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 81.:**

Admit that YOU designated KIRKLAND as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination of KIRKLAND that took place on May 27, 2011 in the BANKRUPTCY CASE.

**REQUEST FOR ADMISSION NO. 82.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to any substantive issues.

**REQUEST FOR ADMISSION NO. 83.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 171.

**REQUEST FOR ADMISSION NO. 84.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 235.

**REQUEST FOR ADMISSION NO. 85.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 236.

**REQUEST FOR ADMISSION NO. 86.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 13.

**REQUEST FOR ADMISSION NO. 87.:**

Admit that KIRKLAND was an attorney for the DEBTORS between EPD's formation in 2003 and the PETITION DATE.

**REQUEST FOR ADMISSION NO. 88.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time of his investments in EPD.

**REQUEST FOR ADMISSION NO. 89.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time of his loans to EPD.

**REQUEST FOR ADMISSION NO. 90.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the PROOFS OF CLAIM were filed.

**REQUEST FOR ADMISSION NO. 91.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the ASSIGNMENT was signed.

**REQUEST FOR ADMISSION NO. 92.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the BANKRUPCTY CASE was filed.

**REQUEST FOR ADMISSION NO. 93.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2009.

**REQUEST FOR ADMISSION NO. 94.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2010.

**REQUEST FOR ADMISSION NO. 95.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2011.

**REQUEST FOR ADMISSION NO. 96.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2009.

**REQUEST FOR ADMISSION NO. 97.:**

Admit that KIRKLAND was general outside counsel for EPD during 2009.

**REQUEST FOR ADMISSION NO. 98.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2009.

**REQUEST FOR ADMISSION NO. 99.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2010.

**REQUEST FOR ADMISSION NO. 100.:**

Admit that KIRKLAND was general outside counsel for EPD during 2010.

**REQUEST FOR ADMISSION NO. 101.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2010.

**REQUEST FOR ADMISSION NO. 102.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2011.

**REQUEST FOR ADMISSION NO. 103.:**

Admit that KIRKLAND was general outside counsel for EPD during 2011.

**REQUEST FOR ADMISSION NO. 104.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2011.

**REQUEST FOR ADMISSION NO. 105.:**

Admit that KIRKLAND prepared EPD's statements and schedules filed in the BANKRUPTCY CASE.

**REQUEST FOR ADMISSION NO. 106.:**

Admit that the DEBTORS were insolvent at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 107.:**

Admit that the DEBTORS were insolvent at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 108.:**

Admit that the DEBTORS were insolvent at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 109.:**

Admit that the DEBTORS were insolvent at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 110.:**

Admit that the DEBTORS were insolvent at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 111.:**

Admit that the DEBTORS were insolvent at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 112.:**

Admit that the DEBTORS were insolvent at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 113.:**

Admit that the DEBTORS were insolvent at all points throughout 2010.

**REQUEST FOR ADMISSION NO. 114.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 115.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 116.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 117.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 118.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 119.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 120.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 121.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**REQUEST FOR ADMISSION NO. 122.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 123.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 124.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 125.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 126.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 127.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 128.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 129.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**REQUEST FOR ADMISSION NO. 130.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 131.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 132.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 133.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 134.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 135.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 136.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 137.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2010.

**REQUEST FOR ADMISSION NO. 138.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 139.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 140.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 141.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 142.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 143.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 144.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 145.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2010.

**REQUEST FOR ADMISSION NO. 146.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2003.

**REQUEST FOR ADMISSION NO. 147.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2004.

**REQUEST FOR ADMISSION NO. 148.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2005.

**REQUEST FOR ADMISSION NO. 149.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2006.

**REQUEST FOR ADMISSION NO. 150.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2007.

**REQUEST FOR ADMISSION NO. 151.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2008.

**REQUEST FOR ADMISSION NO. 152.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2009.

**REQUEST FOR ADMISSION NO. 153.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2010.

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 154.:**

Admit that at all points throughout 2003, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 155.:**

Admit that at all points throughout 2004, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 156.:**

Admit that at all points throughout 2005, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 157.:**

Admit that at all points throughout 2006, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 158.:**

Admit that at all points throughout 2007, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 159.:**

Admit that at all points throughout 2008, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 160.:**

Admit that at all points throughout 2009, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 161.:**

Admit that at all points throughout 2010, there were creditors of the DEBTORS holding unsecured claims.

**REQUEST FOR ADMISSION NO. 162.:**

Admit that at all points throughout 2003 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 163.:**

Admit that at all points throughout 2004 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 164.:**

Admit that at all points throughout 2005 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 165.:**

Admit that at all points throughout 2006 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 166.:**

Admit that at all points throughout 2007 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 167.:**

Admit that at all points throughout 2008 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 168.:**

Admit that at all points throughout 2009 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 169.:**

Admit that at all points throughout 2010 that the DEBTORS could not pay their debts as they matured.

**REQUEST FOR ADMISSION NO. 170.:**

Admit that in September 2009 YOU knew that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**REQUEST FOR ADMISSION NO. 171.:**

Admit that in September 2009 YOU believed that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**REQUEST FOR ADMISSION NO. 172.:**

Admit that in September 2009 KIRKLAND knew that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**REQUEST FOR ADMISSION NO. 173.:**

Admit that in September 2009 KIRKLAND believed that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**REQUEST FOR ADMISSION NO. 174.:**

Admit that that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**REQUEST FOR ADMISSION NO. 175.:**

Admit that EPD had stopped making payments to a majority of its creditors, at latest, in or about September 2009.

Dated: January 20, 2017

BRUTZKUS GUBNER

By: ______________________________
MICHAEL W. DAVIS
Special Litigation Counsel for Jason M. Rund,
Chapter 7 Trustee

# EXHIBIT A

B10 (Official Form 10) (04/10)

UNITED STATES BANKRUPTCY COURT Central District Of California

**PROOF OF CLAIM**

Name of Debtor: EPD Investment Co., LLC

Case Number: 2:10-62208-ER

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
BRIGHT CONSCIENCE

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
BRIGHT CONSCIENCE
754 SWARTHMORE AVENUE
PACIFIC PALISADES CA 90272-4355

FILED
DEC 12 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

Court Claim Number:__________
(If known)

Telephone number:

Filed on:__________

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 2,672,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: money
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 0710

3a. Debtor may have scheduled account as: __________
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Other
Describe: All assets

Value of Property: $__________ Annual Interest Rate 12 %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $__________ Basis for perfection: VCC-1

Amount of Secured Claim: $ 2,672,000 Amount Unsecured: $__________

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$__________

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Trustee has file

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 12/12/11

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature] Trustee

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

004939

75304004943029

# EXHIBIT B