resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1.:**

Admit that YOU are the sole trustee of the BC TRUST.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 2.:**

Admit that YOU have been the sole trustee of the BC TRUST since its formation.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that YOU are married to KIRKLAND.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that YOU were married to KIRKLAND at the time each of the PROOFS OF CLAIM were filed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that YOU were married to KIRKLAND at the time ASSIGNMENT was signed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that YOU were married to KIRKLAND at the time UCC-1 was filed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 7.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 131.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 235.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 9.:**

Admit that YOU did not have a claim for $2,672,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 236.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10.:**

Admit that YOU did not have a claim for $3,529,000 against the DEBTORS as YOU declare in PROOF OF CLAIM 13.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 11.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, and PROOF OF CLAIM 236 are duplicate claims.

**RESPONSE:**

Admit to the extent the term “duplicate” means the same claim form was filed three times. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 12.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, PROOF OF CLAIM 236

and PROOF OF CLAIM 13 are duplicate claims.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 13.:**

Admit that YOU did not deposit $2,055,466.23 with the DEBTORS as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 14.:**

Admit that YOU did not transfer $2,055,466.23 to the DEBTORS as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 15.:**

Admit that YOU did not deposit $400,000 in EPD on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 16.:**

Admit that YOU did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 17.:**

Admit that KIRKLAND did not deposit $400,000 in EPD on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 18.:**

Admit that KIRKLAND did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 19.:**

Admit that YOU did not deposit $150,000 in EPD on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 20.:**

Admit that YOU did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 21.:**

Admit that KIRKLAND did not deposit $150,000 in EPD on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 22.:**

Admit that KIRKLAND did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008 as YOU contend in YOUR initial disclosures.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 23.:**

Admit that $600,000 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008, as listed in YOUR initial disclosures, was not an investment or loan.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 24.:**

Admit that only $255,466.23 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008, as listed in YOUR initial disclosures, was to deposit into KIRKLAND's account at EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 25.:**

Admit that KIRKLAND did not loan the DEBTORS approximately two million dollars between 2007 and 2009, as YOU contend in the limited objection YOU filed on November 20, 2013 in the BANKRUPTCY CASE (Docket No. 806).

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 26.:**

Admit that KIRKLAND authorized the amendment to the UCC-1 filed in or about May

2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 27.:**

Admit that YOU authorized the amendment to the UCC-1 filed in or about May 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 28.:**

Admit that YOUR statement that KIRKLAND did not authorize the amendment to the UCC-1 filed in or about May 2010 is false.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 29.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 30.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 31.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 32.:**

Admit that KIRKLAND knew prior to his assignment of his alleged security interest in EPD's assets to the BC TRUST that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 33.:**

Admit that YOU knew prior to the filing of the UCC-1 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 34.:**

Admit that YOU knew prior to the filing of the UCC-1 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 35.:**

Admit that YOU knew prior to the filing of the UCC-1 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 36.:**

Admit that YOU knew prior to the filing of the UCC-1 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 37.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 38.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that PRESSMAN was

insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 39.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 40.:**

Admit that KIRKLAND knew prior to the filing of the UCC-1 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 41.:**

Admit that YOU never loaned funds to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 42.:**

Admit that YOU never invested funds with the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 43.:**

Admit that YOU never transferred any funds to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 44.:**

Admit that YOU never paid any monies to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 45.:**

Admit that POSHOW never loaned funds to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 46.:**

Admit that POSHOW never invested funds with the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 47.:**

Admit that POSHOW never transferred any funds to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 48.:**

Admit that POSHOW never paid any monies to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION No. 49.:**

Admit that KIRKLAND did not conduct any due diligence REGARDING EPD prior to making investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 50.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 51.:**

Admit that KIRKLAND did not conduct any due diligence REGARDING EPD prior to making loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 52.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 53.:**

Admit that KIRKLAND did not receive a private placement memoranda REGARDING his investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 54.:**

Admit that YOU did not receive a private placement memoranda REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 55.:**

Admit that KIRKLAND did not receive a private placement memoranda REGARDING his loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 56.:**

Admit that YOU did not receive a private placement memoranda REGARDING loans to

EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 57.:**

Admit that KIRKLAND did not receive an offering circular REGARDING his investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 58.:**

Admit that YOU did not receive an offering circular REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 59.:**

Admit that KIRKLAND did not receive an offering circular REGARDING his loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 60.:**

Admit that YOU did not receive an offering circular REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 61.:**

Admit that KIRKLAND did not receive a prospectus REGARDING his investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 62.:**

Admit that YOU did not receive a prospectus REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 63.:**

Admit that KIRKLAND did not receive a prospectus REGARDING his loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 64.:**

Admit that YOU did not receive a prospectus REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 65.:**

Admit that KIRKLAND did not receive offering materials of any kind REGARDING his investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 66.:**

Admit that YOU did not receive offering materials of any kind REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 67.:**

Admit that KIRKLAND did not receive offering materials of any kind REGARDING his loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 68.:**

Admit that YOU did not receive offering materials of any kind REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 69.:**

Admit that KIRKLAND did not receive regular account statements REGARDING his investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 70.:**

Admit that YOU did not receive regular account statements REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 71.:**

Admit that KIRKLAND did not receive regular account statements REGARDING his loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 72.:**

Admit that YOU did not receive regular account statements REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 73.:**

Admit that KIRKLAND did not check on the status of his investments in EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 74.:**

Admit that KIRKLAND did not check on the status of his loans to EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 75.:**

Admit that KIRKLAND did not check on the collectability of his investments in EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied based on the objection.

**REQUEST FOR ADMISSION NO. 76.:**

Admit that KIRKLAND did not check on the collectability of his loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied based on the objection.

**REQUEST FOR ADMISSION NO. 77.:**

Admit that KIRKLAND makes all decisions REGARDING the BC TRUST.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 78.:**

Admit that KIRKLAND has made all decisions REGARDING the BC TRUST since its formation.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 79.:**

Admit that KIRKLAND makes all litigation decisions REGARDING the BC TRUST.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 80.:**

Admit that KIRKLAND has made all litigation decisions REGARDING the BC TRUST since its formation.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 81.:**

Admit that YOU designated KIRKLAND as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination of KIRKLAND that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:**

The Defendant has made a good faith investigation of all sources available to her and responds that she is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 82.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to any substantive issues.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, KIRKLAND maybe most qualified as to some issues, but denied that Kirkland is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 83.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 171.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, KIRKLAND maybe most qualified as to some issues, but denied that Kirkland is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 84.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 235.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, KIRKLAND maybe most qualified as to some issues, but denied that Kirkland is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 85.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 236.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, KIRKLAND maybe most qualified as to some issues, but denied that Kirkland is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 86.:**

Admit that KIRKLAND is the person most qualified to testify on behalf of the BC TRUST as to PROOF OF CLAIM 13.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, KIRKLAND maybe most qualified as to some issues, but denied that Kirkland is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 87.:**

Admit that KIRKLAND was an attorney for the DEBTORS between EPD's formation in 2003 and the PETITION DATE.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 88.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time of his investments in EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 89.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time of his loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 90.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the PROOFS OF CLAIM were filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 91.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the ASSIGNMENT was signed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 92.:**

Admit that KIRKLAND was an attorney for the DEBTORS at the time the BANKRUPCTY CASE was filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is admitted as to EPD and denied as to Pressman.

**REQUEST FOR ADMISSION NO. 93.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2009.

**RESPONSE:**

Admit for period after February 13, 2009. Otherwise denied for prior period.

**REQUEST FOR ADMISSION NO. 94.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2010.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 95.:**

Admit that KIRKLAND was a partner at Luce, Forward, Hamilton &Scripps LLP during 2011.

**RESPONSE:**

Admit up to February 1, 2011, denied thereafter.

**REQUEST FOR ADMISSION NO. 96.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 97.:**

Admit that KIRKLAND was general outside counsel for EPD during 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 98.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 99.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 100.:**

Admit that KIRKLAND was general outside counsel for EPD during 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 101.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 102.:**

Admit that KIRKLAND was an attorney for the DEBTORS during 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 103.:**

Admit that KIRKLAND was general outside counsel for EPD during 2011.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 104.:**

Admit that Luce, Forward, Hamilton &Scripps LLP was general outside counsel for EPD during 2011.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 105.:**

Admit that KIRKLAND prepared EPD's statements and schedules filed in the BANKRUPTCY CASE.

**RESPONSE:**

Admit KIRKLAND participated in reviewing, otherwise denied.

**REQUEST FOR ADMISSION NO. 106.:**

Admit that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 107.:**

Admit that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 108.:**

Admit that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 109.:**

Admit that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 110.:**

Admit that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 111.:**

Admit that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 112.:**

Admit that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 113.:**

Admit that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 114.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 115.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 116.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 117.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 118.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 119.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 120.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 121.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 122.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 123.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 124.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 125.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 126.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 127.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 128.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 129.:**

Admit that KIRKLAND had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 130.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2003.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 131.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2004.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 132.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2005.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 133.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2006.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 134.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2007.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 135.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2008.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 136.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 137.:**

Admit that the DEBTORS were engaged in business transactions with unreasonably small capital at all points throughout 2010.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 138.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2003.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 139.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2004.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 140.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2005.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 141.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2006.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 142.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2007.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 143.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2008.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 144.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 145.:**

Admit that the DEBTORS' liabilities exceeded their assets at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 146.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 147.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 148.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 149.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 150.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 151.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 152.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 153.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 154.:**

Admit that at all points throughout 2003, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 155.:**

Admit that at all points throughout 2004, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 156.:**

Admit that at all points throughout 2005, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 157.:**

Admit that at all points throughout 2006, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 158.:**

Admit that at all points throughout 2007, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 159.:**

Admit that at all points throughout 2008, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 160.:**

Admit that at all points throughout 2009, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 161.:**

Admit that at all points throughout 2010, there were creditors of the DEBTORS holding unsecured claims.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 162.:**

Admit that at all points throughout 2003 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 163.:**

Admit that at all points throughout 2004 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 164.:**

Admit that at all points throughout 2005 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 165.:**

Admit that at all points throughout 2006 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 166.:**

Admit that at all points throughout 2007 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 167.:**

Admit that at all points throughout 2008 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 168.:**

Admit that at all points throughout 2009 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 169.:**

Admit that at all points throughout 2010 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 170.:**

Admit that in September 2009 YOU knew that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 171.:**

Admit that in September 2009 YOU believed that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 172.:**

Admit that in September 2009 KIRKLAND knew that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 173.:**

Admit that in September 2009 KIRKLAND believed that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 174.:**

Admit that that the recordation and filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 175.:**

Admit that EPD had stopped making payments to a majority of its creditors, at latest, in or about September 2009.

**RESPONSE:**

Denied.

DATED: February 25, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

# VERIFICATION

I have read the foregoing RESPONSES TO REQUESTS FOR ADMISSIONS (set #1), and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 25, 2017.

Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): ______
Poshow Ann Kirkland, Trustee, Responses to Requests for Production of Documents (set # 1)
Poshow Ann Kirkland, Trustee, Responses to Requests for Admissions (set # 1)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 02/25/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael Davis, Associate Brutzkus Gubner Rozansky Seror Weber LLP 21650 Oxnard St., Suite 500 Woodland Hills, California, 91367

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/25/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT 7

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD Investment Company, LLC and Jerrold S. Pressman,<br><br>Debtors. | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-02424-ER |
| Jason M. Rund, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>John C. Kirkland, an individual and Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009,<br><br>Defendants. | **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>**PROPOUNDING PARTY:**<br>Jason M. Rund, Chapter 7 Trustee<br><br>**RESPONDING PARTY:**<br>Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009<br><br>**SET NO.:** One (as corrected) |

## I.

## PRELIMINARY STATEMENT

The following responses to the requests are based upon the information and documents presently known and available to Defendant Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009 ("Defendant"). The responses are provided without prejudice to Defendant's right to modify the responses and/or to introduce as bearing upon the issues in this case other documents which Defendant may discover, or upon which Defendant may come to rely, at the time of trial.

Defendant's responses herein represent a diligent and good faith effort to comply with Plaintiff's requests. Accordingly, Defendant reserves the right, at trial or during other proceedings in this action, to rely on documents, evidence and other matters in addition to the information produced in response to the Requests, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not been located despite diligent good faith efforts.

Defendant's production of any particular document is not an admission or acknowledgment that such document is relevant to the subject matter of this action. Further, such response is without prejudice to and not a waiver of (a) Defendant's right to contend at trial or at any other proceeding in the action that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Defendant to any future use of such document that Plaintiffs may attempt to make.

## II.

## OBJECTION DEFINITIONS

### A. Ambiguous and Uncertain Objection

"Ambiguous and Uncertain Objection" refers to any request that fails to specify the requested information with reasonable particularity or is phrased in language that is so vague, ambiguous, and uncertain, given the context in which the words appear together with the choice of words used, that Defendant is unable to ascertain specifically what information Plaintiffs are seeking.

**B. Attorney-Client and Spousal Privilege Objection**

"Attorney-Client and Spousal Privilege Objection" refers to information which is protected from disclosure by the Attorney-Client or Spousal Communication Privilege. Where a category of the requests seeks information which is protected by the Attorney-Client Privilege or Spousal Communication Privilege as well as information which is not protected by the Attorney-Client Privilege or Spousal Communication Privilege, Defendant will assert the Attorney-Client Privilege Objection or Spousal Communication Privilege and provide only that information which is not protected from disclosure. If Defendant inadvertently responds with information that embodies any material protected by the Attorney-Client Privilege or Spousal Communication Privilege, such response is not intended to and shall not operate as a waiver of this objection.

**C. Attorney Work-Product Objection**

"Attorney Work-Product Objection" refers to information which is protected from disclosure by the Attorney Work-Product Doctrine. Where a category of the requests seeks information which is protected by the Attorney Work-Product Doctrine as well as information which is not protected by the Attorney Work-Product Doctrine, Defendant will assert the Attorney Work-Product Objection and provide only that information which is not protected from disclosure. If Defendant inadvertently responds with information that embodies any material protected by the Attorney Work-Product Privilege, such response is not intended to and shall not operate as a waiver of this objection.

**D. Burden and Oppression Objection**

"Burden and Oppression Objection" refers to any request that (i) improperly seeks to compel Defendant to conduct an exhaustive search of an inordinate number of documents to discover whether Defendant possesses or controls various documents vaguely described in the requests, (ii) seeks the production of certain documents which are equally available to Plaintiffs and/or which Plaintiffs already have in their possession, custody or control, including but not limited to documents identified as in Plaintiff's possession pursuant to Plaintiff's Initial Disclosure attached hereto as Exhibit 1, or (iii) are cumulative and duplicative of other document requests in this case.

**E. Confidentiality Objection**

"Confidentiality Objection" refers to any request that seeks to obtain documents that contain Defendant's or any third party's confidential, private, trade secret, or proprietary information.

**F. Overbreadth Objection**

"Overbreadth Objection" refers to any request that is so broadly drawn that although it may include some relevant information within its scope, it includes much more information which is irrelevant and immaterial to the within action.

**G. Relevancy Objection**

"Relevancy Objection" refers to any request that seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, or, if relevant, so remotely relevant as to make its production of little or no practical benefit to Plaintiffs while placing an unwarranted burden and expense on Defendant in locating and providing such information within the applicable time frame.

**H. Proportionality Objection**

"Proportionality Objection" refers to any request that is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## III.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1.:**

All DOCUMENTS required to be listed in the BC TRUST's initial disclosures.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 2.:**

All DOCUMENTS and COMMUNICATIONS REGARDING PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 3.:**

All DOCUMENTS and COMMUNICATIONS that support PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 4.:**

All DOCUMENTS and COMMUNICATIONS evidencing the amount claimed by the BC TRUST as set forth in PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 5.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 171 are entitled to priority treatment in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 6.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 171 are secured by the DEBTORS' assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 7.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that the BC TRUST has perfected its security interests in the DEBTORS' assets REGARDING the amounts claimed in PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 8.:**

All DOCUMENTS and COMMUNICATIONS that the BC TRUST relied upon when preparing PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 9.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who prepared PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 10.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who filed PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 11.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and KIRKLAND REGARDING PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no documents will be produced other than documents KIRKLAND gave to BC TRUST about the loans, which are being produced in response to other categories.

**REQUEST FOR PRODUCTION NO. 12.:**

All DOCUMENTS and COMMUNICATIONS between POSHOW and KIRKLAND REGARDING PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no documents will be produced other than documents KIRKLAND gave to BC TRUST about the loans, which are being produced in response to other categories.

**REQUEST FOR PRODUCTION NO. 13.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and POSHOW REGARDING PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is unintelligible. POSHOW is the sole trustee of the BC TRUST since inception, so the request calls for communications between the same person.

**REQUEST FOR PRODUCTION NO. 14.:**

All DOCUMENTS and COMMUNICATIONS REGARDING PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 15.:**

All DOCUMENTS and COMMUNICATIONS that support PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 16.:**

All DOCUMENTS and COMMUNICATIONS evidencing the amount claimed by the BC TRUST as set forth in PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 17.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 235 are entitled to priority treatment in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 18.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 235 are secured the DEBTORS' assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 19.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that the BC TRUST has perfected its security interests in the DEBTORS' assets REGARDING any amounts claimed in PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 20.:**

All DOCUMENTS and COMMUNICATIONS that the BC TRUST relied upon when preparing PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 21.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who prepared PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 22.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who filed PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 23.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and KIRKLAND REGARDING PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no documents will be produced other than documents KIRKLAND gave to BC TRUST about the loans, which are being produced in response to other categories.

**REQUEST FOR PRODUCTION NO. 24.:**

All DOCUMENTS and COMMUNICATIONS between POSHOW and KIRKLAND REGARDING PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no documents will be produced other than documents KIRKLAND gave to BC TRUST about the loans, which are being produced in response to other categories.

**REQUEST FOR PRODUCTION NO. 25.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and POSHOW REGARDING PROOF OF CLAIM 235.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is unintelligible. POSHOW is the sole trustee of the BC TRUST since inception, so the request calls for communications between the same person.

**REQUEST FOR PRODUCTION NO. 26.:**

All DOCUMENTS and COMMUNICATIONS REGARDING PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 27.:**

All DOCUMENTS and COMMUNICATIONS that support PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 28.:**

All DOCUMENTS and COMMUNICATIONS evidencing the amount claimed by the BC TRUST as set forth in PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 29.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 236 are entitled to priority treatment in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 30.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 236 are secured by the DEBTORS' assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 31.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that the BC TRUST has perfected its security interests in the DEBTORS' assets REGARDING any amounts claimed in PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**<u>REQUEST FOR PRODUCTION NO. 32.:</u>**

All DOCUMENTS and COMMUNICATIONS that the BC TRUST relied upon when preparing PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**<u>REQUEST FOR PRODUCTION NO. 33.:</u>**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who prepared PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**<u>REQUEST FOR PRODUCTION NO. 34.:</u>**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who filed PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**<u>REQUEST FOR PRODUCTION NO. 35.:</u>**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and KIRKLAND REGARDING PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 36.:**

All DOCUMENTS and COMMUNICATIONS between POSHOW and KIRKLAND REGARDING PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 37.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and POSHOW REGARDING PROOF OF CLAIM 236.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 38.:**

All DOCUMENTS and COMMUNICATIONS REGARDING PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 39.:**

All DOCUMENTS and COMMUNICATIONS that support PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 40.:**

All DOCUMENTS and COMMUNICATIONS evidencing the amount claimed by the BC TRUST as set forth in PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 41.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 13-1 are entitled to priority treatment in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 42.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 13-1 are secured by the DEBTORS' assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 43.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that the BC TRUST has perfected its security interests in the DEBTORS' assets REGARDING any amounts claimed in PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 44.:**

All DOCUMENTS and COMMUNICATIONS that the BC TRUST relied upon when preparing PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 45.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who prepared PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 46.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who filed PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 47.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and KIRKLAND REGARDING PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 48.:**

All DOCUMENTS and COMMUNICATIONS between POSHOW and KIRKLAND REGARDING PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 49.:**

All DOCUMENTS and COMMUNICATIONS between the BC TRUST and POSHOW REGARDING PROOF OF CLAIM 13-1.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 50.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING that certain Secured Promissory Note, Continuing Guaranty, and Security Interest Agreement dated as of November 8, 2007 by and among John C. Kirkland, EPD Investment Co., LLC, and Jerrold S. Pressman.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 51.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING that certain Notice of Assignment dated September 10, 2009 by and between John C. Kirkland, Jerrold S. Pressman, and EPD Investment Co., LLC.