Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 201.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's insolvency prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 202.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING either the DEBTORS' financial statements between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 203.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of the DEBTORS' financial status between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 204.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of either of the DEBTORS' inability to pay debts as they became due between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no such Documents exist for production.

**REQUEST FOR PRODUCTION NO. 205.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of any fraudulent activity by either of the DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no such Documents exist for production.

**REQUEST FOR PRODUCTION NO. 206.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of the DEBTORS' operations between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 207.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge that EPD operated as a ponzi scheme between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no such Documents exist for production.

**REQUEST FOR PRODUCTION NO. 208.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of EPD's use of funds from later investors to pay earlier investors between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 209.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge of the DEBTORS' financial status between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 210.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge of either of the DEBTORS' inability to pay debts as they became due between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 211.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge of any fraudulent activity by either of the DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 212.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge of the DEBTORS' operations between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 213.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge that EPD operated as a ponzi scheme between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 214.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING POSHOW's knowledge of EPD's use of funds from later investors to pay earlier investors between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 215.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge of the DEBTORS' financial status between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 216.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge of either of the DEBTORS' inability to pay debts as they became due between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 217.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge of any fraudulent activity by either of the DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to

the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 218.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge of the DEBTORS' operations between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 219.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge that EPD operated as a ponzi scheme between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: the request is not reasonably calculated to lead to admissible evidence because POSHOW is not a party to the action. With objections reserved, no such documents exist for production.

**REQUEST FOR PRODUCTION NO. 220.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's knowledge of EPD's use of funds from later investors to pay earlier investors between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 221.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's assets prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 222.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's liabilities prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 223.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's lenders prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 224.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's creditors prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 225.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's insolvency prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 226.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's investors during the RELEVANT PERIOD. **RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 227.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 228.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request

calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 229.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD. **RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 230.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 231.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 232.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 233.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to

the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 234.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 235.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 236.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 237.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 238.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to

the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 239.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 240.:**

All DOCUMENTS or COMMUNICATIONS that the BC TRUST received from any person or entity REGARDING the IRS and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 241.:**

All DOCUMENTS or COMMUNICATIONS that the BC TRUST received from any person or entity REGARDING the FTB and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 242.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the IRS REGARDING KIRKLAND during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 243.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 244.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 245.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING KIRKLAND during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 246.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 247.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 248.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the IRS REGARDING KIRKLAND during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to

the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 249.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the IRS REGARDING KIRKLAND during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: further objection to the extent request calls for documents relating to any tax returns of anyone other than the debtor, confidential financial information, right of privacy, trust privilege, tax return privilege. No Documents will be produced concerning tax returns for other than Debtors. Without waiving objections, no documents exist for production other than the foregoing tax returns.

**REQUEST FOR PRODUCTION NO. 250.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge that EPD was making payments to its investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 251.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's knowledge of the source of the funds that EPD was using to make payments to its investors between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 252.:**

Any and all DOCUMENTS or COMMUNICATIONS that EPD sent to its investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 253.:**

Any and all DOCUMENTS or COMMUNICATIONS that PRESSMAN sent to his investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 254.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any promissory notes or demand notes issued by PRESSMAN between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 255.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any promissory notes or demand notes issued by EPD between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 256.:**

All audited financial statements REGARDING either of DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 257.:**

All unaudited financial statements REGARDING either of the DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 258.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any UCC-1 financing statements REGARDING EPD during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 259.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any UCC-1 financing statements REGARDING PRESSMAN during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 260.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the BC TRUST's interests in EPD between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 261.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING KIRKLAND's interests in EPD between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 262.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any assignment of KIRKLAND's interests in EPD to any person or entity during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 263.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING HMB Holdings, LLC.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no such Documents exist for production.

**REQUEST FOR PRODUCTION NO. 264.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING HMB Holdings, LLC's Limited Liability Company Certificate of Formation filed with the Delaware Secretary of State, Division of Corporations on September 14, 2009.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 265.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING that certain UCC-1 financing statement filed by HMB Holdings, LLC, on or about September 15, 2009 as to all assets of EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 266.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any proof of claim filed by the BC TRUST in the DEBTORS' BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 267.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any proof of claim filed by HMB Holdings, LLC in the DEBTORS' BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: no such Documents exist for production.

DATED: February 25, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

# VERIFICATION

I have read the foregoing RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (corrected set #1), and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 25, 2017.

Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): ______
Poshow Ann Kirkland, Trustee, Responses to Requests for Production of Documents (set # 1)
Poshow Ann Kirkland, Trustee, Responses to Requests for Admissions (set # 1)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) 02/25/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael Davis, Associate Brutzkus Gubner Rozansky Seror Weber LLP 21650 Oxnard St., Suite 500 Woodland Hills, California, 91367

☐ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/25/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 8

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors.<br><br>EIN No. xxx-0994<br><br>JASON M. RUND, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, individually and as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,<br><br>Defendants. | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-02424-ER<br><br>**RESPONSES TO REQUESTS FOR ADMISSIONS**<br><br>**PROPOUNDING PARTY:**<br>Jason M. Rund, Chapter 7 Trustee<br><br>**RESPONDING PARTY:**<br>John C. Kirkland<br><br>**SET NO.:** One |

## PRELIMINARY STATEMENT

The Responding Party's responses to the Propounding Party's Requests for Admission are made solely for the purpose of and with respect to the above-referenced adversary proceeding. These responses shall not constitute a waiver of any objections which may be asserted during the course of this adversary proceeding, litigation and/or trial with respect to the competency, relevancy, materiality, propriety and admissibility of any document or any evidence. Responses to these Requests for Admissions are being made after reasonable search and investigation by the Responding Party. However, investigation and discovery are continuing and, in the course thereof, the Responding Party may discover further information. Upon discovery of further information, the Responding Party will supplement its response. The Responding Party therefore reserves the right to rely on or use such information so discovered through future discovery or at trial.

## GENERAL OBJECTIONS TO EACH AND EVERY REQUEST FOR ADMISSION

1. The Responding Party objects to each and every request for admission to the extent that it is overbroad, burdensome, oppressive, irrelevant, not calculated to lead to the discovery of admissible evidence, an invasion of the Responding Party's attorney-client privilege and attorney work product privilege, and/or other improper requests to disclose privileged or confidential information.

2. The Responding Party further objects to each and every request for admission to the extent that the burden of producing the information requested outweighs its apparent value to the matters and issues before this Court.

3. The Responding Party further objects to each and every request for admission which requests public information that is readily available to the Propounding Party, such as public court records.

4. The Responding Party further objects to each and every request for admission as not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## RESPONSES TO REQUESTS FOR ADMISSIONS

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.:**

Admit that POSHOW is the sole trustee of the BC TRUST.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 2.:**

Admit that POSHOW has been the sole trustee of the BC TRUST since its formation.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that YOU are married to POSHOW.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that YOU were married to POSHOW at the time each of the PROOFS OF CLAIM were filed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that YOU were married to POSHOW at the time ASSIGNMENT was signed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that YOU were married to POSHOW at the time UCC-1 was filed.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 7.:**

Admit that YOU make all decisions REGARDING the BC TRUST.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that YOU have made all decisions REGARDING the BC TRUST since its formation.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 9.:**

Admit that YOU make all litigation decisions REGARDING the BC TRUST.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10.:**

Admit that YOU have made all litigation decisions REGARDING the BC TRUST since its formation.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 11.:**

Admit that the BC TRUST does not have a claim for $2,672,000 against the DEBTORS as the BC TRUST declared in PROOF OF CLAIM 131.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 12.:**

Admit that the BC TRUST does not have a claim for $2,672,000 against the DEBTORS as the BC TRUST declared in PROOF OF CLAIM 235.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 13.:**

Admit that the BC TRUST does not have a claim for $2,672,000 against the DEBTORS as the BC TRUST declared in PROOF OF CLAIM 236.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 14.:**

Admit that BC TRUST does not have a claim for $3,529,000 against the DEBTORS as the BC TRUST declared in PROOF OF CLAIM 13.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 15.:**

Admit that the amounts listed in the PROOFS OF CLAIM are for investments rather than for loans that require repayment.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 16.:**

Admit that YOU prepared letters to the FTB on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 17.:**

Admit that YOU sent letters to the FTB on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based

on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 18.:**

Admit that YOU prepared letters to the IRS on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 19.:**

Admit that YOU sent letters to the IRS on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 20.:**

Admit that YOU prepared letters to the FTB on PRESSMAN's behalf in 2005 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 21.:**

Admit that YOU sent letters to the FTB on PRESSMAN's behalf in 2005 while YOU were

an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 22.:**

Admit that YOU prepared letters to the IRS on PRESSMAN's behalf in 2005 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 23.:**

Admit that YOU sent letters to the IRS on PRESSMAN's behalf in 2005 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 24.:**

Admit that in 2004, PRESSMAN was 69 years old.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based

on information and belief, Responding Party admits that for a portion of the year Pressman was that age.

**REQUEST FOR ADMISSION NO. 25.:**

Admit that in 2004, PRESSMAN's only income was from social security.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 26.:**

Admit that in 2004, PRESSMAN had incurred more than $10 million in business losses over the previous five years.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION No. 27.:**

Admit that in 2004, PRESSMAN's total debt exceeded $48 million.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 28.:**

Admit that in 2004, all of PRESSMAN's real property was mortgaged.

**RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 29.:**

Admit that in 2004, all of PRESSMAN's non-real property assets were subject to security interests substantially in excess of their market value.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 30.:**

Admit that in 2005, PRESSMAN was 70 years old.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that for a portion of the year Pressman was that age.

**REQUEST FOR ADMISSION NO. 31.:**

Admit that in 2005, PRESSMAN was deeply in debt.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32.:**

Admit that in 2005, PRESSMAN had virtually no current income.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 33.:**

Admit that in 2005, PRESSMAN had virtually no unencumbered assets.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 34.:**

Admit that in 2005, PRESSMAN's total debt exceeded $48 million.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 35.:**

Admit that in 2005, EPD's total debt exceeded $47 million.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 36.:**

Admit that in 2005, there were over $36 million in promissory notes due by EPD to third parties.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 37.:**

Admit that in 2005, EPD estimated a $3.4 million loss for 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 38.:**

Admit that in 2005, EPD required at least $4.5 million in new loans, investments or income just to break even based on interest and principal payments due.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 39.:**

Admit that in 2004, PRESSMAN refinanced his home twice to prevent default on obligations due by the DEBTORS.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 40.:**

Admit that in 2005, PRESSMAN had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 41.:**

Admit that in 2005, EPD had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 42.:**

Admit that PRESSMAN did not increase his net worth between 2005 and 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 43.:**

Admit that EPD did not increase its net worth between 2005 and 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 44.:**

Admit that in 2010, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 45.:**

Admit that in 2009, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 46.:**

Admit that in 2008, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 47.:**

Admit that in 2007, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 48.:**

Admit that in 2006, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 49.:**

Admit that in 2005, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 50.:**

Admit that in 2004, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 51.:**

Admit that in 2010, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 52.:**

Admit that in 2009, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 53.:**

Admit that in 2008, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 54.:**

Admit that in 2007, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 55.:**

Admit that in 2006, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 56.:**

Admit that in 2005, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 57.:**

Admit that in 2004, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 58.:**

Admit that in 2003, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 59.:**

Admit that in 2010, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 60.:**

Admit that in 2010, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 61.:**

Admit that in 2009, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 62.:**

Admit that in 2008, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 63.:**

Admit that in 2007, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 64.:**

Admit that in 2006, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 65.:**

Admit that in 2005, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny

**REQUEST FOR ADMISSION NO. 66.:**

Admit that in 2004, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 67.:**

Admit that in 2003, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 68.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 69.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 70.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2008.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny,

and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 71.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2007.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 72.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2006.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 73.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 74.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny

**REQUEST FOR ADMISSION NO. 75.:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2003.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 76.:**

Admit that EPD had negative cash flow during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 77.:**

Admit that EPD had negative cash flow during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny,

and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 78.:**

Admit that EPD had negative cash flow during 2008.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 79.:**

Admit that EPD had negative cash flow during 2007.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 80.:**

Admit that EPD had negative cash flow during 2006.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 81.:**

Admit that EPD had negative cash flow during 2005.