**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 82.:**

Admit that EPD had negative cash flow during 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 83.:**

Admit that EPD had negative cash flow during 2003.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 84.:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 85.:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 86.:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 87.:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 88.:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 89.:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 90.:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU prepared to send to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 91.:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 92.:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 93.:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 94.:**

Admit that the document attached hereto as **Exhibit L** is a true and correct copy of a letter Grace Chung prepared to send to STRETTO, care of PRESSMAN, on or about January 30, 2004.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 95.:**

Admit that Grace Chung prepared the document attached hereto as **Exhibit L** at YOUR direction.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 96.:**

Admit that the document attached hereto as **Exhibit L** is a true and correct copy of a letter Grace Chung sent to STRETTO, care of PRESSMAN, on or about January 30, 2004.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 97.:**

Admit that the YOU directed Grace Chung to send the document attached hereto as **Exhibit L** to STRETTO, care of PRESSMAN, on or about January 30, 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 98.:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU prepared to send to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or

about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 99.:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 100.:**

Admit that the document attached hereto as **Exhibit N** is a true and correct copy of a letter G. Michelle Ferreira sent to the California Franchise Tax Board, care of Diana Perrin, on or about February 17, 2006.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 101.:**

Admit that the document attached hereto as **Exhibit N** is a true and correct copy of a letter G. Michelle Ferreira prepared to send to the California Franchise Tax Board, care of Diana Perrin, on or about February 17, 2006.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 102.:**

Admit that G. Michelle Ferreira prepared the document attached hereto as **Exhibit N** at

YOUR direction.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 103.:**

Admit that YOU directed G. Michelle Ferreira to send the document attached hereto as **Exhibit N** to the California Franchise Tax Board, care of Diana Perrin, on or about February 17, 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 104.:**

Admit that the document attached hereto as **Exhibit O** is a true and correct copy of a letter G. Michelle Ferreira prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner on or about April 6, 2006.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 105.:**

Admit that the document attached hereto as **Exhibit O** is a true and correct copy of a letter G. Michelle Ferreira sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner on or about April 6, 2006.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 106.:**

Admit that G. Michelle Ferreira prepared the document attached hereto as **Exhibit O** at YOUR direction.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 107.:**

Admit that YOU directed G. Michelle Ferreira to send the document attached hereto as

**Exhibit O** to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner on or about April 6, 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 108.:**

Admit that the document attached hereto as **Exhibit P** and is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 109.:**

Admit that the document attached hereto as **Exhibit P** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 110.:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request

for admission is denied.

**REQUEST FOR ADMISSION NO. 111.:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 112.:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 113.:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 114.:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 115.:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 116.:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 117.:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 118.:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 119.:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 120.:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this

objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 121.:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 122.:**

Admit that YOU knew in July 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 123.:**

Admit that YOU knew in July 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 124.:**

Admit that YOU knew in August 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 125.:**

Admit that YOU knew in August 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 126.:**

Admit that YOU knew in September 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 127.:**

Admit that YOU knew in September 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 128.:**

Admit that YOU had reason to know in July 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 129.:**

Admit that YOU had reason to know in July 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 130.:**

Admit that YOU had reason to know in August 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 131.:**

Admit that YOU had reason to know in August 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 132.:**

Admit that YOU had reason to know in September 2009 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 133.:**

Admit that YOU had reason to know in September 2009 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 134.:**

Admit that YOU knew in July 2009 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 135.:**

Admit that YOU knew in July 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 136.:**

Admit that YOU knew in August 2009 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 137.:**

Admit that YOU knew in August 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 138.:**

Admit that YOU knew in September 2009 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 139.:**

Admit that YOU knew in September 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 140.:**

Admit that YOU had reason to know in July 2009 that EPD was unable to pay debts as they became due

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 141.:**

Admit that YOU had reason to know in July 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 142.:**

Admit that YOU had reason to know in August 2009 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 143.:**

Admit that YOU had reason to know in August 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 144.:**

Admit that YOU had reason to know in September 2009 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 145.:**

Admit that YOU had reason to know in September 2009 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 146.:**

Admit that YOU knew at the time of YOUR assignment of YOUR alleged security interest in EPD's assets to the BC TRUST that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 147.:**

Admit that YOU knew at the time of YOUR assignment of YOUR alleged security interest in the DEBTORS' assets to the BC TRUST that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 148.:**

Admit that YOU knew at the time of YOUR assignment of YOUR alleged security interest in DEBTORS' assets to the BC TRUST that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 149.:**

Admit that YOU knew at the time of YOUR assignment of YOUR alleged security interest in DEBTORS' assets to the BC TRUST that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 150.:**

Admit that POSHOW knew at the time of the filing of the UCC-1 that EPD was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 151.:**

Admit that POSHOW knew at the time of the filing of the UCC-1 that PRESSMAN was insolvent.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 152.:**

Admit that POSHOW knew at the time of the filing of the UCC-1 that EPD was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 153.:**

Admit that POSHOW knew at the time of the filing of the UCC-1 that PRESSMAN was unable to pay debts as they became due.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 154.:**

Admit that when YOU made investments with the DEBTORS, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 155.:**

Admit that when YOU made loans to the DEBTORS, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 156.:**

Admit that when the FUNDING AGREEMENT was signed, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 157.:**

Admit that when the FUNDING AGREEMENT was signed, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 158.:**

Admit that when the FUNDING AGREEMENT was signed, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the

State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 159.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 160.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 161.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 162.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 163.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 164.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 165.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the

State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 166.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 167.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 168.:**

Admit that at the time the UCC-1 was filed, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 169.:**

Admit that at the time the UCC-1 was filed, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 170.:**

Admit that at the time the UCC-1 was filed, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 171.:**

Admit that YOU are not a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 172.:**

Admit that YOU have never been a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 173.:**

Admit that the BC TRUST is not a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 174.:**

Admit that the BC TRUST has never been a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 175.:**

Admit that POSHOW is not a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 176.:**

Admit that POSHOW has never been a lender licensed by the State of California.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 177.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 178.:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 179.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or

disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 180.:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 181.:**

Admit that at the time the UCC-1 was filed, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 182.:**

Admit that at the time the BC TRUST filed the PROOFS OF CLAIM, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 183.:**

Admit that at the time the BC TRUST filed the PROOFS OF CLAIM, POSHOW knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or

disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 184.:**

Admit that a 12% interest rate is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 185.:**

Admit that YOU are not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 186.:**

Admit that POSHOW is not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 187.:**

Admit that the BC TRUST is not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 188.:**

Admit that the contractual 12% interest rate listed in YOUR initial disclosures is usurious in

the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 189.:**

Admit that the contractual default 24% interest rate listed in YOUR initial disclosures is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 190.:**

Admit that the contractual 12% interest rate listed in YOUR initial disclosures is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 191.:**

Admit that the contractual default 24% interest rate listed in YOUR initial disclosures is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 192.:**

Admit that the PROOFS OF CLAIM include interest.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 193.:**

Admit that the interest rate included in the PROOFS OF CLAIM is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 194.:**

Admit that the interest rate included in the PROOFS OF CLAIM is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**REQUEST FOR ADMISSION NO. 195.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, and PROOF OF CLAIM 236 are duplicate claims.

**RESPONSE:**

Admit to the extent the term "duplicate" means the same claim form was filed three times. Otherwise, denied.

**REQUEST FOR ADMISSION No. 196.:**

Admit that PROOF OF CLAIM 171, PROOF OF CLAIM 235, PROOF OF CLAIM 236 and PROOF OF CLAIM 13 are duplicate claims.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 197.:**

Admit that the BC TRUST did not deposit any amounts with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 198.:**

Admit that the BC TRUST did not transfer any amounts to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 199.:**

Admit that YOU did not deposit $2,055,466.23 with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 200.:**

Admit that YOU did not invest approximately two million dollars with the DEBTORS.

**RESPONSE:**

Objection; the term "invest" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 201.:**

Admit that YOU did not loan the DEBTORS approximately two million dollars.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 202.:**

Admit that YOU did not transfer approximately two million dollars to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 203.:**

Admit that YOU did not transfer $2,055,466.23 to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 204.:**

Admit that YOU did not deposit $400,000 in EPD on or about September 28, 2007.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 205.:**

Admit that YOU did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007.

**REQUEST FOR ADMISSION NO. 206.:**

Admit that YOU did not deposit $150,000 in EPD on or about March 27, 2008.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 207.:**

Admit that YOU did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 208.:**

Admit that at least $600,000 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008 was not an investment in EPD.

**RESPONSE:**

Objection; the term "investment" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 209.:**

Admit that at least $600,000 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008 was not a loan to EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 210.:**

Admit that YOU authorized the amendment to the UCC-1 filed in or about May 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 211.:**

Admit that POSHOW authorized the amendment to the UCC-1 filed in or about May 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 212.:**

Admit that the BC TRUST never loaned funds to the DEBTORS.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 213.:**

Admit that the BC TRUST never invested funds with the DEBTORS.

**RESPONSE:**

Objection; the term "invested" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 214.:**

Admit that the BC TRUST never transferred any funds to the DEBTORS.

**RESPONSE:**

Objection; the term "transferred" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 215.:**

Admit that the BC TRUST never paid any monies to the DEBTORS.

**RESPONSE:**

Objection; the term "paid any monies to" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 216.:**

Admit that POSHOW never loaned funds to the DEBTORS.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 217.:**

Admit that POSHOW never invested funds with the DEBTORS.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 218.:**

Admit that POSHOW never transferred any funds to the DEBTORS.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 219.:**

Admit that POSHOW never paid any monies to the DEBTORS.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 220.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 221.:**

Admit that YOU did not conduct any due diligence REGARDING EPD prior to making loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 222.:**

Admit that YOU did not receive offering materials of any kind REGARDING YOUR investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 223.:**

Admit that the BC TRUST did not receive offering materials of any kind REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 224.:**

Admit that YOU did not receive offering materials of any kind REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 225.:**

Admit that the BC TRUST did not receive offering materials of any kind REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 226.:**

Admit that YOU did not receive regular account statements REGARDING YOUR investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 227.:**

Admit that the BC TRUST did not receive regular account statements REGARDING investments in EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 228.:**

Admit that YOU did not receive regular account statements REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 229.:**

Admit that the BC TRUST did not receive regular account statements REGARDING loans to EPD.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 230.:**

Admit that YOU did not check on the status of YOUR investments in EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 231.:**

Admit that YOU did not check on the status of YOUR loans to EPD.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 232.:**

Admit that YOU did not check on the collectability of YOUR investments in EPD.

**REQUEST FOR ADMISSION NO. 233.:**

Admit that YOU did not check on the collectability of YOUR loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied based on the objection.

**REQUEST FOR ADMISSION NO. 234.:**

Admit that YOU testified at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**REQUEST FOR ADMISSION NO. 235.:**

Admit that the BC TRUST designated YOU as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 236.:**

Admit that POSHOW designated YOU as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:**

The Defendant has made a good faith investigation of all sources available to him and responds that he is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 237.:**

Admit that YOU are the person most qualified to testify on behalf of the BC TRUST as to any substantive issues.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Answering Party maybe most qualified as to some issues, but denied that he is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 238.:**

Admit that YOU are the person most qualified to testify on behalf of the BC TRUST as to the PROOFS OF CLAIM.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Answering Party maybe most qualified as to some issues, but denied that he is most qualified as to any possible issues.

**REQUEST FOR ADMISSION NO. 239.:**

Admit that YOU were an attorney for the DEBTORS between EPD's formation in 2003 and the PETITION DATE.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 240.:**

Admit that YOU were an attorney for the DEBTORS at the time of YOUR investments in EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 241.:**

Admit that YOU were an attorney for the DEBTORS at the time of YOUR loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 242.:**

Admit that YOU were an attorney for the DEBTORS at the time the PROOFS OF CLAIM were filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 243.:**

Admit that YOU were an attorney for the DEBTORS at the time the ASSIGNMENT was signed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 244.:**

Admit that YOU were an attorney for the DEBTORS at the time the UCC-1 was filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 245.:**

Admit that YOU were an attorney for the DEBTORS at the time the BANKRUPCTY CASE was filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is admitted as to EPD and denied as to Pressman.

**REQUEST FOR ADMISSION NO. 246.:**

Admit that YOU were a partner at Luce, Forward, Hamilton & Scripps LLP during 2009.

**RESPONSE:**

Admit for period after February 13, 2009. Otherwise denied for prior period.

**REQUEST FOR ADMISSION NO. 247.:**

Admit that YOU were a partner at Luce, Forward, Hamilton & Scripps LLP during 2010.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 248.:**

Admit that YOU were a partner at Luce, Forward, Hamilton & Scripps LLP during 2011.

**RESPONSE:**

Admit up to February 1, 2011, denied thereafter.

**REQUEST FOR ADMISSION NO. 249.:**

Admit that YOU were an attorney for the DEBTORS during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 250.:**

Admit that YOU were general outside counsel for EPD during 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 251.:**

Admit that Luce, Forward, Hamilton & Scripps LLP was general outside counsel for EPD during 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 252.:**

Admit that YOU were an attorney for the DEBTORS during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 253.:**

Admit that YOU were general outside counsel for EPD during 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 254.:**

Admit that Luce, Forward, Hamilton & Scripps LLP was general outside counsel for EPD during 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 255.:**

Admit that YOU were an attorney for the DEBTORS during 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 256.:**

Admit that YOU were general outside counsel for EPD during 2011.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 257.:**

Admit that Luce, Forward, Hamilton & Scripps LLP was general outside counsel for EPD during 2011.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 258.:**

Admit that YOU prepared EPD's statements and schedules filed in the BANKRUPTCY CASE.

**RESPONSE:**

Admit Answering Party participated in reviewing, otherwise denied.

**REQUEST FOR ADMISSION NO. 259.:**

Admit that YOU filed EPD's statements and schedules in the BANKRUPTCY CASE.

**RESPONSE:**

Admit Answering Party participated in reviewing, otherwise denied.

**REQUEST FOR ADMISSION NO. 260.:**

Admit that YOU represented the DEBTORS as their attorney in defending litigation brought by EPD investors during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements.

**REQUEST FOR ADMISSION NO. 261.:**

Admit that YOU represented the DEBTORS as their attorney in defending litigation brought by EPD investors during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements.

**REQUEST FOR ADMISSION NO. 262.:**

Admit that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 263.:**

Admit that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 264.:**

Admit that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 265.:**

Admit that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 266.:**

Admit that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 267.:**

Admit that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 268.:**

Admit that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 269.:**

Admit that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 270.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 271.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 272.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 273.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 274.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 275.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 276.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 277.:**

Admit that YOU had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 278.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 279.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 280.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 281.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 282.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 283.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 284.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 285.:**

Admit that POSHOW had reason to know that the DEBTORS were insolvent at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 286.:**

Admit that YOU know what a Ponzi scheme is.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 287.:**

Admit that YOU knew what a Ponzi scheme was at all points between 2003 and 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 288.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 289.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 290.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 291.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 292.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 293.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 294.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 295.:**

Admit that YOU had reason to know that EPD was operating as a Ponzi scheme at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 296.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2003.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 297.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2004.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 298.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2005.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 299.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2006.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 300.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2007.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 301.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2008.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 302.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2009.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 303.:**

Admit that EPD was operating as a Ponzi scheme at all points throughout 2010.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 304.:**

Admit that at all points throughout 2003 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 305.:**

Admit that at all points throughout 2004 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 306.:**

Admit that at all points throughout 2005 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 307.:**

Admit that at all points throughout 2006 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 308.:**

Admit that at all points throughout 2007 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 309.:**

Admit that at all points throughout 2008 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 310.:**

Admit that at all points throughout 2009 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 311.:**

Admit that at all points throughout 2010 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 312.:**

Admit that YOU had reason to know that at all points throughout 2004 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 313.:**

Admit that YOU had reason to know that at all points throughout 2005 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 314.:**

Admit that YOU had reason to know that at all points throughout 2006 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 315.:**

Admit that YOU had reason to know that at all points throughout 2007 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 316.:**

Admit that at all points throughout 2008 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 317.:**

Admit that YOU had reason to know that at all points throughout 2009 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 318.:**

Admit that YOU had reason to know that at all points throughout 2010 that the DEBTORS could not pay their debts as they matured.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 319.:**

Admit that in September 2009 YOU knew that the filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 320.:**

Admit that in September 2009 YOU believed that the filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 321.:**

Admit that in September 2009 POSHOW believed that the filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 322.:**

Admit that in September 2009 POSHOW knew that the filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 323.:**

Admit that that the filing of the UCC-1 was a fraudulent conveyance.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 324.:**

Admit that EPD had stopped making payments to a majority of its creditors, at latest, in or about September 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**REQUEST FOR ADMISSION NO. 325.:**

Admit that YOU caused the recordation and filing of the UCC-1 in or about September 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements.

**REQUEST FOR ADMISSION NO. 326.:**

Admit that YOU caused to have prepared and filed a UCC-1 financing statement on behalf of HMB Holdings, LLC purportedly against all of the assets of the DEBTORS.

**RESPONSE:**

Denied.

**EXECUTED AS TO THE OBJECTIONS BY**

DATED: March 8, 2017

**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
John C. Kirkland

**VERIFICATION**

I have read the foregoing RESPONSES TO REQUESTS FOR ADMISSIONS, and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2017.

John C. Kirkland

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): ______
John C. Kirkland, Responses to Requests for Production of Documents (set # 1)
John C. Kirkland, Responses to Requests for Admissions (set # 1)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 03/08/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael Davis, Associate Brutzkus Gubner Rozansky Seror Weber LLP 21650 Oxnard St., Suite 500 Woodland Hills, California, 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/08/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT 9

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,

Consolidated Debtors.

EIN No. xxx-0994

---

JASON M. RUND, CHAPTER 7 TRUSTEE,

Plaintiff,

v.

JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,

Defendants.

Case No. 2:10-bk-62208-ER

Chapter 7

Adv. No. 2:12-ap-02424-ER

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:**
Jason M. Rund, Chapter 7 Trustee

**RESPONDING PARTY:**
John C. Kirkland

**SET NO.:** One

## I.

## PRELIMINARY STATEMENT

The following responses to the requests are based upon the information and documents presently known and available to Defendant John C. Kirkland ("Defendant"). The responses are provided without prejudice to Defendant's right to modify the responses and/or to introduce as bearing upon the issues in this case other documents which Defendant may discover, or upon which Defendant may come to rely, at the time of trial.

Defendant's responses herein represent a diligent and good faith effort to comply with Plaintiff's requests. Accordingly, Defendant reserves the right, at trial or during other proceedings in this action, to rely on documents, evidence and other matters in addition to the information produced in response to the Requests, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not been located despite diligent good faith efforts.

Defendant's production of any particular document is not an admission or acknowledgment that such document is relevant to the subject matter of this action. Further, such response is without prejudice to and not a waiver of (a) Defendant's right to contend at trial or at any other proceeding in the action that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Defendant to any future use of such document that Plaintiffs may attempt to make.

## II.

## OBJECTION DEFINITIONS

### A. Ambiguous and Uncertain Objection

"Ambiguous and Uncertain Objection" refers to any request that fails to specify the requested information with reasonable particularity or is phrased in language that is so vague, ambiguous, and uncertain, given the context in which the words appear together with the choice of words used, that Defendant is unable to ascertain specifically what information Plaintiffs are seeking.

**B. Attorney-Client and Spousal Privilege Objection**

"Attorney-Client and Spousal Privilege Objection" refers to information which is protected from disclosure by the Attorney-Client or Spousal Communication Privilege. Where a category of the requests seeks information which is protected by the Attorney-Client Privilege or Spousal Communication Privilege as well as information which is not protected by the Attorney-Client Privilege or Spousal Communication Privilege, Defendant will assert the Attorney-Client Privilege Objection or Spousal Communication Privilege and provide only that information which is not protected from disclosure. If Defendant inadvertently responds with information that embodies any material protected by the Attorney-Client Privilege or Spousal Communication Privilege, such response is not intended to and shall not operate as a waiver of this objection.

**C. Attorney Work-Product Objection**

"Attorney Work-Product Objection" refers to information which is protected from disclosure by the Attorney Work-Product Doctrine. Where a category of the requests seeks information which is protected by the Attorney Work-Product Doctrine as well as information which is not protected by the Attorney Work-Product Doctrine, Defendant will assert the Attorney Work-Product Objection and provide only that information which is not protected from disclosure. If Defendant inadvertently responds with information that embodies any material protected by the Attorney Work-Product Privilege, such response is not intended to and shall not operate as a waiver of this objection.

**D. Burden and Oppression Objection**

"Burden and Oppression Objection" refers to any request that (i) improperly seeks to compel Defendant to conduct an exhaustive search of an inordinate number of documents to discover whether Defendant possesses or controls various documents vaguely described in the requests, (ii) seeks the production of certain documents which are equally available to Plaintiffs and/or which Plaintiffs already have in their possession, custody or control, including but not limited to documents identified as in Plaintiff's possession pursuant to Plaintiff's Initial Disclosure attached hereto as Exhibit 1, or (iii) are cumulative and duplicative of other document requests in this case.

**E. Confidentiality Objection**

"Confidentiality Objection" refers to any request that seeks to obtain documents that contain Defendant's or any third party's confidential, private, trade secret, or proprietary information.

**F. Overbreadth Objection**

"Overbreadth Objection" refers to any request that is so broadly drawn that although it may include some relevant information within its scope, it includes much more information which is irrelevant and immaterial to the within action.

**G. Relevancy Objection**

"Relevancy Objection" refers to any request that seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, or, if relevant, so remotely relevant as to make its production of little or no practical benefit to Plaintiffs while placing an unwarranted burden and expense on Defendant in locating and providing such information within the applicable time frame.

**H. Proportionality Objection**

"Proportionality Objection" refers to any request that is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**III.**

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1.:**

All DOCUMENTS and COMMUNICATIONS required to be listed in YOUR initial disclosures.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 2.:**

All DOCUMENTS and COMMUNICATIONS listed in YOUR initial disclosures.

**RESPONSE:** Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Confidentiality Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 3.:**

All DOCUMENTS and COMMUNICATIONS which support YOUR responses to any Requests for Admission that are anything other than unqualified admissions.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 4.:**

All DOCUMENTS and COMMUNICATIONS identified in YOUR responses to any Requests for Admission that YOU have not produced to the TRUSTEE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5.:**

All DOCUMENTS and COMMUNICATIONS REGARDING YOUR representation of the DEBTORS as their attorney.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 6.:**

All retainer agreements REGARDING YOUR representation of the DEBTORS as their attorney.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7.:**

All DOCUMENTS and COMMUNICATIONS REGARDING YOUR representation of the Broadway Entertainment Marketing, Inc. as its attorney.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8.:**

All retainer agreements REGARDING YOUR representation of the Broadway Entertainment Marketing, Inc. as its attorney.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9.:**

All DOCUMENTS and COMMUNICATIONS REGARDING PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 10.:**

All DOCUMENTS and COMMUNICATIONS that support PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 11.:**

All DOCUMENTS and COMMUNICATIONS evidencing the amount claimed by the BC TRUST as set forth in PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 12.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 171 are entitled to priority treatment in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 13.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that any of the amounts claimed in PROOF OF CLAIM 171 are secured by the DEBTORS' assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 14.:**

All DOCUMENTS and COMMUNICATIONS supporting the BC TRUST's assertion that the BC TRUST has perfected its security interests in the DEBTORS' assets REGARDING the amounts claimed in PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 15.:**

All DOCUMENTS and COMMUNICATIONS that the BC TRUST relied upon when preparing PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 16.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who prepared PROOF OF CLAIM 171.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 17.:**

All DOCUMENTS and COMMUNICATIONS identifying the person or person(s) who filed PROOF OF CLAIM 171.