Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 180.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between the BC TRUST and EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 181.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between the BC TRUST and PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 182.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between POSHOW and EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 183.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between POSHOW and PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 184.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between YOU and EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 185.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between YOU and PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 186.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any business relationship between YOU and Broadway Entertainment Marketing, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 187.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any AGREEMENTS entered into between YOU and Broadway Entertainment Marketing, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 188.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any CONTRACTS entered into between YOU and Broadway Entertainment Marketing, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 189.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any AGREEMENTS entered into between YOU and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 190.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any CONTRACTS entered into between YOU and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 191.:**

All COMMUNICATIONS and DOCUMENTS between YOU and Broadway Entertainment Marketing, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 192.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans the BC TRUST made to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 193.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans the BC TRUST made to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 194.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds the BC TRUST invested in EPD.

**REQUEST FOR PRODUCTION NO. 195.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds the BC TRUST invested with PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 196.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds the BC TRUST transferred to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 197.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds the BC TRUST transferred to PRESSMAN.

**REQUEST FOR PRODUCTION NO. 198.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies the BC TRUST paid to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 199.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies the BC TRUST paid to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 200.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans YOU made to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 201.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans YOU made to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 202.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds YOU invested in EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 203.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds YOU invested with PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 204.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds YOU transferred to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 205.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds YOU transferred to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 206.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies YOU paid to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 207.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies YOU paid to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 208.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any services YOU provided EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 209.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any services YOU provided PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 210.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans POSHOW made to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 211.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any loans POSHOW made to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 212.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds POSHOW invested in EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 213.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds POSHOW invested with PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 214.:**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds POSHOW

transferred to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**<u>REQUEST FOR PRODUCTION NO. 215.:</u>**

All DOCUMENTS or COMMUNICATIONS REGARDING any funds POSHOW transferred to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**<u>REQUEST FOR PRODUCTION NO. 216.:</u>**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies POSHOW paid to EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**<u>REQUEST FOR PRODUCTION NO. 217.:</u>**

All DOCUMENTS or COMMUNICATIONS REGARDING any monies POSHOW paid to PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 218.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's assets.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 219.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's liabilities.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 220.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's lenders.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 221.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's creditors.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 222.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's investors.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 223.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's insolvency.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 224.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING either the DEBTORS' financial statements.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 225.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the DEBTORS' financial status between 2003 and the entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 226.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the DEBTORS' inability to pay debts as they became due between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 227.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING fraudulent activity by either of the DEBTORS between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 228.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING the DEBTORS' operations between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 229.:**

Any and all DOCUMENTS or COMMUNICATIONS EPD operating as a Ponzi scheme between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 230.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING EPD's use of funds from later investors to pay earlier investors between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 231.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge of the DEBTORS' financial status between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 232.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge of either of the DEBTORS' inability to pay debts as they became due between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 233.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge of any fraudulent activity by either of the DEBTORS between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 234.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge of the DEBTORS' operations between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 235.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge that EPD operated as a Ponzi scheme between 2003 and entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 236.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING YOUR knowledge of EPD's use of funds from later investors to pay earlier investors between 2003 and the entry of the Order for Relief in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 237.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's assets prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 238.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's liabilities prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 239.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's lenders prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 240.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's creditors prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 241.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING PRESSMAN's insolvency prior to the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 242.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU prepared to send to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 243.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 244.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU prepared to send to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 245.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 246.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU prepared to send to the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 247.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 248.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU prepared to send to the FTB REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 249.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU sent to the FTB REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 250.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 251.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 252.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the IRS REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 253.:**

Any and all DOCUMENTS OR COMMUNICATIONS YOU received from the FTB REGARDING STRETTO during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 254.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 255.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST sent to the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 256.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the IRS REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 257.:**

Any and all DOCUMENTS OR COMMUNICATIONS that the BC TRUST received from the FTB REGARDING either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 258.:**

All DOCUMENTS or COMMUNICATIONS that the BC TRUST received from any person or entity REGARDING the IRS and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 259.:**

All DOCUMENTS or COMMUNICATIONS that the BC TRUST received from any person or entity REGARDING the FTB and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 260.:**

All DOCUMENTS or COMMUNICATIONS that YOU received from any person or entity REGARDING the IRS and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his

possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 261.:**

All DOCUMENTS or COMMUNICATIONS that YOU received from any person or entity REGARDING the FTB and RELATING to either of the DEBTORS during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control. To the extent the request calls for tax return documents, such documents are privileged and will not be produced.

**REQUEST FOR PRODUCTION NO. 262.:**

Any and all DOCUMENTS or COMMUNICATIONS that EPD sent to its investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 263.:**

Any and all DOCUMENTS or COMMUNICATIONS that PRESSMAN sent to his investors during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 264.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any promissory notes or demand notes issued by PRESSMAN between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 265.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any promissory notes or demand notes issued by EPD between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 266.:**

All audited financial statements REGARDING either of DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 267.:**

All unaudited financial statements REGARDING either of the DEBTORS between 2003 and the PETITION DATE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 268.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any UCC-1 financing statements REGARDING EPD during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 269.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING any UCC-1 financing statements REGARDING PRESSMAN during the RELEVANT PERIOD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Documents will be produced.

**REQUEST FOR PRODUCTION NO. 270.:**

Any and all DOCUMENTS or COMMUNICATIONS REGARDING HMB Holdings, LLC.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 271.:**

All COMMUNICATIONS between YOU and Keith Pressman between 2003 and the present.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection.

**REQUEST FOR PRODUCTION NO. 272.:**

All COMMUNICATIONS between YOU and Katherine Werner between 2003 and the present.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection.

**REQUEST FOR PRODUCTION NO. 273.:**

All COMMUNICATIONS between YOU and Ruben Moreno between 2003 and the present.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection.

**REQUEST FOR PRODUCTION NO. 274.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the FTB REGARDING PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 275.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the IRS REGARDING PRESSMAN.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 276.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the FTB REGARDING EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 277.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the IRS REGARDING EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 278.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the FTB REGARDING STRETTO.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 279.:**

Any COMMUNICATIONS or DOCUMENTS REGARDING YOU relied on for the preparation of the letters YOU sent to the IRS REGARDING STRETTO.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 280.:**

All DOCUMENTS and COMMUNICATIONS REGARDING the BC TRUST designating YOU as the person most qualified to testify on behalf of the BC TRUST at the Rule 2004 examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 281.:**

All DOCUMENTS and COMMUNICATIONS REGARDING POSHOW designating YOU as the person most qualified to testify on behalf of the BC TRUST at the Rule 2004 examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 282.:**

All DOCUMENTS and COMMUNICATIONS REGARDING payments by the DEBTORS to Dreier Stein & Kahan LLP.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality

Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 283.:**

All DOCUMENTS and COMMUNICATIONS REGARDING payments by Dreier Stein & Kahan LLP to the DEBTORS.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 284.:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements entered into between EPD and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 285.:**

All DOCUMENTS and COMMUNICATIONS REGARDING agreements entered into between NPS Investments, LLC and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 286.:**

All DOCUMENTS and COMMUNICATIONS REGARDING contracts entered into between EPD and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 287.:**

All DOCUMENTS and COMMUNICATIONS REGARDING contracts entered into between NPS Investments, LLC and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 288.:**

All DOCUMENTS and COMMUNICATIONS REGARDING promissory notes executed by Neah Power Systems, Inc. in favor of EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 289.:**

All DOCUMENTS and COMMUNICATIONS REGARDING security agreements executed by Neah Power Systems, Inc. in favor of EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 290.:**

All DOCUMENTS and COMMUNICATIONS REGARDING shares of stock in Neah Power Systems, Inc. that EPD received from Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 291.:**

All DOCUMENTS and COMMUNICATIONS REGARDING warrants for shares of stock in Neah Power Systems, Inc. that EPD received from Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 292.:**

All DOCUMENTS and COMMUNICATIONS REGARDING EPD assigning shares of stock in Neah Power Systems, Inc. that EPD received from Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 293.:**

All DOCUMENTS and COMMUNICATIONS REGARDING EPD assigning warrants for shares of stock in Neah Power Systems, Inc. that EPD received from Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 294.:**

All DOCUMENTS and COMMUNICATIONS REGARDING sales of shares of stock in Neah Power Systems, Inc. by EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 295.:**

All DOCUMENTS and COMMUNICATIONS REGARDING sales of warrants for shares of stock in Neah Power Systems, Inc. by EPD.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 296.:**

All DOCUMENTS and COMMUNICATIONS REGARDING sales of shares of stock in Neah Power Systems, Inc. by NPS Investments, LLC.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 297.:**

All DOCUMENTS and COMMUNICATIONS REGARDING sales of warrants for shares of stock in Neah Power Systems, Inc. by NPS Investments, LLC.

RESPONSE: Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 298.:**

All DOCUMENTS and COMMUNICATIONS REGARDING retainer agreements between YOU and Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 299.:**

All DOCUMENTS and COMMUNICATIONS REGARDING all amounts YOU received from Neah Power Systems, Inc.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 300.:**

All DOCUMENTS and COMMUNICATIONS REGARDING all shares of stock in Neah Power Systems, Inc. that YOU directly or indirectly received.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 301.:**

All DOCUMENTS and COMMUNICATIONS REGARDING all options for shares of stock in Neah Power Systems, Inc. that YOU directly or indirectly received.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 302.:**

All DOCUMENTS and COMMUNICATIONS REGARDING warrants for shares of stock in Neah Power Systems, Inc. that YOU directly or indirectly received.

**RESPONSE:** Ambiguous and Uncertain Objection; Attorney-Client and Spousal Privilege Objection; Attorney Work-Product Objection; Burden and Oppression Objection; Confidentiality Objection; Overbreadth Objection; Relevancy Objection; Proportionality Objection. Subject to the

foregoing objections, Defendant responds as follows: Defendant has no responsive documents in his possession, custody or control.

DATED: March 8, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
John C. Kirkland

**VERIFICATION**

I have read the foregoing RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2017.

John C. Kirkland

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): ______________________
John C. Kirkland, Responses to Requests for Production of Documents (set # 1)
John C. Kirkland, Responses to Requests for Admissions (set # 1)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 03/08/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Michael Davis, Associate Brutzkus Gubner Rozansky Seror Weber LLP 21650 Oxnard St., Suite 500 Woodland Hills, California, 91367

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/08/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT 10

From: Lewis R. Landau [mailto:lew@landaunet.com]
Sent: Friday, April 07, 2017 5:05 PM
To: Corey R. Weber
Subject: EPD Document Production

Corey:

Here are the documents I received and am relaying them to you. I am told that these are all the non-privileged, responsive documents that JCK or PAK have (17 documents). The only exception is that the clients did not produce back documents that were previously produced to us, for example the exhibits at the Rule 2004 examination and other such examinations in the case.

We assume you were expecting more documentation but virtually all the responsive documents would be law firm files, and emails to and from JCK's law firm email accounts, which he lost access to when he left the firms.

Please be aware that there are personal identifiers in the bank statements and personal information protected by privacy privileges. Please do not put that information in the public domain without redacting.

Thank you,

Lew

Lewis R. Landau
Attorney at Law
22287 Mulholland Hwy., # 318
Calabasas, CA 91302

Voice & Fax: (888)822-4340

John C. Kirkland
754 Swarthmore Avenue
Pacific Palisades, CA 90272

September 28, 2007

Mr. Jerrold S. Pressman
EPD Investment Co., LLC
520 Broadway, Suite 660
Santa Monica, CA 90401

Re: Loans

Dear Jerry:

Enclosed please find two checks totaling $600,000.00, reflecting my initial investment in EPD Investment Co., LLC, with an additional $150,000.00 to follow shortly.

As agreed, Keith will prepare standard form, multiple advance, secured loan documents, including without limitation a Secured Promissory Note, Continuing Guaranty, Security Interest Agreement, conflict waivers, etc. in due course.

Please feel free to contact me with any questions or to discuss this matter further.

Sincerely,

John C. Kirkland

Accepted and Agreed:

Jerrold S. Pressman
EPD Investment Co., LLC

UNION BANK OF CALIFORNIA

# STATEMENT OF ACCOUNTS


**Statement Number:** REDACTED **457**
09/28/07 - 10/30/07

UNION BANK OF CALIFORNIA
DIRECT BANKING CENTER 245
P. O. BOX 512380
LOS ANGELES CA 90051-0380

**Teleservices®**
For 24-hour Automated Direct Service
800-238-4486
800-826-7345(TDD)
Representatives are available
from 6 am to 11 pm

To open additional accounts,
or apply for loans, call your
banking office at 800-796-5656

Visit us at www.uboc.com

Thank you for banking with us
since 1995

**JOHN C KIRKLAND**
REDACTED

**Tiered Interest**

Days in statemen

REDACTED

REDACTED

**Checks**

| Number | Date | Reference | Amount | Number | Date | Reference | Amount |
|---|---|---|---|---|---|---|---|
| 1029 | 9/28 | 10315765 | 200,000.00 | 1030 | 9/28 | 10315766 | 400,000.00 |
| **Total** | | | | | | | **$ 600,000.00** |

REDACTED

REDACTED

REDACTED

# CONFLICT WAIVER AND CONSENT

WHEREAS, EPD Investment Co., LLC, a California limited liability company ("**EPD**"), desires that John C. Kirkland, an individual ("**Kirkland**"), make investments in and loan funds to EPD, the full and complete repayment of all of which will be secured and guaranteed by EPD and Jerrold S. Pressman, an individual ("**Pressman**").

WHEREAS, Kirkland is an attorney at law, duly licensed to practice in the state of California.

WHEREAS, Rule 3-300 Avoiding Interests Adverse to a Client of the California Rules of Professional Conduct provides as follows:

> A member shall not enter into a business transaction with a client; or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied:
>
> (A) The transaction or acquisition and its terms are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client; and
>
> (B) The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice; and
>
> (C) The client thereafter consents in writing to the terms of the transaction or the terms of the acquisition.

WHEREAS, Rule 3-310 Avoiding the Representation of Adverse Interests provides as follows:

> (A) For purposes of this rule:
>
> (1) "Disclosure" means informing the client or former client of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client or former client;
>
> (2) "Informed written consent" means the client's or former client's written agreement to the representation following written disclosure;
>
> (3) "Written" means any writing as defined in Evidence Code section 250.
>
> (B) A member shall not accept or continue representation of a client without providing written disclosure to the client where:
>
> (1) The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or
>
> (2) The member knows or reasonably should know that:

(a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and

(b) the previous relationship would substantially affect the member's representation; or

(3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

(4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

(C) A member shall not, without the informed written consent of each client:

(1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

(2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

(3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

(D) A member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients without the informed written consent of each client.

(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

(F) A member shall not accept compensation for representing a client from one other than the client unless:

(1) There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and

(2) Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and

(3) The member obtains the client's informed written consent, provided that no disclosure or consent is required if:

(a) such nondisclosure is otherwise authorized by law; or

(b) the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public.

WHEREAS, Kirkland has represented various persons and entities affiliated or associated with EPD and Pressman.

WHEREAS, in an abundance of caution, Kirkland desires to ensure that all requirements of the California Rules of Professional Conduct are fully complied with.

NOW THEREFORE, each of EPD and Pressman absolutely, unconditionally and irrevocably represent and warrant to, and covenant and agree with, Kirkland as follows:

1. EPD is not a client of Kirkland.

2. Pressman is not a client of Kirkland.

3. Kirkland does not represent, and is not advising, EPD or Pressman in connection with either this Conflict Waiver and Consent or the proposed transaction.

4. The transaction was proposed by EPD and Pressman, unsolicited by Kirkland, and its terms are fair and reasonable to EPD and Pressman, and were prepared by EPD and Pressman in writing, and are fully understood by both EPD and Pressman.

5. EPD and Pressman understand that, if Kirkland invests or loans money to EPD or Pressman, or obtains a security interest in the property or assets of EPD or Pressman, Kirkland's interests as an investor or lender may be adverse to the interests of EPD and Pressman, and their property, in that Kirkland's interest will be to ensure repayment of his debt, and preservation of the assets for his benefit, not to protect the interests of EPD or Pressman.

6. EPD and Pressman understand that, if the loans are not repaid when required, Kirkland's interests will become directly adverse to the interests of EPD and Pressman, and their property.

7. EPD and Pressman have been advised in writing that they may each seek the advice of independent lawyers of their choice, have been given a reasonable opportunity to seek that advice, and have sought that advice from an independent lawyer of their choice.

8. EPD and Pressman each consent in writing to the terms of the transaction.

9. EPD and Pressman each waive all actual and potential conflicts of interest arising out of or relating to the proposed transaction.

10. If any provision of this Conflict Waiver and Consent is held illegal or unenforceable, such provision shall be severed and shall be inoperative, and the remainder of this Conflict Waiver and Consent shall remain operative and binding on the parties.

11. EPD and Pressman understand that Kirkland is entering into the proposed transaction in reliance of all of the foregoing representations, warranties and covenants by EPD and Pressman.

IN WITNESS WHEREOF, the undersigned have executed this Conflict Waiver and Consent effective as of November 7, 2007.

______________________
Jerrold S. Pressman

EPD INVESTMENT CO., LLC

By:______________________
Jerrold S. Pressman

# CONTINUING GUARANTY

FIRST AMENDED AND RESTATED **CONTINUING GUARANTY** (“**Continuing Guaranty**”), dated as of November 8, 2007, by and among John C. Kirkland (“**Lender**” and collectively with any assignee or designee, the “**Lenders**”), on the one hand, and EPD Investment Co., LLC, a California limited liability company (“**Debtor**” or “**EPD**”), and Jerrold S. Pressman (“**Pressman**” or “**Jerrold Pressman**”) (each of EPD and Pressman, a “**Guarantor**” and collectively, the “**Guarantors**”), on the other hand.

## RECITALS

A. Reference is made to (i) the Secured Promissory Note of even date herewith (the “**Note**”) to which the Lender and Debtor are parties, (ii) the Security Interest Agreement of even date herewith (the “**Security Interest Agreement**”) to which the Lender and Debtor are parties, and (iii) all related documents and agreements between or among any of the parties from and after the date hereof, including without limitation, this Continuing Guaranty, the Note, and the Security Interest Agreement (collectively, as the same may be hereafter amended, restated, renewed, extended, supplemented or otherwise modified from time to time, the “**Loan Documents**”), all of which are hereby incorporated by reference as though fully stated herein. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the relevant Loan Documents.

B. Pursuant to the Loan Documents, including without limitation this Continuing Guaranty, each of the Guarantors has certain obligations to each of the lenders, and all such obligations of any or all Guarantors under any or all Loan Documents are herein referred to, collectively, as the “**Obligations**.”

C. Each of the Guarantors has determined that he or it shall benefit from the execution of the Loan Documents and the transactions contemplated thereby. In furtherance thereof, and not in limitation thereof, each of the Guarantors has deemed that the execution and delivery of this Continuing Guaranty to which he or it is a party, and each of the Guarantors performance of its obligations under each of them, to be necessary and convenient to the conduct, promotion or attainment of their business and the business of EPD, from the Note and otherwise.

D. Each of the Guarantors will derive financial benefit from the Payments and the other Loan Documents. Pressman is Chairman of EPD and holds a membership interest in EPD, as does Pressman’s son, attorney Keith Pressman. EPD owes substantial sums to Pressman. In addition, Pressman has an outstanding note to EPD, and has granted a lien to EPD. Broadway Entertainment Marketing (“**BEM**”) owes substantial debts to EPD. BEM and Keith Pressman pay substantial fees to Debtor’s sister companies. The execution and delivery of this Continuing Guaranty by both Guarantors is a condition precedent to the making of the Payments by Lender.

E. Each of the Guarantors has advised, represented, warranted and guaranteed to Lender that he will receive a bottom line, cumulative net return on investment of at least 12% per annum (24% on default) from Debtor for any and all payments made by or on behalf of Lender,

from time to time prior to, on and after the date of this Continuing Guaranty, whether to Debtor, on Debtor's behalf, for Debtor's benefit, or at either Guarantor's direction or recommendation, including without limitation all loans directly to Debtor pursuant to the Note or Loan Documents, all additional funds loaned to Debtor from time to time, all payments to the Debtor for consulting fees, advisory fees, and professional service fees, all payments to BEM for consulting fees, advisory fees, and professional service fees, and all payments to Keith Pressman for consulting fees, advisory fees, professional service fees, and legal fees, and all payments to any other sister company of EPD, (any and all such loans and payments, collectively, the "**Payments**").

F. All Payments made will be automatically added to the Principal under the Note, and each Guarantor's joint and several obligations to ensure full recovery of an amount equal to the Payments, plus interest thereon pursuant to and in accordance with the Note, will be included within the Obligations. All parties acknowledge and agree that, as of the date hereof, the principal amount of the Payments is $750,000.00.

G. In order to induce the Lender to execute and deliver the Loan Documents and to make the Payments, each of the Guarantors, jointly and severally, has agreed to guarantee to the Lenders the due and punctual fulfillment of all Obligations. Lender is willing to enter into the Note and the other Loan Documents and to make the Loans and Payments only upon receiving both Guarantors execution of this Continuing Guaranty. Lender has relied upon the statements and agreements contained herein in agreeing to make the Loans and the Payments, and will continue to rely upon the same in making the Loans and the Payments from time to time.

AGREEMENT

NOW, THEREFORE, in consideration of the premises, the mutual covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the.parties hereto hereby agree as follows:

1. Recitals. Each of the Recitals set forth about is made a part of this agreement, and hereby incorporated by reference as though fully stated herein.

2. Continuing Guarantees. Intending to be legally bound, each of the Guarantors, in consideration of the matters described above, hereby jointly and severally covenants and agrees for the benefit of Lenders as follows:

(a) Guarantor absolutely, unconditionally and irrevocably guarantees to Lender: (i) the full and prompt payment of the Principal of and interest on the Note when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter; (ii) the full and complete satisfaction of all Obligations, including without limitation guaranteeing full recovery of an amount equal to the Payments, plus interest thereon pursuant to and in accordance with the Note, and (iii) the full and prompt payment of all sums which may now be or may hereafter become due and owing under the Note or any other Loan Documents. All amounts due, debts, liabilities and payment obligations described in this Section 2(a) shall be hereinafter collectively referred to as the "**Indebtedness**."

(b) In the event of any failure or default in the payment and full satisfaction of the Indebtedness, each of the Guarantors agrees, jointly and severally, to pay the full amount of the Indebtedness regardless of any defense, right of set-off or claims which any Guarantor may have against Lender or the holder of the Note or Loan Documents. All of the remedies set forth herein or provided for in any of the Loan Documents or at law or equity shall be equally available to Lenders, and the choice by Lenders of one such alternative over another shall not be subject to question or challenge by Guarantors or any other person, nor shall any such choice be asserted as a defense, setoff, or failure to mitigate damages in any action, proceeding, or counteraction by Lenders to recover or seeking any other remedy under this Continuing Guaranty, nor shall such choice preclude Lender from subsequently electing to exercise a different remedy. The parties have agreed to the alternative remedies provided herein in part because they recognize that the choice of remedies in the event of a default hereunder will necessarily be and should properly be a matter of business judgment of Lenders, which the passage of time and events may or may not prove to have been the best choice to maximize recovery by Lenders at the lowest cost to Debtor or Guarantors. It is the intention of the parties that such choice by Lenders be given conclusive effect regardless of any alternatives or subsequent developments.

(c) Guarantor does hereby (i) waive notice of acceptance of this Continuing Guaranty by Lenders and any and all notices and demands of every kind which may be required to be given by any statute, rule or law, (ii) agree to refrain from asserting, until after repayment in full of the Loans and the Payments, any defense, right of set-off or other claim which Pressman may have against Debtor (iii) waive any defense, right of set-off or other claim which Guarantor or Debtor may have against Lenders or the holder of the Note, (iv) waive any and all rights Guarantor may have under any anti-deficiency statute or other similar protections, (v) waive presentment for payment, demand for payment, notice of nonpayment or dishonor, protest and notice of protest, diligence in collection and any and all formalities which otherwise might be legally required to charge Guarantor with liability, and (vi) waive any failure by Lenders to inform Guarantor of any facts Lender may now or hereafter know about Debtor, the Loan, or the transactions contemplated by the Loan Documents, it being understood and agreed that Lenders have no duty so to inform and that Guarantor is fully responsible for being and remaining informed of all circumstances bearing on the risk of nonperformance of any Obligations. Credit may be granted or continued and Payments may be made from time to time by Lenders to any of the persons referenced above without notice to or authorization from Guarantor, regardless of the financial or other condition of such person at the time of any such grant or continuation. Lender shall have no obligation to disclose or discuss with Guarantor its assessment of the financial condition of such person. Guarantor acknowledges that no representations of any kind whatsoever have been made by Lenders. No modification or waiver of any of the provisions of this Continuing Guaranty shall be binding upon Lenders except as expressly set forth in a writing duly signed and delivered by Lenders.

(d) Guarantor further agrees that Guarantor's liability as guarantor shall in not be impaired or affected by any renewals or extensions which may be made from time to time, with or without the knowledge or consent of Guarantor of the time for payment of interest or principal under the Note or by any forbearance or delay in collecting interest or principal under the Note, or by any waiver by Lender under any Loan Documents, or by Lenders' failure or election not to pursue any other remedies it may have against any person or Debtor, or by any change or

modification in any Loan Document, or by the acceptance by Lenders of any additional security or any increase, substitution or change therein, or by the release by Lenders of any security or any withdrawal thereof or decrease therein, or by the application of payments received from any source to the payment of any obligation other than the Indebtedness even though Lenders might lawfully have elected to apply such payments to any part or all of the Indebtedness, it being the intent hereof that, subject to Lender's compliance with the terms of this Continuing Guaranty, Guarantor shall remain liable for the payment of the Indebtedness, until the Indebtedness has been paid in full, notwithstanding any act or thing which might otherwise operate as a legal or equitable discharge of a surety. Guarantor further understands and agrees that Lenders may at any time enter into agreements with any person to amend and modify any Loan Documents, and may waive or release any provision or provisions of any Loan Documents or any thereof, and, with reference to such instruments, may make and enter into any such agreement or agreements as Lenders and any persons may deem proper and desirable, without in any manner impairing or affecting this Continuing Guaranty or any of Lenders' rights hereunder or Guarantor's obligations hereunder.

(e) This is an absolute, present and continuing guarantee of payment and not of collection. Guarantor agrees that this Continuing Guaranty may be enforced by Lenders without the necessity at any time of resorting to or exhausting any other security or collateral given in connection herewith or with the Note, any Payments, or any of the other Loan Documents through foreclosure or sale proceedings, as the case may be, under any Mortgage or otherwise, or resorting to any other guaranties, and Guarantor hereby waives any right to require Lenders to join any person in any action brought hereunder or to commence any action against or obtain any judgment against any person or to pursue any other remedy or enforce any other right. Guarantor further agrees that nothing contained herein or otherwise shall prevent Lenders from pursuing concurrently or successively all rights and remedies available to it at law and/or in equity or under any Loan Documents, and the exercise of any of its rights or the completion of any of its remedies shall not constitute a discharge of Guarantor's obligations hereunder, it being the purpose and intent of Guarantor that the obligations of Guarantor hereunder shall be absolute, independent and unconditional under any and all circumstances whatsoever. None of Guarantor's obligations under this Continuing Guaranty or any remedy for the enforcement thereof shall be impaired, modified, changed or released in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of any person or other Loan Documents or by reason of the bankruptcy of any person or by reason of any creditor or bankruptcy proceeding instituted by or against any person. This Guaranty shall continue to be effective or be reinstated (as the case may be) if at any time payment of all or any part of any sum payable pursuant to any Loan Document is rescinded or otherwise required to be returned by Lenders upon the insolvency, bankruptcy, dissolution, liquidation, or reorganization of any Guarantor or other person, or upon or as a result of the appointment of a receiver, intervenor, custodian or conservator of or trustee or similar officer for, any Guarantor or other person, or any substantial part of its property, or otherwise, all as though such payment to Lenders had not been made, regardless of whether Lenders contested the order requiring the return of such payment. In the event of the foreclosure of any Mortgage and of a deficiency, Guarantor hereby promises and agrees forthwith to pay the amount of such deficiency notwithstanding the fact that recovery of said deficiency against Debtor or any person would not be allowed by applicable law; however, the foregoing shall not be deemed to require that Lenders institute foreclosure