**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that in 2004, PRESSMAN was 69 years old.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that for a portion of the year Pressman was that age.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that for a portion of the year Pressman was that age.

**REQUEST FOR ADMISSION NO. 84:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 85:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 86:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request

for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 90:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU prepared to send to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 91:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 92:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 93:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 98:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU prepared to send to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 99:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 108:**

Admit that the document attached hereto as **Exhibit P** and is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 109:**

Admit that the document attached hereto as **Exhibit P** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 110:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 111:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel

and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 112:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 113:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 114:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 115:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 116:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 117:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 118:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 119:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 120:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU prepared to send to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of preparing such letter, and is aware of no information establishing that he prepared such letter. Responding Party recalls that letters were prepared by tax attorneys at his former firm. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 121:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 157:**

Admit that when the FUNDING AGREEMENT was signed, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that the trust has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 158:**

Admit that when the FUNDING AGREEMENT was signed, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 160:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party

admits that the trust has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 161:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 162:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party

can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 164:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 166:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based

on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that the trust has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 167:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 169:**

Admit that at the time the UCC-1 was filed, the BC TRUST was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that it has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that the trust has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 170:**

Admit that at the time the UCC-1 was filed, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that Mrs. Kirkland has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**REQUEST FOR ADMISSION NO. 177:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 178:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of the BC TRUST, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 179:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 180:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 181:**

Admit that at the time the UCC-1 was filed, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 182:**

Admit that at the time the BC TRUST filed the PROOFS OF CLAIM, YOU knew that a 12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 183:**

Admit that at the time the BC TRUST filed the PROOFS OF CLAIM, POSHOW knew that a

12% interest rate was usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, this request is denied.

**REQUEST FOR ADMISSION NO. 184:**

Admit that a 12% interest rate is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied as to the loans to Debtors.

**REQUEST FOR ADMISSION NO. 185:**

Admit that YOU are not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied as to the loans to Debtors.

**REQUEST FOR ADMISSION NO. 186:**

Admit that POSHOW is not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. In addition, Mrs. Kirkland individually is not a party in this action. Subject to this objection, the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 187:**

Admit that the BC TRUST is not exempt from the State of California's usury laws.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied as to the loans to Debtors.

**REQUEST FOR ADMISSION NO. 188:**

Admit that the contractual 12% interest rate listed in YOUR initial disclosures is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 189:**

Admit that the contractual default 24% interest rate listed in YOUR initial disclosures is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 190:**

Admit that the contractual 12% interest rate listed in YOUR initial disclosures is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 191:**

Admit that the contractual default 24% interest rate listed in YOUR initial disclosures is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 193:**

Admit that the interest rate included in the PROOFS OF CLAIM is usurious in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 194:**

Admit that the interest rate included in the PROOFS OF CLAIM is prohibited in the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 197:**

Admit that the BC TRUST did not deposit any amounts with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "deposit with the Debtors." The Merriam-Webster Dictionary defines the transitive verb "deposit" as "to place especially for safekeeping or as a pledge • depositing her tools in the trunk of the car; especially, economics : to put in a bank • having your paycheck automatically deposited into your bank account." Responding

Party's response to this request is based on that definition. In addition, because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that, rather than depositing any amounts with the Debtors, the trust is the assignee of loans to the Debtors and the obligations of the Debtors thereunder.

**REQUEST FOR ADMISSION NO. 198:**

Admit that the BC TRUST did not transfer any amounts to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 199:**

Admit that YOU did not deposit $2,055,466.23 with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "deposit with the Debtors." The Merriam-Webster Dictionary defines the transitive verb "deposit" as "to place especially for safekeeping or as a pledge • depositing her tools in the trunk of the car; especially, economics : to put in a bank • having your paycheck automatically deposited into your bank account." Responding Party's response to this request is based on that definition. Responding Party admits that, rather than depositing any amounts with the Debtors, Responding Party made loans to the Debtors and the Debtors had obligations thereunder.

**REQUEST FOR ADMISSION NO. 200:**

Admit that YOU did not invest approximately two million dollars with the DEBTORS.

**RESPONSE:**

Objection; the term "invest" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "invest" and whether that is distinguished from loan or the defined term TRANSER. To the extent that, by "invest" the Propounding Party means loan or TRANSFER, the request is denied. To the extent Propounding Party means something else, Responding Party admits that, rather than doing something else, Responding Party made loans to the Debtors and the Debtors had obligations thereunder.

**REQUEST FOR ADMISSION NO. 202:**

Admit that YOU did not transfer approximately two million dollars to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 203:**

Admit that YOU did not transfer $2,055,466.23 to the DEBTORS.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 204:**

Admit that YOU did not deposit $400,000 in EPD on or about September 28, 2007.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 205:**

Admit that YOU did not transfer $400,000 to either of the DEBTORS on or about September 28, 2007.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 206:**

Admit that YOU did not deposit $150,000 in EPD on or about March 27, 2008.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "deposit with the Debtors." The Merriam-Webster Dictionary defines the transitive verb "deposit" as "to place especially for safekeeping or as a pledge • depositing her tools in the trunk of the car; especially, economics : to put in a bank • having your paycheck automatically deposited into your bank account." Responding Party's response to this request is based on that definition. Responding Party admits that, rather than depositing any amounts with the Debtors, Responding Party made loans to the Debtors and the Debtors had obligations thereunder.

**REQUEST FOR ADMISSION NO. 207:**

Admit that YOU did not transfer $150,000 to either of the DEBTORS on or about March 27, 2008.

**RESPONSE:**

Objection; the term "transfer" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 208:**

Admit that at least $600,000 of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008 was not an investment in EPD.

**RESPONSE:**

Objection; the term "investment" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "investment" and whether that is distinguished from a loan or the defined term TRANSER. To the extent that, by "investment" the Propounding Party means a loan or TRANSFER, the request is denied. To the extent Propounding Party means something else, Responding Party admits that, rather than doing something else, Responding Party made loans to the Debtors and the Debtors had obligations thereunder, including with regard to the full amount of the $855,466.23 transferred by Southland Title Corporation to EPD on or about August 18, 2008.

**REQUEST FOR ADMISSION NO. 213:**

Admit that the BC TRUST never invested funds with the DEBTORS.

**RESPONSE:**

Objection; the term "invested" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "invest" and whether that is distinguished from loan or the defined term TRANSER. In addition, the request asks about a person other than the Responding Party, Responding Party can only respond based on information and

belief. To the extent that, by "invest" the Propounding Party means loan or TRANSFER, the request is denied. To the extent Propounding Party means something else, subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, Responding Party admits that, rather than doing something else, the trust is the assignee of loans to the Debtors and the Debtors' obligations thereunder.

**REQUEST FOR ADMISSION NO. 214:**

Admit that the BC TRUST never transferred any funds to the DEBTORS.

**RESPONSE:**

Objection; the term "transferred" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Based on the Propounding Party's representation that the term "transfer" means the defined term "TRANSER," this request is denied.

**REQUEST FOR ADMISSION NO. 215:**

Admit that the BC TRUST never paid any monies to the DEBTORS.

**RESPONSE:**

Objection; the term "paid any monies to" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "paid any monies to" and whether that is distinguished from loan or the defined term TRANSER. In addition, the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. To the extent that, by "paid any monies to" the Propounding Party means loan or TRANSFER, the request is denied. To the extent Propounding Party means something else, subject to the prior objections, and the general objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party

knows or can readily obtain, Responding Party admits that, rather than doing something else, the trust is the assignee of loans to the Debtors and the Debtors' obligations thereunder.

**REQUEST FOR ADMISSION NO.232:**

Admit that YOU did not check on the collectability of YOUR investments in EPD.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "investments" and whether that is distinguished from loans or the defined term TRANSER. In addition, this request is compound and conjunctive in that it refers to multiple investments without specifying them, or distinguishing them from the loans, and ambiguous in that it does not explain why or how Mr. Kirkland was expected to check to determine whether they were capable of being collected. Subject to these objection and the general objections stated above, and assuming that be "investments" the Propounding Party means loans, this request is denied.

**REQUEST FOR ADMISSION NO. 233:**

Admit that YOU did not check on the collectability of YOUR loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request for admission is denied based on the objection.

**SUPPLEMENTAL RESPONSE:**

This request is compound and conjunctive in that it refers to multiple loans without specifying them, or distinguishing them from the loans, and ambiguous in that it does not explain why or how Mr. Kirkland was expected to check to determine whether they were capable of being collected. Subject to these objection and the general objections stated above, this request is denied.

**REQUEST FOR ADMISSION NO. 234:**

Admit that YOU testified at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 237:**

Admit that YOU are the person most qualified to testify on behalf of the BC TRUST as to any substantive issues.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Answering Party maybe most qualified as to some issues, but denied that he is most qualified as to any possible issues.

**SUPPLEMENTAL RESPONSE:**

Responding Party has not identified any substantive issues with regard to which the trust is being asked to testify. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 238:**

Admit that YOU are the person most qualified to testify on behalf of the BC TRUST as to the PROOFS OF CLAIM.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Answering Party maybe most qualified as to some issues, but denied that he is most qualified as to any possible issues.

**SUPPLEMENTAL RESPONSE:**

Responding Party has not identified any substantive issues with regard to which the trust is being asked to testify. On this basis, the request is denied.

**REQUEST FOR ADMISSION NO. 239:**

Admit that YOU were an attorney for the DEBTORS between EPD's formation in 2003 and the PETITION DATE.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 240:**

Admit that YOU were an attorney for the DEBTORS at the time of YOUR investments in EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 241:**

Admit that YOU were an attorney for the DEBTORS at the time of YOUR loans to EPD.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION No. 242:**

Admit that YOU were an attorney for the DEBTORS at the time the PROOFS OF CLAIM were filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 243:**

Admit that YOU were an attorney for the DEBTORS at the time the ASSIGNMENT was signed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 244:**

Admit that YOU were an attorney for the DEBTORS at the time the UCC-1 was filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 245:**

Admit that YOU were an attorney for the DEBTORS at the time the BANKRUPCTY CASE was filed.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based

on information and belief, the request is admitted as to EPD and denied as to Pressman.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is admitted as to EPD and denied as to Pressman.

**REQUEST FOR ADMISSION NO. 249:**

Admit that YOU were an attorney for the DEBTORS during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 252:**

Admit that YOU were an attorney for the DEBTORS during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is denied.

**REQUEST FOR ADMISSION NO. 255:**

Admit that YOU were an attorney for the DEBTORS during 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, the request is admitted as to EPD to February 1, 2011, denied thereafter, and denied as to Pressman.

**REQUEST FOR ADMISSION NO. 260:**

Admit that YOU represented the DEBTORS as their attorney in defending litigation brought by EPD investors during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, admitted.

**REQUEST FOR ADMISSION NO. 261:**

Admit that YOU represented the DEBTORS as their attorney in defending litigation brought by EPD investors during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements.

**SUPPLEMENTAL RESPONSE:**

Subject to the prior objections and the general objections stated above, admitted.

**REQUEST FOR ADMISSION NO. 324:**

Admit that EPD had stopped making payments to a majority of its creditors, at latest, in or about September 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, the request is denied.

**SUPPLEMENTAL RESPONSE:**

Because the request asks about a person other than the Responding Party, Responding Party can only respond based on information and belief. Subject to the prior objections, and the general

objections stated above, Responding Party states that Responding Party has made reasonable inquiry and that based on the information Responding Party knows or can readily obtain, the request is denied.

**REQUEST FOR ADMISSION NO. 325:**

Admit that YOU caused the recordation and filing of the UCC-1 in or about September 2009.

**RESPONSE:**

Objection. The request for admission contains unintelligible, ambiguous, compound, conjunctive, or disjunctive statements.

**SUPPLEMENTAL RESPONSE:**

Responding Party has no recollection of filing the UCC-1, and is aware of no information establishing that he filed the UCC-1. On this basis, the request is denied.

DATED: April 21, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
John C. Kirkland

## VERIFICATION

I have read the foregoing SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS, and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2017.

John C. Kirkland

# EXHIBIT 31

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,

Consolidated Debtors.

EIN No. xxx-0994

---

JASON M. RUND, CHAPTER 7 TRUSTEE,

Plaintiff,

v.

JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, individually and as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,

Defendants.

Case No. 2:10-bk-62208-ER

Chapter 7

Adv. No. 2:12-ap-02424-ER

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

**PROPOUNDING PARTY**:
Jason M. Rund, Chapter 7 Trustee

**RESPONDING PARTY**:
John C. Kirkland

**SET NO.**: One

## PRELIMINARY STATEMENT

The Responding Party's responses to the Propounding Party's Requests for Admission are made solely for the purpose of and with respect to the above-referenced adversary proceeding. These responses shall not constitute a waiver of any objections which may be asserted during the course of this adversary proceeding, litigation and/or trial with respect to the competency, relevancy, materiality, propriety and admissibility of any document or any evidence. Responses to these Requests for Admissions are being made after reasonable search and investigation by the Responding Party. However, investigation and discovery are continuing and, in the course thereof, the Responding Party may discover further information. Upon discovery of further information, the Responding Party will supplement its response. The Responding Party therefore reserves the right to rely on or use such information so discovered through future discovery or at trial.

## GENERAL OBJECTIONS TO EACH AND EVERY REQUEST FOR ADMISSION

1. The Responding Party objects to each and every request for admission to the extent that it is overbroad, burdensome, oppressive, irrelevant, not calculated to lead to the discovery of admissible evidence, an invasion of the Responding Party's attorney-client privilege and attorney work product privilege, and/or other improper requests to disclose privileged or confidential information.

2. The Responding Party further objects to each and every request for admission to the extent that the burden of producing the information requested outweighs its apparent value to the matters and issues before this Court.

3. The Responding Party further objects to each and every request for admission which requests public information that is readily available to the Propounding Party, such as public court records.

4. The Responding Party further objects to each and every request for admission as not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 85:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack

of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 91:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 93:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana

Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 99:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 109:**

Admit that the document attached hereto as **Exhibit P** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 111:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 113:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack

of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 115:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 117:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 119:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made

reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 121:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**FURTHER SUPPLEMENTAL RESPONSE:**

Responding Party admits that the document attached as an exhibit is a true and correct copy of a draft letter prepared by tax attorneys at Greenberg Traurig for Responding Party's signature. Responding Party has no knowledge or recollection of the extent, if any, to which any final letters actually signed by Responding Party and/or actually sent by Greeberg Traurig were similar to or different from the document attached as an exhibit. In that regard, the answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

DATED: June 30, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
John C. Kirkland

**VERIFICATION**

I have read the foregoing FURTHER SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION, and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2017.

____________________________
John C. Kirkland

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS [John Kirkland Set No. 1]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/30/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Michael Davis: Michael Davis (mdavis@bg.law)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/30/2017 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT 32

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Defendants,
John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee
of the Bright Conscience Trust
Dated September 9, 2009

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors.<br><br>EIN No. xxx-0994<br><br>JASON M. RUND, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, individually and as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,<br><br>Defendants. | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-02424-ER<br><br>**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**<br><br>**PROPOUNDING PARTY**: Jason M. Rund, Chapter 7 Trustee<br><br>**RESPONDING PARTY**: John C. Kirkland<br><br>**SET NO.**: One |

## PRELIMINARY STATEMENT

The Responding Party's responses to the Propounding Party's Requests for Admission are made solely for the purpose of and with respect to the above-referenced adversary proceeding. These responses shall not constitute a waiver of any objections which may be asserted during the course of this adversary proceeding, litigation and/or trial with respect to the competency, relevancy, materiality, propriety and admissibility of any document or any evidence. Responses to these Requests for Admissions are being made after reasonable search and investigation by the Responding Party. However, investigation and discovery are continuing and, in the course thereof, the Responding Party may discover further information. Upon discovery of further information, the Responding Party will supplement its response. The Responding Party therefore reserves the right to rely on or use such information so discovered through future discovery or at trial.

## GENERAL OBJECTIONS TO EACH AND EVERY REQUEST FOR ADMISSION

1. The Responding Party objects to each and every request for admission to the extent that it is overbroad, burdensome, oppressive, irrelevant, not calculated to lead to the discovery of admissible evidence, an invasion of the Responding Party's attorney-client privilege and attorney work product privilege, and/or other improper requests to disclose privileged or confidential information.

2. The Responding Party further objects to each and every request for admission to the extent that the burden of producing the information requested outweighs its apparent value to the matters and issues before this Court.

3. The Responding Party further objects to each and every request for admission which requests public information that is readily available to the Propounding Party, such as public court records.

4. The Responding Party further objects to each and every request for admission as not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU sent letters to the FTB on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU sent letters to the IRS on PRESSMAN's behalf in 2004 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU sent letters to the FTB on PRESSMAN's behalf in 2005 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or

disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU sent letters to the IRS on PRESSMAN's behalf in 2005 while YOU were an attorney at Greenberg Traurig LLP.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that in 2004, PRESSMAN was 69 years old.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that for a portion of the year Pressman was that age.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that in 2005, PRESSMAN was 70 years old.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that for a portion of the year Pressman was that age.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 31:**

Admit that in 2005, PRESSMAN was deeply in debt.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that in 2005, PRESSMAN had virtually no current income.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 33:**

Admit that in 2005, PRESSMAN had virtually no unencumbered assets.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 34:**

Admit that in 2005, PRESSMAN's total debt exceeded $48 million.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 35:**

Admit that in 2005, EPD's total debt exceeded $47 million.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 36:**

Admit that in 2005, there were over $36 million in promissory notes due by EPD to third parties.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 37:**

Admit that in 2005, EPD estimated a $3.4 million loss for 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 38:**

Admit that in 2005, EPD required at least $4.5 million in new loans, investments or income just to break even based on interest and principal payments due.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 39:**

Admit that in 2004, PRESSMAN refinanced his home twice to prevent default on obligations due by the DEBTORS.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 40:**

Admit that in 2005, PRESSMAN had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 41:**

Admit that in 2005, EPD had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 42:**

Admit that PRESSMAN did not increase his net worth between 2005 and 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 43:**

Admit that EPD did not increase its net worth between 2005 and 2011.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 44:**

Admit that in 2010, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 45:**

Admit that in 2009, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 46:**

Admit that in 2008, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 47:**

Admit that in 2007, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 48:**

Admit that in 2006, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 49:**

Admit that in 2005, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 50:**

Admit that in 2004, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 55:**

Admit that in 2006, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 56:**

Admit that in 2005, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 571.:**

Admit that in 2004, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 582.:**

Admit that in 2003, all of PRESSMAN's assets were encumbered by secured loans.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 59:**

Admit that in 2010, all companies in which PRESSMAN held ownership interests had negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 60:**

Admit that in 2010, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 61:**

Admit that in 2009, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 62:**

Admit that in 2008, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 63:**

Admit that in 2007, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 64:**

Admit that in 2006, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 65:**

Admit that in 2005, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 66:**

Admit that in 2004, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 67:**

Admit that in 2003, the membership interests in EPD did not have any value due to EPD's debt load and negative net worth.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny,

and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 68:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 69:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 70:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2008.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 71:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2007.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 72:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2006.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 73:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 74:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 75:**

Admit that EPD was unable to earn income in excess of outgoing funds during 2003.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 76:**

Admit that EPD had negative cash flow during 2010.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 773.:**

Admit that EPD had negative cash flow during 2009.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 78:**

Admit that EPD had negative cash flow during 2008.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 79:**

Admit that EPD had negative cash flow during 2007.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 80:**

Admit that EPD had negative cash flow during 2006.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 81:**

Admit that EPD had negative cash flow during 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The

answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 824.:**

Admit that EPD had negative cash flow during 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 83:**

Admit that EPD had negative cash flow during 2003.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**SUPPLEMENTAL RESPONSE:**

The answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny.

**REQUEST FOR ADMISSION NO. 85:**

Admit that the document attached hereto as **Exhibit G** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006256- TR 006262 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, on or about July 8, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the document attached hereto as **Exhibit H** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006263- TR 006267 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the document attached hereto as **Exhibit I** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006268- TR 006274 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about July 8, 2005.

**RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 91:**

Admit that the document attached hereto as **Exhibit J** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006275- TR 006277 is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 93:**

Admit that the document attached hereto as **Exhibit K** and produced to YOU by the TRUSTEE and bearing bates numbers TR 006278- TR 006280 is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 19, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 99:**

Admit that the document attached hereto as **Exhibit M** is a true and correct copy of a letter YOU sent to the California Franchise Tax Board, care of Ms. Rhonda Bianco, on or about October 4, 2004.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 109:**

Admit that the document attached hereto as **Exhibit P** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 111:**

Admit that the document attached hereto as **Exhibit Q** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 113:**

Admit that the document attached hereto as **Exhibit R** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 115:**

Admit that the document attached hereto as **Exhibit S** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 117:**

Admit that the document attached hereto as **Exhibit T** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr. Terence K. Tanner.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 119:**

Admit that the document attached hereto as **Exhibit U** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, State of California Franchise Tax Board, care of Mr.

Terence K. Tanner, on or about January 28, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 121:**

Admit that the document attached hereto as **Exhibit V** is a true and correct copy of a letter YOU sent to the Offer in Compromise Unit, California Franchise Tax Board, care of Ms. Diana Perrin, on or about December 23, 2005.

**RESPONSE:**

Objection. The request for admission contains ambiguous statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that letters were signed by Responding Party in Responding Party's capacity as counsel and sent by Greenberg Traurig; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit the genuineness of the document.

**REQUEST FOR ADMISSION NO. 154:**

Admit that when YOU made investments with the DEBTORS, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 155:**

Admit that when YOU made loans to the DEBTORS, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 156:**

Admit that when the FUNDING AGREEMENT was signed, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 159:**

Admit that at the time any promissory notes were signed by the DEBTORS in favor of YOU, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the

State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 163:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of YOU, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 165:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 167:**

Admit that at the time any security agreements were signed by the DEBTORS in favor of the BC TRUST, POSHOW was not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or

disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that she has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 168:**

Admit that at the time the UCC-1 was filed, YOU were not a lender licensed by the State of California.

**RESPONSE:**

Objection. The request for admission contains ambiguous, compound, conjunctive, or disjunctive statements. Subject to this objection and the general objections stated above, and based on information and belief, Responding Party admits that he has never been a lender licensed by the State of California; the request for admission is otherwise denied.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 197:**

Admit that the BC TRUST did not deposit any amounts with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 199:**

Admit that YOU did not deposit $2,055,466.23 with the DEBTORS.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 200:**

Admit that YOU did not invest approximately two million dollars with the DEBTORS.

**RESPONSE:**

Objection; the term "invest" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 204:**

Admit that YOU did not deposit $400,000 in EPD on or about September 28, 2007.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 206:**

Admit that YOU did not deposit $150,000 in EPD on or about March 27, 2008.

**RESPONSE:**

Objection; the term "deposit" is not defined and Defendant is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Admit.

**SUPPLEMENTAL RESPONSE:**

Propounding Party has refused to define what he means by "deposit with the Debtors." The Merriam-Webster Dictionary defines the transitive verb "deposit" as "to place especially for safekeeping or as a pledge • depositing her tools in the trunk of the car; especially, economics : to put in a bank • having your paycheck automatically deposited into your bank account." Responding Party's response to this request is based on that definition. Responding Party admits that, rather than

depositing any amounts with the Debtors, Responding Party made loans to the Debtors and the Debtors had obligations thereunder.

**FURTHER SUPPLEMENTAL RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO.235:**

Admit that the BC TRUST designated YOU as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**SUPPLEMENTAL RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 236:**

Admit that POSHOW designated YOU as the person most qualified to testify for the BC TRUST at the Rule 2004 Examination that took place on May 27, 2011 in the BANKRUPTCY CASE.

**RESPONSE:**

The Defendant has made a good faith investigation of all sources available to him and responds that he is unable to admit or deny the request.

**SUPPLEMENTAL RESPONSE:**

Denied.

DATED: May 23, 2017

**EXECUTED AS TO THE OBJECTIONS BY**
**Lewis R. Landau**
**Attorney-at-Law**

By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Defendant
John C. Kirkland

**VERIFICATION**

I have read the foregoing AMENDED RESPONSES TO REQUESTS FOR ADMISSION, and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 23, 2017.

John C. Kirkland

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: ***DECLARATION OF COREY R. WEBER IN SUPPORT OF: CHAPTER 7 TRUSTEE'S (1) MOTION FOR SUMMARY ADJUDICATION REGARDING THE TRUSTEE'S FIRST CLAIM FOR RELIEF FOR DISALLOWANCE OF CLAIMS, OR, IN THE ALTERNATIVE, FOR EQUITABLE SUBORDINATION OF CLAIMS AND PROOFS OF CLAIM; AND, (2) MOTION FOR SUMMARY ADJUDICATION REGARDING THE SECOND, THIRD AND SIXTH CLAIMS FOR RELIEF FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS MADE WITH ACTUAL INTENT*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 5, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael W Davis mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com
Larry W Gabriel lgabriel@brutzkusgubner.com, nfields@brutzkusgubner.com
Lewis R Landau Lew@Landaunet.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Autumn D Spaeth aspaeth@swelawfirm.com,
gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Corey R Weber ecf@brutzkusgubner.com, cweber@brutzkusgubner.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On ___________**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed:

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 5, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed:

**BY PERSONAL DELIVERY**
Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3332

**BY PERSONAL DELIVERY (to be delivered by 9/6/2017)**
Attorney for Defendants
Lewis R. Landau
22287 Mulholland Highway, # 318
Calabasas, CA 91302

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 5, 2017 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |