Motion, the Notice of the Motion and Notice of Non-Opposition filed regarding the Motion, and received no oppositions to the Motion. The Trustee submitted on the Court's Tentative Ruling issued on June 4, 2013. For the reasons set forth in the Tentative Ruling, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Motion is granted.

# # #

Date: June 10, 2013

Ernest M. Robles
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER APPROVING CHAPTER 7 TRUSTEE'S FIRST OMNIBUS MOTION FOR APPROVAL OF COMPROMISES WITH (1) BRANDON LONDON, ERIC LONDON, LARRY LONDON AND TYRONE LONDON; (2) NHPMN-GP, INC. DBA HILLCRESTE APARTMENTS AND LA HILLCRESTE APARTMENTS LLC; (3) ILLINOIS WESLEYAN UNIVERSITY; (4) FLORIDA GULF COAST UNIVERSITY; (5) JENNIFER MOSLEY; AND (6) SIDECREEK DEVELOPMENT, INC.** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **June 5, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Corey R Weber cweber@ebg-law.com, ecf@ebg-law.com

☐ Service information continued on attached page

**2. <u>SERVED BY THE COURT VIA UNITED STATES MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page

**3. <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

# EXHIBIT III

STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email: sgubner@ebg-law.com
cweber@ebg-law.com

Attorneys for Creditor Michelle Hansel

SARA E. COOK – Illinois Bar No. 03126995
MCKENNA STORER
666 Russel Court, Suite 303
Woodstock, IL 60098
Telephone: 815.334.9692
Facsimile: 815-334-9697
Email: scook@mckenna-law.com

ANTHONY C. DUFFY – Bar No. 50432
LAW OFFICES OF ANTHONY C. DUFFY
4675 MacArthur Ct., Suite 550
Newport Beach, CA 92660
Telephone: 949.222.0995
Facsimile: 949.222.0994
Email: aduffy@aduffylaw.com

Attorneys for Petitioning Creditors Arthur Huerth, Leslie Huerth, Orland McCarthy, Vicki McCarthy, Lynn McCarthy, Jeffrey Saeger, Jayne Ehlert Saeger and Jennie Lee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC,<br><br>Alleged Debtor.<br><br>EIN No. xxx-0994 | Case No. 2:10-bk-62208-ER<br><br>Chapter 7<br><br>**PETITIONING CREDITORS' AND CREDITOR MICHELLE HANSEL'S MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE FOR ALLEGED DEBTOR EPD INVESTMENT COMPANY, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; [DECLARATIONS OF ARTHUR HUERTH, LESLIE HUERTH, ORLAND MCCARTHY, VICKI MCCARTHY, JENNY LEE AND MICHELLE HANSEL IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH]** |

**[11 U.S.C. § 105(a) and 303(g), Fed.R. Bankr.P. 2001(a) and 9075 and Local Bankruptcy Rule 9075-1(b)]**

**[Application for Order Setting Hearing on Shortened Notice Filed Concurrently Herewith]**

**Date:** TO BE SET
**Time:** TO BE SET
**Place:** Courtroom 1568
United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

**TABLE OF CONTENTS**

**Page**

**MEMORANDUM OF POINTS AND AUTHORITIES**......4

**I. INTRODUCTION**......4

**II. EPD IS INDEBTED TO PETITIONING CREDITORS AND HANSEL ON DEMAND NOTES ISSUED BY EPD**......5

**III. PROCEDURAL HISTORY**......7

**A. Procedural History of Bankruptcy Case**......7

**B. Procedural History of State Court Litigation Against EPD**......7

**IV. THE COURT SHOULD ORDER THE IMMEDIATE APPOINTMENT OF AN INTERIM CHAPTER 7 TRUSTEE**......8

**A. EPD Is Unable to Pay Its Debts As They Become Due**......8

**B. EPD Refuses to Provide Petitioning Creditors and Hansel with Financial Statements Showing EPD's Assets and Liabilities**......10

**C. EPD's Assets Are Being Encumbered by Consensual Liens**......12

**1. The Bright Conscience Trust Liens**......12

**2. The HMB Holdings Liens**......12

**D. Creditors and Investors Are Receiving Inconsistent and Incorrect Communication from EPD Regarding the Status of Their Loans**......13

**V. THE MOTION IS PROPERLY HEARD ON AN EXPEDITED BASIS**......13

**VI. A BOND SHOULD NOT BE REQUIRED, OR IF REQUIRED SHOULD BE MINIMAL**......14

**VII. CONCLUSION**......15

## TABLE OF AUTHORITIES

**Page**

**STATUTES**

11 U.S.C. § 303(g) .......... 4, 8, 14

Fed.R.Bankr.P. 2001(a) .......... 8, 14

U.S.C. § 105(a). .......... 14

**TO THE HONORABLE ERNEST ROBLES, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, EPD INVESTMENT COMPANY, LLC, EPD INVESTMENT LEASING COMPANY, LLC, EPD GROUP AND EPD INVESTMENT LEASING COMPANY, THE ALLEGED DEBTORS, AND TO ALL OTHER INTERESTED PARTIES:**

Petitioning Creditors Arthur Huerth and Leslie Huerth (the "Huerths"), the Estate of Dale Saeger ("Saeger"), Jayne Saeger as trustee of the Saeger Declaration of Trust 7/22/94 (the "Saeger Trust"), Orland McCarthy and Vicki McCarthy (the "McCarthys"), and Jenny Lee ("Lee")(the Huerths, Saeger, the Saeger Trust, the McCarthys and Lee are collectively referred to herein as the "Petitioning Creditors"), and creditor Michelle Hansel ("Hansel"), by this Motion, request that the Court appoint an interim Chapter 7 Trustee for the bankruptcy estate of alleged Debtor EPD Investment Company, LLC (the "Debtor" or "EPD"), an investment company located in Santa Monica, California (the "Motion"). Immediate appointment of an interim trustee will prevent EPD, and the Chairman of EPD, Jerrold Pressman ("Pressman"), from transfers or other diminution of EPD's assets during the "gap period" prior to entry of an Order for Relief, and will protect what remaining assets are left of the Debtor's estate.

**THIS MOTION IS BROUGHT ON AN *EX PARTE* BASIS PURSUANT TO LOCAL BANKRUPTCY RULE 9075-1(b) TO OBTAIN A HEARING ON AN EXPEDITED BASIS BECAUSE, WITHOUT THE OVERSIGHT OF AN INTERIM CHAPTER 7 TRUSTEE, THE PETITIONING CREDITORS AND HANSEL BELIEVE THAT EPD WILL CONTINUE TO DIMINISH OR TRANSFER THE ASSETS OF THE ESTATE TO THE DETRIMENT OF THE ESTATE AND ITS CREDITORS BEFORE THE ORDER FOR RELIEF IS ENTERED AND BEFORE A CHAPTER 7 TRUSTEE CAN BE APPOINTED IN THE ORDINARY COURSE. THIS MOTION IS BROUGHT AT THE EARLIEST POSSIBLE TIME FOLLOWING THE FILING OF THE INVOLUNTARY PETITION AGAINST THE DEBTOR AND FOLLOWING THE ISSUANCE OF THE SUMMONS ON THE INVOLUNTARY PETITION. PETITIONING CREDITORS AND HANSEL**

Case 2:10-bk-62208-ER Doc 6 Filed 01/11/11 Entered 01/11/11 16:15:48 Desc Main Document Page 6 of 21

**THEREFORE REQUEST THAT A HEARING ON THIS MOTION BE SCHEDULED AS SOON AS POSSIBLE BUT NOT LATER THAN FRIDAY, JANUARY 14, 2011.**

The debt owed to the Petitioning Creditors arises from debt instruments in the form of demand notes issued by EPD. The notes issued by EPD are each due on demand, or within 30 days after demand. Demand has been made on the notes, and EPD has failed to pay the amounts due. The debts owed to Petitioning Creditors are indisputable. Moreover, EPD has not disputed the Debtor's total inability to pay its debts as they become due. EPD's correspondence with the Petitioning Creditors has acknowledged the inability of EPD to pay the amounts due pursuant to the notes. The Involuntary Petition therefore cannot legitimately be contested.

It is essential that a hearing be conducted as soon as possible. Public records reflect that during the past 1 ½ years, while the demand notes have not been paid, EPD has encumbered EPD's assets with liens by entities that appear related to Pressman or to attorneys for EPD and Pressman. EPD and its principals have recorded UCC-1 financing statements encumbering all assets of EPD. The basis for the liens against EPD and its principals during this period is unclear, as is whether EPD received any value in exchange for the liens. One of the liens is in favor of a trust titled the Bright Conscience Trust Dated September 9, 2009, the address of which trust is a residence whose owner of record appears to be the attorney for EPD and Pressman, John C. Kirkland of Luce Forward Hamilton & Scripps LLP ("Luce Forward"). Another lien on EPD's assets is in favor of HMB Holdings, LLC, with notices to be sent to Luce Forward's Los Angeles Office. In addition, EPD has failed to provide Petitioning Creditors or Hansel with audited or unaudited financial statements definitively showing the assets and liabilities of EPD. Without a definitive schedule of assets and liabilities, Petitioning Creditors and Hansel believe that EPD may have transferred, and may be continuing to transfer, assets of EPD to other entities owned or controlled by Pressman.

By this Motion, Petitioning Creditors seek appointment of an interim Chapter 7 Trustee as soon as possible. There is absolutely no prejudice to EPD as the appointment of an interim Chapter 7 Trustee will simply protect EPD's assets during the gap period prior to entry of the Order for Relief. Waiting 20 days for the filing of an answer to the Involuntary Petition will

only allow EPD and Pressman to continue to diminish the assets of the Debtor's estate and leave Petitioning Creditors without further recourse other than to attempt to trace funds or property, and file actions to recover assets that have been transferred and/or concealed by EPD and Pressman, and to avoid liens that EPD and Pressman have placed upon the Debtor's assets.

This Motion is based on the attached Memorandum of Points and Authorities, the declarations of the Huerths, the McCarthys, Lee and Hansel, and the attached evidence thereto, and such other documentary or witness testimony as the court may consider at the time of the hearing.

Therefore, Petitioning Creditors respectfully request that the Court:

A. Order that a hearing on the Motion take place on an expedited basis and by no later than January 14, 2011; and

B. Grant the Motion and order the Office of the United States Trustee to appoint an interim Chapter 7 trustee forthwith.

Dated: January 11, 2011

Respectfully submitted,

EZRA BRUTZKUS GUBNER LLP

By: /s/ Steven T. Gubner
STEVEN T. GUBNER
Attorneys for Creditor Michelle Hansel

SARA E. COOK
MCKENNA STORER

ANTHONY C. DUFFY
LAW OFFICES OF ANTHONY C. DUFFY
Attorneys for Petitioning Creditors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Alleged Debtor EPD is a private investment company/private equity fund located in Santa Monica, California. EPD is a California limited liability company formed to invest funds in private and public companies and to finance equipment leasing and acquisition. Jerrold Pressman is the Chairman of EPD. The Petitioning Creditors and Hansel are holders of demand notes issued by EPD, and addenda to the demand notes specifying additional amounts loaned to EPD (collectively, the "Notes"). The Notes are each either due on demand, or within 30 days after demand. Petitioning Creditors have made demand on EPD for repayment of the Notes but EPD has failed to pay on the Notes. In addition, the Notes specify that Petitioning Creditors were to receive interest payments on the Notes at the rate of 12% per annum. However, the Debtor's interest payments on the Notes to Petitioning Creditors ceased between June and September 2009, 1 ½ years ago.

Despite inquiries by Petitioning Creditors as to the status of repayment of their loans to EPD and as to the assets of EPD, EPD has failed to provide a consistent or plausible explanation as to the status of either repayment or EPD's assets. Further, EPD has failed to provide audited or unaudited financial statements definitively listing the assets and liabilities of EPD. More troubling, it appears that assets of the Debtor are being encumbered by and/or transferred to persons or entities related to Pressman and/or EPD and Pressman's attorneys. Meanwhile, several lawsuits against the Debtor and Pressman to obtain payment on demand notes are pending. The Debtor is permitting certain suits against EPD to be reduced to default judgment. EPD needs an interim trustee to protect its remaining assets prior to the entry of an Order for Relief. An interim Chapter 7 Trustee will maintain the status quo until the Order for Relief is entered and ensure that EPD's assets are not further diminished or transferred. There is no prejudice to EPD by the appointment of an interim Chapter 7 Trustee. This Motion meets the prerequisites for relief under 11 U.S.C. § 303(g).

Based on the grounds stated herein and in the declarations of the Huerths, the McCarthys, Lee and Hansel, Petitioning Creditors and Hansel respectfully request that the Court grant this Motion and order the immediate appointment of an interim Chapter 7 trustee for EPD.

## II.

## EPD IS INDEBTED TO PETITIONING CREDITORS AND HANSEL ON DEMAND NOTES ISSUED BY EPD

EPD obtained its cash flow to make investments by seeking loans from the Petitioning Creditors and Hansel. EPD provided the Notes to the Petitioning Creditors, Hansel and others in exchange for the amounts loaned to EPD. The amounts owed to Petitioning Creditors and Hansel are as follows:

| **NOTE HOLDERS** | **NOTE AMOUNT (plus accrued interest at 10% per annum)/JUDGMENT AMOUNT** |
|---|---|
| Arthur and Leslie Huerth | $1,153,969.13[1] |
| Orland and Vicki McCarthy | $665,303.92[2] |
| Jenny Lee | $210,000.00 (Default Judgment Has Been Entered Against EPD in That Amount)[3] |
| Jeffrey Saeger as Co-Executor of the Estate of Dale Saeger | $357,218.19[4] |
| Jayne Saeger | $528,931.67[5] |
| Michelle Hansel | $660,000.00 (Pre-Judgment Writ of Attachment Has Been Entered Against EPD in That Amount)[6] |
| **TOTAL OWED BY EPD** | **$3,575,422.91** |

[1] Involuntary Petition; Arthur Huerth Declaration, ¶¶ 2 and 4; Leslie Huerth Declaration, ¶¶ 2 and 4.
[2] Involuntary Petition; Orland McCarthy Declaration, ¶¶ 2 and 5; Vicki McCarthy Declaration, ¶¶ 2 and 4.
[3] Lee Declaration, ¶¶ 3 and 5; Request for Judicial Notice ("RJN"), Exhibits 1 (default judgment) and 2 (writ of execution).
[4] Jeffrey Saeger Declaration, ¶¶ 2 and 5.
[5] Jayne Saeger Declaration, ¶¶ 2 and 5.
[6] Hansel Declaration, ¶ 10.

The Notes are all either due on demand, or due within 30 days after demand.[7] The Notes provide for payment of 12% interest per annum.[8] For example, a promissory note issued to Lee, one of the Petitioning Creditors, states:

> "For value received, EPD Investment Company, LLC promises to pay to the order of Jenny Lee, at Santa Monica, California, Two Hundred Ten Thousand Dollars and No/100 ($210,000.00) in lawful money of the United States of America, bearing an interest rate of twelve (12.0%) percent per annum. Additional deposits submitted by the bearer will be acknowledged in writing and such documents will serve as an addendum to the note, adjusting the amount herewith. Withdrawals requested by the bearer effecting the principal amount of the note will be acknowledged by an account schedule and will decrease accordingly, without revision and reissue of the original note. Should collection commence to enforce payment of this Note, EPD Investment Company, LLC promises to pay such additional sum, as the Court may adjudge reasonable as attorneys' fees." [9]

The note states "**DUE: <u>**On Thirty (30) Days Demand**</u>**"[10]

Other Notes, such as the ones issued to Hansel, state "**DUE: <u>On Demand**</u>**".[11] Further deposits by the Petitioning Creditors are reflected in "Deposit Acknowledgements." As an example, a Deposit Acknowledgement to Hansel states:

> "A principal deposit in the amount of One Hundred Fifty Thousand Dollars and No/100 ($150,000) in lawful money of the United States of America was credited to your EPD Investment Company, LLC account number listed below. Interest on this deposit will begin accumulating on the deposit date noted above at the current interest rate for this account. This signed deposit acknowledgement serves as an addendum to your original note from EPD Investment Company, LLC. Please keep this with your records for future reference."[12]

The Notes issued by EPD to Petitioning Creditors and Hansel total approximately $4.5 million. No interest on the Notes has been paid to Petitioning Creditors or Hansel since Summer 2009.

---

[7] Arthur Huerth Declaration, ¶ 4; Leslie Huerth Declaration, ¶ 4; Orland McCarthy Declaration, ¶ 5; Vicki McCarthy Declaration, ¶ 4; Jeffrey Saeger Declaration, ¶ 5; Jayne Saeger Declaration, ¶ 4; Lee Declaration, ¶ 5; and Hansel Declaration, ¶¶ 3-4 and Exhibits A and B thereto.

[8] Arthur Huerth Declaration, ¶ 4; Leslie Huerth Declaration, ¶ 4; Orland McCarthy Declaration, ¶ 5; Vicki McCarthy Declaration, ¶ 4; Jeffrey Saeger Declaration, ¶ 5; Jayne Saeger Declaration, ¶ 4; Lee Declaration, ¶ 5; and Hansel Declaration, ¶ 6.

[9] Lee Declaration, ¶ 5.

[10] Lee Declaration, ¶ 5.

[11] Hansel Declaration, ¶¶ 3-4 and Exhibts A and B thereto.

[12] Hansel Declaration, ¶ 4 and Exhibit B thereto.

Each of the Petitioning Creditors has made demand on EPD for the interest payments and the repayment of the Notes, but EPD has failed to pay any amounts since Summer 2009.[13]

**III.**

**PROCEDURAL HISTORY**

**A. Procedural History of Bankruptcy Case**

The Involuntary Petition was filed on December 7, 2010. The Petitioning Creditors, all holders of notes issued by EPD, are collectively owed an amount not less than $3.9 million by EPD. Hansel is owed in excess of $600,000 by EPD. Collectively, the Petitioning Creditors and Hansel are owed in excess of $4.5 million by EPD based on the Notes.

The summons on the Involuntary Petition was issued on December 28, 2010. The Court has set a Status Conference for February 9, 2011. The summons and Involuntary Petition is being served on EPD by Petitioning Creditors concurrently with this Motion.

**B. Procedural History of State Court Litigation Against EPD**

A chart showing the details and status of state court proceedings against EPD and its principals and others is as follows:

| Case Name | Case No. | Court | Status |
|---|---|---|---|
| Jenny Lee Bridal, LLC, et al. v. EPD Investment Co. | BC 427112 | Superior Court for the State of California, County of Los Angeles | Lee obtained a default judgment against EPD for breach of contract and fraud in the amount of $210,000 in April 2010. |
| Hansel v. EPD Investment Co., LLC, et al. | SC 106151 | Superior Court for the State of California, County of Los Angeles | Hansel obtained pre-judgment writ of attachment. Trial setting conference set for January 10, 2011. |
| John Dittmar v. Pressman, et al. | BC 446372 | Superior Court for the State of California, County of Los Angeles | Case Management Conference set for February 8, 2011. |

[13] Arthur Huerth Declaration, ¶ 3; Leslie Huerth Declaration, ¶ 3; Orland McCarthy Declaration, ¶ 4; Vicki McCarthy Declaration, ¶ 3; Jeffrey Saeger Declaration, ¶ 4; Jayne Saeger Declaration, ¶ 3; Lee Declaration, ¶ 4; and Hansel Declaration, ¶¶ 6-7.

| | | | |
|---|---|---|---|
| Huerth v. EPD Investment Co., LLC, et al. | 10 C 05049 | United States District Court for the Northern District of Illinois, Western Division | Amended complaint was filed on December 20, 2010. Plaintiff is awaiting a responsive pleading. There was no answer filed to the original complaint. A status conference is set for January 26, 2011. |

## IV.

## THE COURT SHOULD ORDER THE IMMEDIATE APPOINTMENT OF AN INTERIM CHAPTER 7 TRUSTEE

This Motion requests the immediate appointment of an interim Chapter 7 Trustee pursuant to 11 U.S.C. § 303(g) and Fed.R.Bankr.P. 2001(a) to preserve what remains of EPD's assets, if any still exist, and to prevent further loss to the estate. 11 U.S.C. § 303(g) states that:

> "At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and **if necessary to preserve the property of the estate or to prevent loss to the estate** may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor. … (Bold and underlined emphasis added.)"

Federal Rule of Bankruptcy Procedure 2001(a) similarly states that:

> "At any time following the commencement of an involuntary liquidation case and before an order for relief, the court on written motion of a party in interest may order the appointment of an interim trustee under § 303(g) of the Code. The motion shall set forth the necessity for the appointment and may be granted only after hearing on notice to the debtor, the petitioning creditors, the United States trustee, and other parties in interest as the court may designate."

### A. EPD Is Unable to Pay Its Debts As They Become Due

As discussed herein below, an interim Chapter 7 Trustee is necessary in this case to both preserve the property of the estate and to prevent further loss to the estate. Correspondence from EPD to Petitioning Creditors and Hansel has acknowledged the inability of EPD to pay interest

Case 2:10-bk-62208-ER Doc 6 Filed 01/11/11 Entered 01/11/11 16:15:48 Desc Main Document Page 13 of 21

on the Notes, or repay the Notes, even though demand has been made.[14] The Notes are due on demand, or within 30 days after demand.[15] Demand has been made by each of the Petitioning Creditors and Hansel for payment of interest on the Notes and for repayment of the Notes, but EPD has failed to pay any interest or principal on the Notes since Summer 2009.[16]

A letter from Pressman to Petitioning Creditor Orland McCarthy in December 2009 demonstrates EPD's dire financial position coupled with promises that EPD's assets are protected:

> "**I have also been plagued by the Madoff publicity, which has caused people to request increased monthly payments or outright return of their loans. This has put me in a very difficult position of trying to meet their demands and at the same time continue to make timely payments as it is draining our cash flow. Our strategy was to use the borrowed monies to earn high interest, and were fortunate to place the funds into long term extremely profitable investments. In the past when funds were demanded, we were able to replace them with new financing, which is impossible to accomplish today, therefore impacting my ability to timely honor cash requests**… Overall our assets greatly exceed our liabilities, and your funds are well protected. I am committed to continue to protect these funds, and I believe that we will come out of these miserable times stronger than before but, in the meantime, **for the first time in 30 years, I'm having difficulty making the monthly payments and honoring your requests for additional funds.** I am asking you to be patient because I know you rely on these funds for your well being and want to reassure you that I am doing everything in my power including using my own personal assets to buffer us through this economic storm… We are faced with a world financial crisis, and I appreciate your long term confidence in me and my judgment. I will call you soon to give you an update and in the meantime will work diligently to reestablish timely payments…" (Emphasis added.)[17]

Since the Notes are all either due on demand, or within 30 days of demand, it is unclear as to how EPD could invest all or a significant portion of its monies in long term investments. There is no way that EPD could liquidate the long term investments to meet the demands made on the due on demand notes without obtaining noteholders or new investors. Whatever EPD's logic or business model, the letter from Pressman makes clear that EPD is unable to honor the Notes.

---

[14] Orland McCarthy Declaration, ¶ 8; *Supplemental* Arthur Huerth Declaration, ¶ 2 and Huerth Declaration, ¶ 5 and Exhibit C thereto.

[15] Arthur Huerth Declaration, ¶ 4; Leslie Huerth Declaration, ¶ 4; Orland McCarthy Declaration, ¶ 5; Vicki McCarthy Declaration, ¶ 4; Jeffrey Saeger Declaration, ¶ 5; Jayne Saeger Declaration, ¶ 4; Lee Declaration, ¶ 5; and Hansel Declaration, ¶¶ 3-4 and Exhibits A and B thereto.

[16] Arthur Huerth Declaration, ¶ 7; Leslie Huerth Declaration, ¶ 7; Orland McCarthy Declaration, ¶ 8; Vicki McCarthy Declaration, ¶ 6; Jeffrey Saeger Declaration, ¶ 7; Jayne Saeger Declaration, ¶ 6; Lee Declaration, ¶¶ 3-5; and Hansel Declaration, ¶ 7.

**B. <u>EPD Refuses to Provide Petitioning Creditors and Hansel with Financial Statements Showing EPD's Assets and Liabilities</u>**

The assets and liabilities of EPD are unknown to the Petitioning Creditors and Hansel. The Petitioning Creditors have requested a listing of assets from EPD. EPD, through Pressman, has generally failed to respond to the request. No audited or unaudited financial statements have ever been provided to Petitioning Creditors or Hansel.[18] The only listing of assets received was received by Orland McCarthy in December 2009, well after the interest payments on the Notes stopped.[19] The listing of assets raises questions, but provides little in the way of guidance, as to EPD's assets. The listing is titled "EPD Investment Portfolio" and states "As a follow up to our discussion, I have listed below several of the significant investments held by EPD and its affiliate companies and will attempt to give you a brief description of the companies."[20] The EPD Investment Portfolio lists investments as follows:

| **Property/Company** | **Description** | **Value** |
|---|---|---|
| North Hills Industrial Park | Industrial park in North Hills, California | EPD estimates $48 million in value less $19 million in debt = $29 million equity<br><br>Generates $3 million in triple net rent |
| Westover Hills | Developed property in San Antonio, Texas | EPD estimates $3.5 million in value |
| Fallbrook | Property in Memphis, Tennessee | EPD estimates $32 million in value less $10 million in debt = $22 million equity |
| Brentwood | Property in Brentwood, Tennessee | EPD estimates $22.525 million in value |
| Addison | Ice skating rink in Addison, Texas | EPD estimates $2.5 million in value |

[17] Orland McCarthy Declaration, ¶ 8.
[18] Hansel Declaration, ¶ 8.
[19] Orland McCarthy Declaration, ¶¶ 4 and 8.
[20] Orland McCarthy Declaration, ¶ 8.

| | | |
|---|---|---|
| Icoplex | Company manages ice skating rinks in California | No value stated |
| Easy Street Arena | Ice skating rink in Simi Valley, California | EPD estimates $3.5 million in value |
| Broadway Entertainment | Company markets television and radio shows | EPD states that Broadway Entertainment “grossed” more than $6 million in 2008 |
| Celebrity Edge | Radio broadcasting company | No value stated |
| Key Club | Music venue and event facility on the Sunset Strip in Hollywood, California | No value stated |
| EPD | Oversees the properties | No value stated |
| “RDT,” “JSP Properties,” “Creekside” and “Pazza” | Unknown | No value stated |
| **TOTAL** | | **$112.025 million in Estimated Assets less $29 million in Estimated Liabilities = $83.025 million in Estimated Net Equity** |

The EPD Investment Portfolio provides the impression that EPD has over $83 million in net equity in properties. However, for a company with assets in that range, EPD has been unable to provide audited or unaudited financial statements. It is unclear from the EPD Investment Portfolio as to the extent of EPD’s ownership interest in the properties and businesses listed. Further, EPD has been unable to pay interest on the Notes or repay the Notes on demand while assets of EPD have been encumbered by consensual liens. The only conclusion that can be reached from the EPD Investment Portfolio and EPD’s failure to provide financial statements is that EPD’s assets and liabilities are unknown, and therefore easily encumbered or transferred to the detriment of EPD’s creditors.

/ / /

/ / /

**C. <u>EPD's Assets Are Being Encumbered by Consensual Liens</u>**

During the time period while the Petitioning Creditors and Hansel stopped receiving interest payments and were not repaid on the Notes on demand, EPD has proceeded to encumber its assets with consensual liens by entities that appear related to and/or controlled by Pressman or his attorneys.

**1. The Bright Conscience Trust Liens**

On September 11, 2009, EPD recorded a UCC-1 Financing Statement covering all assets of EPD and Pressman. <u>**The UCC-1 was in favor of a trust interestingly named the *Bright Conscience Trust Dated September 9, 2009* (the "Bright Conscience Trust"). The address listed for the Bright Conscience Trust is 754 Swarthmore Ave., Pacific Palisades, California 90272[21], real property that public records reflect is titled in the name of John C. Kirkland ("Kirkland").[22] Kirkland is an attorney with Luce Forward, counsel for EPD and Pressman in the Hansel Case.**</u> Petitioning Creditors are not aware as to what the Bright Conscience Trust is, and whether EPD received value in exchange for the UCC-1 security interest. On May 5, 2010, the Bright Conscience Trust recorded an amendment to the UCC-1 financing statement stating that "This amendment is to clarify and confirm that the prior grant of security did not include the stock of North Hills Industrial Park, Inc., a California S-Corporation."[23]

**2. The HMB Holdings Liens**

On September 15, 2009, a UCC-1 financing statement was recorded against EPD and in favor of HMB Holdings, LLC ("HMB Holdings").[24] On the same date, a UCC-1 financing statement was recorded against Pressman and in favor of HMB Holdings.[25]

/ / /

/ / /

/ / /

---

[21] RJN, Exhibit 3.

[22] A simple Google search on that address pulls up records showing Kirkland as the record title holder for the real property. E.g., losangeles.blockshopper.com/property/4412009007/754_swarthmore/

[23] RJN, Exhibit 4.

[24] RJN, Exhibit 5.

[25] RJN, Exhibit 6.

**D. <u>Creditors and Investors Are Receiving Inconsistent and Incorrect Communication from EPD Regarding the Status of Their Loans</u>**

Petitioning Creditors made the loans to EPD in exchange for notes that are due on demand or within 30 days after demand, together with 12% per annum interest payments per annum on the Notes. The interest payments on the Notes stopped between June and September 2009. Since late 2009, EPD has designated varying people at another company apparently owned and/or controlled by Pressman, Broadway Entertainment, to respond to inquiries from the petitioning creditors in EPD. The people designated by EPD to talk with the petitioning creditors have consistently given vague and incorrect information as to the financial status of EPD. The responses from EPD succeeded in delaying certain of the Petitioning Creditors from taking action against EPD, including the filing of the Involuntary Petition.

For example, correspondence during 2010 between EPD and the Huerths show a continual pattern of EPD providing false assurances that "all is very good. Better than ever" or "your money is safe" or "we are very close."[26] Meanwhile, as discussed above, no payments were made by EPD to the Huerths, to the other Petitioning Creditors or to Hansel. In the correspondence, EPD and its representatives make no mention of the consensual liens placed on EPD's assets by the Bright Conscience Trust and HMB Holdings.

**V.**

**<u>THE MOTION IS PROPERLY HEARD ON AN EXPEDITED BASIS</u>**

Pursuant to Local Bankruptcy Rule 9075-1(b), this Court may, for cause shown, and in its discretion, order that a hearing take place on notice shorter than would otherwise be required under the Local Bankruptcy Rules.

Rule 9075-1(b)(2) states that "Unless otherwise ordered by the court, the application must: (A) Describe the nature of the relief requested in the underlying motion, identify the parties affected by the relief requested in the motion, and state the reasons for necessitating a hearing on shortened time; and (B) Be supported by the declaration of one or more competent

[26] *Supplemental* Arthur Huerth Declaration, ¶ 2 and Huerth Declaration, ¶ 5 and Exhibit C thereto.

witnesses under penalty of perjury that justifies the setting of a hearing on shortened time and establishes a *prima facie* basis for the granting of the underlying motion."

This Motion requests the immediate appointment of an interim Chapter 7 Trustee and complies with 11 U.S.C. § 303(g) and Fed.R.Bankr.P. 2001(a). This Motion is also accompanied by the declarations of the Huerths, the McCarthys, Saeger, Lee and Hansel. Based on the foregoing points and authorities, the declarations filed in support thereof, and based on such arguments and evidence as may be made and presented at the hearing on the Motion, there is more than sufficient evidence to support a finding that an expedited hearing, and the immediate appointment of an interim Chapter 7 Trustee, are necessary to preserve the property of the estate and to prevent further loss to the estate.

## VI.

## A BOND SHOULD NOT BE REQUIRED, OR IF REQUIRED SHOULD BE MINIMAL

Federal Rule of Bankruptcy Procedure 2001(b) requires that Petitioning Creditors furnish a bond "in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under §303(i) of the Code."

This application is seeking to preserve EPD's assets for the benefit of all creditors of EPD. Petitioning Creditors and Hansel are not asking that the Court grant relief specific to them. The public records showing that EPD has recorded liens against its assets while amounts owed to Petitioning Creditors and Hansel demonstrate the need for an interim trustee simply to preserve EPD's assets during the gap period. Given the facts of this case, as stated hereinabove and in the Huerths, the McCarthys, Saeger, Lee and Hansel Declarations, and the likelihood that an Order for Relief will be entered herein, this Court should require a bond of zero dollars or in a minimal amount.

In addition, should the Court deem it appropriate to do so, the Court may order the appointment of an interim Chapter 7 Trustee *sua sponte*, with no bond required, pursuant to 11 U.S.C. § 105(a).

## VII.

## CONCLUSION

Based on the foregoing and based on the Declarations of the Huerths, the McCarthys, Saeger, Lee and Hansel, Petitioning Creditors respectfully request that the Court:

1. Order that a hearing on the Motion take place on an expedited basis and by no later than January 14, 2011; and

2. Grant the Motion and order the Office of the United States Trustee to appoint an interim Chapter 7 trustee forthwith.

Respectfully submitted,

Dated: January 11, 2011

EZRA BRUTZKUS GUBNER LLP

By: /s/ Steven T. Gubner
STEVEN T. GUBNER
Attorneys for Creditor Michelle Hansel

SARA E. COOK
MCKENNA STORER

ANTHONY C. DUFFY
LAW OFFICES OF ANTHONY C. DUFFY
Attorneys for Petitioning Creditors

| In re: EPD INVESTMENT COMPANY, LLC, Debtor(s). | CHAPTER 7<br>CASE NUMBER 2:10-bk-62208-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document described **PETITIONING CREDITORS' AND CREDITOR MICHELLE HANSEL'S MOTION FOR APPOINTMENT OF INTERIM CHAPTER 7 TRUSTEE FOR ALLEGED DEBTOR EPD INVESTMENT COMPANY, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; [DECLARATIONS OF ARTHUR HUERTH, LESLIE HUERTH, ORLAND MCCARTHY, VICKI MCCARTHY, JENNY LEE AND MICHELLE HANSEL IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 11, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Office of the United States Trustee** – ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **January 11, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**BY OVERNIGHT MAIL**

Office of the United States Trustee (LA)
725 South Figueroa Street, Suite 2600
Los Angeles, CA 90017

EPD Investment Co., LLC
Attn: Keith Pressman, Principal
520 Broadway, Ste. 660
Santa Monica, CA 90401

**Alleged Debtor**
EPD Investment Company, LLC
John C. Kirkland, Esq.
Agent for Service of Process
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404

**Attorneys for Alleged Debtor and Agent for Service of Process**
John C. Kirkland, Esq.
Luce Forward
601 South Figueroa Street, Suite 3900
Los Angeles, CA 90017

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 11, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**BY PERSONAL DELIVERY**
Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division - Roybal Federal Building
255 East Temple Street, Bin Outside of Suite 1560
Los Angeles, CA 90012-3332

**BY EMAIL**
John C. Kirkland, Esq. - jkirkland@luce.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2011 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: EPD INVESTMENT COMPANY, LLC, Debtor(s). | CHAPTER 7<br>CASE NUMBER 2:10-bk-62208-ER |
|---|---|

**BY OVERNIGHT MAIL**

**Attorneys for Petitioning Creditors**
Sara E. Cook, Esq.
McKenna Storer
666 Russel Court, Suite 303
Woodstock, IL 60098

**Attorneys for Petitioning Creditors**
Anthony C. Duffy, Esq.
Law Offices of Anthony C. Duffy
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660

# EXHIBIT JJJ

COPY

PLD-050

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John C. Kirkland; SBN 149453
Luce, Forward, Hamilton & Scripps, LLP
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
TELEPHONE NO.: 213.892.4907 FAX NO. *(Optional):* 213.452.8035
E-MAIL ADDRESS *(Optional):* jkirkland@luce.com
ATTORNEY FOR *(Name):* Defendant EPD Investment Co., LLC

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2010

John A. Clarke, Executive Officer/Clerk

By Jennifer Denham, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: Michelle Hansel
DEFENDANT/RESPONDENT: EPD Investment Co., LLP, et al

## GENERAL DENIAL

CASE NUMBER: SC106151

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:

1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less), BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name):* EPD Investment Co., LLC
generally denies each and every allegation of plaintiff's complaint.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   1. The stated interest rate is usurious.
   2. The funds were an investment, rather than a loan that required repayment.

Depo — Pg(s) 1/19 EXHIBIT for I.D.
MITCH A. GENSER, CSR#4239, NP
Date: 6/28/11
Witness: Kirkland

Date: March 24, 2010

John C. Kirkland
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

**PROOF OF SERVICE**

Hansel v. EPD Investment Co., LLC, et al, Case No. SC106151

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles; California 90017.

On March 24, 2010, I served true copies of the following document(s) described as **GENERAL DENIAL** on the interested parties in this action as follows:

Stephen M. Doniger, Esq.
DONIGER / BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Facsimile: 310-417-3538
*Attorney for Michelle Hansel*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.452.8035. No error was reported by the fax machine that I used.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24, 2010, at Los Angeles, California.

Lisa Underkoffler

# EXHIBIT KKK

CONFIDENTIAL

PLD-050

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew B. Gruenberg (SBN 264210)
LAW OFFICES OF MATTHEW B. GRUENBERG
942A Lincoln Boulevard
Santa Monica, CA 90403
TELEPHONE NO.: 310.740.5105 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Jerrold Pressman, Keith Pressman, EPD Investment

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
NOV 22 2010
John A. Clarke, Executive Officer/Clerk
BY ________, Deputy
Shaunya Wesley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: John Dittmar

DEFENDANT/RESPONDENT: Jerrold S. Pressman, et al.

## GENERAL DENIAL

CASE NUMBER: BC 446372

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less), BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name):* Jerrold S. Pressman, Keith Pressman, EPD Investment Co., LLC generally denies each and every allegation of plaintiff's complaint.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   1. The stated interest rate is usurious.
   2. The funds were an investment, rather than a loan that required repayment.

Date: November 22, 2010

Matthew B. Gruenberg
(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.



Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2009]

GENERAL DENIAL

Code of Civil Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Deft ____ Pltf ____ EXHIBIT for I.D. 18
MITCH A. GENSER, CSR#4839.NP
Date 5/3/11
Witness Matt G.

T-PR 070554



8

CONFIDENTIAL

## PROOF OF SERVICE

Dittmar v. Pressman, et al, Case No. BC 446372

Judge: Hon. Michael C. Solnar

Dept: 39

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On November 22, 2010, I served true copies of the following document(s) described as **GENERAL DENIAL** on the interested parties in this action as follows:

Alan Gutman
John Juenger
Law Offices of Alan S. Gutman
9401 Wilshire Blvd., Suite 575
Beverly Hills, CA 90212-2918

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 22, 2010, at Los Angeles, California.

Lisa Underkoffler

# EXHIBIT LLL

CONFIDENTIAL

COPY

PLD-050

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew B. Gruenberg (SBN 264210)
LAW OFFICES OF MATTHEW B. GRUENBERG
942A Lincoln Boulevard
Santa Monica, CA 90403
TELEPHONE NO.: 310.740.5105 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): EPD Investment Co., LLC et al

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 22 2010

John A. Clarke, Executive Officer/Clerk
BY ______, Deputy
Shaunya Wesley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Jenny Lee Bridal, LLC et al

DEFENDANT/RESPONDENT: EPD Investment Co., LLC et al.

## GENERAL DENIAL

CASE NUMBER: BC 427112

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:

1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less), BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name):* EPD Investment Co;, LLC, Broadway Entertainment Marketing, Inc., Jerrold Pressman generally denies each and every allegation of plaintiff's complaint.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   1. The stated interest rate is usurious.
   2. The funds were an investment, rather than a loan that required repayment.
   3. In exchange for funds, Plaintiffs seek to recover Defendants' furnished services to Plaintiffs and were not paid for those services.

Date: November 22, 2010

Matthew B. Gruenberg
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.



Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2009]

GENERAL DENIAL

Code of Civil Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Def(s) ____ Pl(s) 57 EXHIBIT for I.D.
MITCH A. GENSER, CSR #4839, RP
Date: 5/2/11
Witness: Matt G.

T-PR 073690

2228

5

CONFIDENTIAL

# PROOF OF SERVICE

Jenny Lee Bridal v. EPD Investment Co., LLC, Case No. BC 427112

Judge: Hon. Rita Miller

Dept: 16

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa, Suite 3900, Los Angeles, California 90017.

On November 22, 2010, I served true copies of the following document(s) described as **GENERAL DENIAL** on the interested parties in this action as follows:

Harold Jung
Raisin & Kavcioglu
16055 Ventura Blvd Ste 601
Encino, CA 91436-2609

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 22, 2010, at Los Angeles, California.

Lisa Underkoffler

# EXHIBIT MMMM

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
STEVEN T. GUBNER - Bar No. 156593
COREY R. WEBER - Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000; Facsimile (818) 827-9099
Email: sgubner@ebg-law.com; cweber@ebg-law.com
*Attorney for* Movant, Jason Rund, Chapter 7 Trustee

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>EPD INVESTMENT COMPANY, LLC and JERROLD PRESSMAN,<br><br>Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:10-bk-62208-ER |
| | DATE: August 1, 2012<br>TIME: 10;00 a.m.<br>COURTROOM: 1568 |

## NOTICE OF MOTION FOR:

APPROVAL OF COMPROMISE WITH JERROLD PRESSMAN
[Fed. R. Bank. P. 9019; Loc. Bankr. R. 9013-1]

*(Specify name of Motion)*

1. TO: ALL INTERESTED PARTIES:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Hearing Date:** August 1, 2012 **Time:** 10:00 a.m. **Courtroom:** 1568 **Floor:** 15

- ☒ **255 East Temple Street, Los Angeles**
- ☐ **411 West Fourth Street, Santa Ana**
- ☐ **21041 Burbank Boulevard, Woodland Hills**
- ☐ **1415 State Street, Santa Barbara**
- ☐ **3420 Twelfth Street, Riverside**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: July 6, 2012

EZRA BRUTZKUS GUBNER LLP
*Law Firm Name*

By: /s/ Corey R. Weber

Name: COREY R. WEBER
*Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@ebg-law.com
cweber@ebg-law.com

Special Litigation Counsel for Jason M. Rund, Chapter 7 Trustee

ROBERT A. HESSLING – Bar No. 96466
ROBERT A. HESSLING, A.P.C.
3853 Meadow Park Lane
Torrance, CA 90505
Telephone: (310) 375-0255
Facsimile: (310) 375-0255
Email: rhessling@gmail.com

General Counsel for Jason M. Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors. | Case No. 2:10-bk-62208-ER<br>[Lead Case]<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH JERROLD PRESSMAN; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF [Fed. R. Bank. P. 9019; Loc. Bankr. R. 9013-1]**<br><br>**Date:** August 1, 2012<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 1568<br>United States Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..... 5

I. INTRODUCTION ..... 5

II. BACKGROUND ..... 6

A. EPD ..... 6

B. The EPD Bankruptcy Case. ..... 7

1. The Involuntary Petition and the Order for Relief. ..... 7

2. The Motion to Compel and the Debtor's Filings of Statements Schedules and a Creditor's Matrix ..... 7

3. EPD's Motion to Convert the Case to Chapter 11, and Motion to Alter or Amend. ..... 8

4. The Rule 2004 Examinations. ..... 8

5. The 9019 Motion re the North Hills Stock. ..... 9

C. The Pressman Bankruptcy Case. ..... 9

D. Substantive Consolidation ..... 10

E. The Salient Terms of the Stipulation for Non-Dischargeable Judgment ..... 10

III. ARGUMENT ..... 13

A. Legal Standards for Approval. ..... 13

B. Application of the A&C Properties Factors Demonstrates That the Stipulation for Non-Dischargeable Judgment Should be Approved ..... 14

1. Probability of Success on the Merits ..... 15

2. The Difficulty, If Any, In Collection ..... 15

3. The Complexity, Expense and Inconvenience of Litigation. ..... 16

4. The Paramount Interests of Creditors ..... 16

IV. CONCLUSION ..... 17

DECLARATION OF JASON M. RUND ..... 18

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:58 Desc Main Document Page 4 of 38

## TABLE OF AUTHORITIES

Page

### CASES

In re A&C Properties,
784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied,
479 U.S. 854, 107 S. Ct. 189 (1986) .... 13

In re Morrison,
69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) .... 13

In re W.T. Grant Co.,
699 F.2d 599, 608 (2d Cir. 1983), cert. denied,
464 U.S. 822 (1984) (quoting Newman v. Stein,
464 F.2d 689, 698 (2d Cir.), cert. denied, 409 U.S. 1039 (1972)) .... 14

In re Walsh Construction, Inc.,
669 F.2d 1325, 1328 (9th Cir. 1982) .... 13

In re Woodson,
839 F.2d 610, 620 (9th Cir. 1988) .... 13

### STATUTES

11 U.S.C. § 523(a) .... 3, 12

11 U.S.C. § 706(a) .... 8

11 U.S.C. § 727 .... 1, 5, 20

11 U.S.C. § 727(c), .... 15, 20

11 U.S.C. § 727(c)(2) .... 15, 20

Fed. R. Bankr. P. 9019(a) .... 13

**TO THE HONORABLE ERNEST M. ROBLES, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR EPD INVESTMENT CO., LLC, DEBTOR JERROLD PRESSMAN, AND ALL OTHER INTERESTED PARTIES:**

Jason M. Rund, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the consolidated bankruptcy estate of debtors EPD Investment Co., LLC ("EPD") and Jerrold S. Pressman ("Pressman"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving a compromise of controversies by way of a stipulation for non-dischargeable judgment in favor of the consolidated bankruptcy estate and against Pressman as to his post-petition assets (the "Stipulation for Non-Dischargeable Judgment") by, among, and between the Trustee and Pressman (the Trustee and Pressman are each referred to as a "Party" and are collectively referred to as the "Parties"). The Stipulation for Non-Dischargeable Judgment resolves claims between the Parties in relation to the Trustee's potential claims against Pressman for objection to discharge pursuant to 11 U.S.C. § 727.

The Stipulation for Non-Dischargeable Judgment entered into by the Parties contains the following essential terms:

1. Pressman stipulates to a non-dischargeable judgment ("Non-Dischargeable Judgment') in the amount of Five Million Dollars ($5,000,000.00) in favor of the consolidated bankruptcy estate, which shall be available to creditors of the consolidated bankruptcy estate holding allowed claims on a *pro rata* basis, and according to the priorities set forth in the Bankruptcy Code (to the extent such allowed claims are not otherwise satisfied in full by any distribution in the bankruptcy case).

2. Pressman's post-petition earnings (if any) will be allocated as follows until the Non-Dischargeable Judgment is paid in full:

   a. Up to $100,000 gross income, Pressman will pay 15% of his gross income toward the Non-Dischargeable Judgment.

   b. Between $100,000.01 and $200,000 gross income, Pressman will pay 20% of his gross income toward the Non-Dischargeable Judgment.

c. Between $200,000.01 and $300,000 gross income, Pressman will pay 30% of his gross income toward the Non-Dischargeable Judgment.

d. Between $300,000.01 and $400,000 gross income, Pressman will pay 50% of his gross income toward the Non-Dischargeable Judgment.

e. The foregoing gross income categories are brackets. If Pressman earns over $100,000 gross income, he shall pay 15% of the gross income up to $100,000 and then shall pay the higher percentage on income earned over $100,000 according to the percentages listed in the brackets above. For example, if Pressman earns $200,000 in gross income in a given year, he will pay 15% for the first $100,000 ($15,000.00), then an additional 20% for the next $100,000 ($20,000.00) for a total of $35,000.00. To the extent that Pressman receives gross income that consists of income in the form of an illiquid asset, Pressman shall not be responsible for paying an amount on such income until such time as the asset may be liquidated.

f. Upon written request by the Trustee, prior to the closing of the Consolidated Bankruptcy Case, Pressman shall provide the Trustee with a declaration signed under penalty of perjury as to his post-petition assets and gross income as to 2010 and each year thereafter, together with copies of state and federal tax returns that Pressman filed for each of the years.

3. To the extent that the Consolidated Bankruptcy Case is closed prior to the Non-Dischargeable Judgment being paid in full, the Non-Dischargeable Judgment shall remain in effect, with the holders of allowed claims in the Consolidated Bankruptcy Case as the judgment creditors on a *pro rata* basis and according to the priority of their allowed claims and the amount of their allowed claims.

4. Upon entry of the Non-Dischargeable Judgment, the Non-Dischargeable Judgment or an abstract thereof may be recorded and/or otherwise perfected by the Trustee without any further notice. The Trustee may also give notice of the Non-Dischargeable Judgment and any recording or lien thereon to the California Secretary of State, and/or any Secretary of State for states other than

California, upon entry of the Non-Dischargeable Judgment. So long as Pressman is not in default on the Non-Dischargeable Judgment, the Trustee will not take any enforcement action on the Non-Dischargeable Judgment other than as specified herein. If Pressman is in default, the Trustee shall be entitled to take any actions pursuant to applicable law to enforce and collect on the Non-Dischargeable Judgment. If Pressman is in default, the Non-Dischargeable Judgment shall provide that the Trustee is entitled to interest on the Non-Dischargeable Judgment at the Federal rate from the date of entry of the Non-Dischargeable Judgment with the Non-Dischargeable Judgment being credited for any and all payments that have already been made thereon, applied first to principal and then to interest. In addition, the Trustee shall be entitled to costs, and interest, as shall be shown by a memorandum of costs filed when Pressman is in default. Such costs and interest shall be non-dischargeable pursuant to 11 U.S.C. § 523(a) in any bankruptcy case which has been or may be filed by or against Pressman.

5. Pressman waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in regard to any and all communications between Pressman and John Kirkland at Kirkland's current law firm and at any of Kirkland's past law firms, including but not limited to Luce Forward Hamilton & Scripps LLP ("Luce Forward"), Greenberg Traurig LLP ("Greenberg Traurig") and Dreier Stein & Kahan LLP ("Dreier"). Pressman further waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in regard to any and all communications between Pressman and other attorneys at Luce Forward and Greenberg Traurig. To the extent that such communications and/or work product were in regard to representation of Broadway Entertainment Marketing, Inc., S.C. Club, Inc., S.C. Club, L.P. and/or Plush Lounge, LLC, Pressman represents and warrants that such entities are no longer operating and no longer have any assets of value, and that Pressman is the controlling officer, director, manager or partner of said entities and waives the attorney-client privilege and work product doctrine, to the extent that he is entitled to do so, on behalf of those entities. None of these waivers goes beyond the law firms stated herein.

6. The Stipulation for Non-Dischargeable Judgment and any accompanying documents to be executed in connection therewith are executed solely for the purpose of preventing further disputes

between the Parties, which may potentially result in protracted and costly litigation. Nothing in the Stipulation for Non-Dischargeable Judgment shall be taken or construed to be an admission.

7. The Stipulation for Non-Dischargeable Judgment is subject to Court approval.

The Motion, if granted, will result in Pressman receiving a discharge. No adversary proceeding has been initiated by the Trustee against Pressman to date.

Notice of the Motion was filed and served concurrently with the Motion.

Dated: July 6, 2012

**EZRA BRUTZKUS GUBNER LLP**

By: /s/ Corey R. Weber
COREY R. WEBER
Special Litigation Counsel for Jason M. Rund, Chapter 7 Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Trustee and Pressman engaged in good faith settlement discussions that resulted in the Stipulation for Non-Dischargeable Judgment, which, if approved by the Court, will provide for a $5 million non-dischargeable judgment against Pressman, and in favor of the consolidated bankruptcy estate, for the benefit of all creditors holding allowed claims in the consolidated bankruptcy estate, as to Pressman's post-petition earnings. Through the Stipulation for Non-Dischargeable Judgment, the Trustee has guaranteed a favorable result for the estate and its creditors without the need for potentially costly litigation against Pressman for objection to discharge pursuant to 11 U.S.C. § 727. As discussed herein, the Trustee believes that the $5 million judgment amount in the Stipulation for Non-Dischargeable Judgment is a fair and reasonable amount that likely far exceeds Pressman's post-petition earnings given his age and employment status. In addition, the Stipulation for Non-Dischargeable Judgment provides for the waiver of the attorney-client privilege as to law firms that represented EPD, Pressman and other entities that were owned and operated by Pressman, that are no longer operating entities. The waiver of attorney-client privilege by Pressman on behalf of himself and the entities may provide information that may lead to the recovery of additional assets for the estate and its creditors. The Trustee believes, in his business judgment, that the $5 million judgment amount and the waiver of attorney-client privilege presents a far more beneficial outcome for the estate than an order objecting to the discharge of a 77 year old man who is currently unemployed and is not likely to have income in excess of $5 million during the remainder of his career.

As part of analyzing the Stipulation for Non-Dischargeable Judgment, the Trustee has reviewed documents provided by EPD, Pressman, EPD's bank records and other documents provided by third parties, and has considered the testimony obtained in several examinations authorized by the Court and conducted pursuant to Fed. R. Bankr. P. 2004, including but not limited to three days of testimony from Pressman. The Trustee has thoroughly analyzed his claims, and the

Stipulation for Non-Dischargeable Judgment, and, in his business judgment, found that the Stipulation for Non-Dischargeable Judgment is fair and reasonable and is in the best interests of the Estate.

Based on the grounds stated herein and in the Rund Declaration, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1. Approving the Stipulation for Non-Dischargeable Judgment and entering a judgment thereon;

2. Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Stipulation for Non-Dischargeable Judgment; and

3. Granting such other and further relief as this Court may deem just and proper.

## II.

## BACKGROUND

### A. EPD.

EPD was a California limited liability company formed on June 27, 2003 that engaged in several businesses, including obtaining funds from individual lenders and/or investors and loaning and/or investing those funds to Pressman. Pressman would, in turn, loan or invest the funds in other companies in which he had an ownership interest or management role. The objective was to obtain additional equity in the other companies in which Pressman had an ownership interest or management role.

Prior to June 27, 2003, “EPD Investment Co.” was an unincorporated sole proprietorship run by Pressman. Upon EPD’s formation, most, if not all, of the sole proprietorship assets and liabilities were transferred by Pressman to EPD and, on or about July 3, 2003, Pressman executed a $25 million revolving promissory note in favor of EPD (the “2003 Note”). On or about July 3, 2003, Pressman entered into a security agreement with EPD. On or about July 3, 2003, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of the Debtor (the “2003 UCC-1”). On or about July 31, 2009, Pressman entered into a second $25 million revolving promissory note (the “2009 Note”) and security agreement with EPD (the “2009 Security Agreement”) (the 2003 Security Agreement and the 2009 Security Agreement are collectively referred to as the “Security

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:38 Desc Main Document Page 11 of 38

Agreements"). On or about July 31, 2009, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of EPD (the "2009 UCC-1") (the 2003 UCC-1 and the 2009 UCC-1 are collectively referred to as the "UCC-1s".

The Security Agreements secured the Notes with all of Pressman's assets, including but not limited to his shares of stock (including the North Hills Stock), partnership interests and membership interests.

**B. <u>The EPD Bankruptcy Case</u>.**

**1. The Involuntary Petition and the Order for Relief.**

Petitioning creditors Arthur Huerth, Leslie Huerth, the estate of Dale Saeger, Jayne Saeger as trustee of the Saeger Declaration of Trust 7/22/94, Orland McCarthy, Vicki McCarthy and Jenny Lee (collectively, the "Petitioning Creditors") filed the Involuntary Petition on December 7, 2010 [Docket No. 1]. The Court entered an Order for Relief on February 9, 2011. [Docket Nos. 28 and 29].

**2. The Motion to Compel and the Debtor's Filings of Statements, Schedules and a Creditor's Matrix.**

On March 17, 2011, the Trustee filed his motion to compel EPD to: (1) file statements, schedules and a creditor's matrix; (2) turn over the books, records and property of EPD; and (3) cooperate with the Trustee [Docket No. 68]. On April 28, 2011, the Court entered an Order granting the Trustee's motion to compel [Docket No. 125]. The Order stated that EPD must file its statements, schedules and creditor matrix by no later than April 14, 2011 and that EPD must turn over its books, records and property by no later than April 20, 2011.

The Debtor filed Statements and Schedules on April 14, 2011 (the "EPD Statements and Schedules") and filed Amended Statements and Schedules on June 8, 2011 (the "Amended EPD Statements and Schedules"). The 341a meeting of creditors took place on September 8, 2011. Pressman appeared on behalf of the Debtor at the meeting of creditors.

/ / /

/ / /

/ / /

**3. EPD's Motion to Convert the Case to Chapter 11, and Motion to Alter or Amend.**

On February 24, 2011, EPD filed a motion to convert the case under 11 U.S.C. § 706(a) [Docket No. 51]. On the same day, EPD filed a motion to alter or amend the order for relief in an involuntary case, or in the alternative for relief from default [Docket No. 50]. On March 25, 2011, EPD filed declarations in support of its reply memorandum regarding the motion to alter or amend the order for relief in an involuntary case, or in the alternative for relief from default [Docket No. 83]. On April 11, 2011, EPD filed additional declarations in support of its conversion motion [Docket No. 101]. On April 27, 2011, the Court entered an Order denying EPD's motion to alter or amend the order for relief in an involuntary case, or in the alternative for relief from default [Docket No. 122]. On April 28, 2011, the Court entered an Order denying without prejudice EPD's conversion motion [Docket No. 126].

**4. The Rule 2004 Examinations.**

On April 27, 2011, the Trustee filed a motion for the examinations of, and the production of documents and things by: (1) the person(s) most qualified for debtor EPD; (2) Jerrold Pressman; (3) Keith Pressman; (4) Ruben Moreno; (5) John C. Kirkland, Esq.; (6) the person(s) most qualified for Broadway Entertainment Marketing, Inc.; (7) the person(s) most qualified for S.C. Club, L.P.; (8) the person(s) most qualified for S.C. Club, Inc.; (9) the person(s) most qualified for the Bright Conscience Trust; (10) the person most qualified for HMB Holdings, LLC; and (11) Ted Jonavic pursuant to Fed. R. Bankr. P. 2004 [Docket No. 123]. The Court entered an Order granting the Trustee's motion on June 21, 2011 [Docket No. 147]. The Rule 2004 examinations took place as follows: Jerrold Pressman in his capacity as an individual and as the designated person most qualified for EPD, Broadway Entertainment, S.C. Club, L.P. and S.C. Club, Inc. on May 17, 2011, May 31, 2011 and July 8, 2011; John C. Kirkland on May 27, 2011; Ruben Moreno on June 1, 2011; Keith Pressman on June 24, 2011; Ted Jonavic on June 29, 2011; and Thom Ferro as the designated person most qualified for HMB Holdings, LLC on June 30, 2011.

/ / /

/ / /

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:38 Desc Main Document Page 13 of 38

**5. The 9019 Motion re the North Hills Stock.**

On November 3, 2011, Jerrold Pressman entered into an agreement with Geringer to sell his shares of stock in NHIP for $3.5 million over time. On or about November 3, 2011, the Trustee entered into a settlement agreement with Jerrold Pressman and Geringer. Pursuant to the settlement agreement between the Trustee, Jerrold Pressman and Geringer, and subject to Court approval, Geringer is to pay the EPD Bankruptcy Estate the total sum of $3.5 million in installments by no later than November 1, 2014, and with certain discounts applicable for early payments.

On January 20, 2012, the Trustee filed his motion for approval of the compromise with Jerrold Pressman and Geringer [Docket No. 183]. The motion was set for hearing on February 15, 2012. The tentative ruling was to grant the motion. At the hearing on February 15, 2012, special litigation counsel for the Trustee and John Menchaca, the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Jerrold Pressman, appeared and notified the Court of Jerrold Pressman's Chapter 7 bankruptcy filing on February 1, 2012, and requested that the Court continue the hearing on the motion. The hearing has been continued due to the Trustee's motion for substantive consolidation and to provide notice to all creditors of the consolidated bankruptcy estate following the Court's entry of an order granting substantive consolidation. The hearing is now set for July 11, 2012.

**C. <u>The Pressman Bankruptcy Case</u>.**

On February 1, 2012, Pressman filed a voluntary Chapter 7 petition, commencing the Pressman Bankruptcy Case [Docket No. 1]. On February 29, 2012, Jerrold Pressman filed his statements and schedules (the "Pressman Statements and Schedules") in the Pressman Bankruptcy Case [Docket No. 26]. On March 1, 2012, Jerrold Pressman filed an amended creditor's matrix [Docket No. 29]. The 341a meeting of creditors was scheduled for March 12, 2012, with John Menchaca as the Chapter 7 Trustee, but was continued based on the then-forthcoming motion for substantive consolidation. The Pressman 341a meeting of creditors has not yet taken place, but is expected to take place during August or September 2012. Jason Rund is now the Chapter 7 Trustee for the consolidated bankruptcy estate.

/ / /

**D. Substantive Consolidation.**

On April 27, 2012, the Trustee filed a motion to substantively consolidate the bankruptcy estates of EPD and Pressman [Docket No. 200]. The Court entered an Order granting the substantive consolidation motion on June 4, 2012 [Docket No. 227].

**E. The Salient Terms of the Stipulation for Non-Dischargeable Judgment.**

Recognizing the litigation risks, and desiring to eliminate the costs of further and protracted litigation, the Parties agreed to the following general terms of the Stipulation for Non-Dischargeable Judgment (the following is only a summary of the Stipulation for Non-Dischargeable Judgment; all parties in interest are respectfully directed to the Stipulation for Non-Dischargeable Judgment itself, attached hereto as **Exhibit A** to the Rund Declaration, for the specific terms of the Stipulation for Non-Dischargeable Judgment; to the extent any terms listed below are inconsistent with the Stipulation for Non-Dischargeable Judgment, the terms of the Stipulation for Non-Dischargeable Judgment shall govern):

The Stipulation for Non-Dischargeable Judgment entered into by the Parties contains the following essential terms:

1. Pressman stipulates to a non-dischargeable judgment in the amount of Five Million Dollars ($5,000,000.00) in favor of the consolidated bankruptcy estate, which shall be available to creditors of the consolidated bankruptcy estate holding allowed claims on a *pro rata* basis, and according to the priorities set forth in the Bankruptcy Code (to the extent such allowed claims are not otherwise satisfied in full by any distribution in the bankruptcy case).

2. Pressman's post-petition earnings (if any) will be allocated as follows until the Non-Dischargeable Judgment is paid in full:

   a. Up to $100,000 gross income, Pressman will pay 15% of his gross income toward the Non-Dischargeable Judgment.

   b. Between $100,000.01 and $200,000 gross income, Pressman will pay 20% of his gross income toward the Non-Dischargeable Judgment.

   c. Between $200,000.01 and $300,000 gross income, Pressman will pay 30% of his gross income toward the Non-Dischargeable Judgment.

d. Between $300,000.01 and $400,000 gross income, Pressman will pay 50% of his gross income toward the Non-Dischargeable Judgment.

e. The foregoing gross income categories are brackets. If Pressman earns over $100,000 gross income, he shall pay 15% of the gross income up to $100,000 and then shall pay the higher percentage on income earned over $100,000 according to the percentages listed in the brackets above. For example, If Pressman earns $200,000 in gross income in a given year, he will pay 15% for the first $100,000 ($15,000.00), then an additional 20% for the next $100,000 ($20,000.00) for a total of $35,000.00. To the extent that Pressman receives gross income that consists of income in the form of an illiquid asset, Pressman shall not be responsible for paying an amount on such income until such time as the asset may be liquidated.

f. Upon written request by the Trustee, prior to the closing of the Consolidated Bankruptcy Case, Pressman shall provide the Trustee with a declaration signed under penalty of perjury as to his post-petition assets and gross income as to 2010 and each year thereafter, together with state and federal tax returns that Pressman filed for each of the years.

3. To the extent that the Consolidated Bankruptcy Case is closed prior to the Non-Dischargeable Judgment being paid in full, the Non-Dischargeable Judgment shall remain in effect, with the holders of allowed claims in the Consolidated Bankruptcy Case as the judgment creditors on a *pro rata* basis and according to the priority of their allowed claims and the amount of their allowed claims.

4. Upon entry of the Non-Dischargeable Judgment, the Non-Dischargeable Judgment, or an abstract thereof, may be recorded and/or otherwise perfected by the Trustee without any further notice. The Trustee may also give notice of the Non-Dischargeable Judgment and any recording or lien thereon to the California Secretary of State, and/or any Secretary of State for states other than California, upon entry of the Non-Dischargeable Judgment. So long as Pressman is not in default on the Non-Dischargeable Judgment, the Trustee will not take any enforcement action on

the Non-Dischargeable Judgment other than as specified herein. If Pressman is in default, the Trustee shall be entitled to take any actions pursuant to applicable law to enforce and collect on the Non-Dischargeable Judgment. If Pressman is in default, the Non-Dischargeable Judgment shall provide that the Trustee is entitled to interest on the Non-Dischargeable Judgment at the Federal rate from the date of entry of the Non-Dischargeable Judgment with the Non-Dischargeable Judgment being credited for any and all payments that have already been made thereon, applied first to principal and then to interest. In addition, the Trustee shall be entitled to costs, and interest, as shall be shown by a memorandum of costs filed when Pressman is in default. Such costs and interest shall be non-dischargeable pursuant to 11 U.S.C. § 523(a) in any bankruptcy case which has been or may be filed by or against Pressman.

5. Pressman waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in regard to any and all communications between Pressman and John Kirkland at Kirkland's current law firm and at any of Kirkland's past law firms, including but not limited to Luce Forward Hamilton & Scripps LLP ("Luce Forward"), Greenberg Traurig LLP ("Greenberg Traurig") and Dreier Stein & Kahan LLP ("Dreier"). Pressman further waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in regard to any and all communications between Pressman and other attorneys at Luce Forward and Greenberg Traurig. To the extent that such communications and/or work product were in regard to representation of Broadway Entertainment Marketing, Inc., S.C. Club, Inc., S.C. Club, L.P. and/or Plush Lounge, LLC, Pressman represents and warrants that such entities are no longer operating and no longer have any assets of value, and that Pressman is the controlling officer, director, manager or partner of said entities and waives the attorney-client privilege and work product doctrine, to the extent that he is entitled to do so, on behalf of those entities. None of these waivers goes beyond the law firms stated herein.

6. The Stipulation for Non-Dischargeable Judgment and any accompanying documents to be executed in connection therewith are executed solely for the purpose of preventing further disputes between the Parties, which may potentially result in protracted and costly litigation. Nothing in the Stipulation for Non-Dischargeable Judgment shall be taken or construed to be an admission.

7. The Stipulation for Non-Dischargeable Judgment is subject to Court approval. As set forth herein, the Stipulation for Non-Dischargeable Judgment is the product of arms-length negotiations between disinterested Parties, and is in the best interests of the Estate and its creditors and should be approved.

## III.

## ARGUMENT

### A. Legal Standards for Approval.

Federal Rule of Bankruptcy Procedure 9019 provides that on motion by a Trustee, the Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a).

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case. In re Walsh Construction, Inc., 669 F.2d 1325, 1328 (9th Cir. 1982); In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

More specifically, a Court should review the following factors in considering whether to approve a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulty, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

Woodson, *supra*, 839 F.2d at 620 (quoting A&C Properties, *supra*, 784 F.2d at 1381). A settlement negotiated by a trustee, as a representative of the Estate, is entitled to deference. In re Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

The Court need not conduct an exhaustive investigation into the validity or a mini-trial on the merits of the claims sought to be compromised. In re Walsh Construction, Inc., *supra*, 669 F.2d at 1328. In fact, the Court need not decide the questions of law and fact raised in the controversies sought to be settled, and need not determine whether the settlement presented is the best one that

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:38 Desc Main Document Page 18 of 38

could possibly have been achieved. Instead, the Court's responsibility is only to "canvass the issues to see 'whether the settlement falls below the lowest point in the zone of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied,* 464 U.S. 822 (1984) (quoting Newman v. Stein, 464 F.2d 689, 698 (2d Cir.), *cert. denied*, 409 U.S. 1039 (1972)).

The Trustee has the right to exercise reasonable business judgment in an effort to maximize the value of the assets of the Estate. So long as a proposed compromise results in a recovery above the lowest point in the range of reasonable compromises, the Trustee should be authorized to proceed with such compromise. In light of the facts and circumstances in this case, application of the A&C Properties factors shows that the compromise set forth in the Stipulation for Non-Dischargeable Judgment is fair and equitable, is in the best interests of the Estate, and is well above the lowest point in the range of reasonableness.

**B. Application of the *A&C Properties* Factors Demonstrates That the Stipulation for Non-Dischargeable Judgment Should Be Approved.**

The Trustee has sufficiently evaluated the Stipulation for Non-Dischargeable Judgment and has compared the benefits of entering into the Stipulation for Non-Dischargeable Judgment as opposed to litigation against Pressman for objection to Pressman's discharge. In evaluating the Stipulation for Non-Dischargeable Judgment, the Trustee has reviewed documents provided by EPD, Pressman, EPD's bank records and other documents provided by third parties, and has considered the testimony obtained in several examinations authorized by the Court and conducted pursuant to Fed. R. Bankr. P. 2004, including but not limited to 3 days of testimony by Pressman. Based on this evaluation, the Trustee has determined that entering into the Stipulation for Non-Dischargeable Judgment is in the best interests of the Estate because it is fair and equitable, is a reasonable and appropriate exercise of the Trustee's business judgment, and will avoid the time, expense and risk inherent in litigation with Pressman. The Trustee has evaluated the A&C Properties factors in exercising his business judgment as to whether to enter into the Stipulation for Non-Dischargeable Judgment, and has concluded that under these factors, the Stipulation for Non-Dischargeable Judgment should be approved.

/ / /

**1. Probability of Success on the Merits.**

The Trustee believes there may be reasonable grounds to proceed with an action against Pressman on claims for objection to discharge. Pursuant to 11 U.S.C. § 727(c), "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." No creditor has sought, pursuant to 11 U.S.C. § 727(c)(2), an order of the Court for the Trustee to examine the acts and conduct of Pressman to determine whether a ground exists for denial of discharge. Pursuant to Fed. R. Bankr. P. 4004(a), the deadline for the Trustee, creditors and parties in interest to object to Pressman's discharge was no later than 60 days after the first date set for the 341(a) meeting of creditors. Pressman's initial 341(a) meeting was set for March 12, 2012, and the deadline to object to discharge has passed except for the Trustee, who stipulated with Pressman to extend the time to file an action for objection to discharge through and including July 11, 2012 [Docket No. 50 in the Pressman Bankruptcy Case]. On May 16, 2012, the Court entered an order approving the stipulation [Docket No. 59 in the Pressman Bankruptcy Case].

To the extent that the Trustee was to obtain a judgment in his favor on objection to discharge claims, Pressman would not receive a discharge in the consolidated bankruptcy case. In considering whether the amount of $5 million in the Stipulated Non-Dischargeable Judgment was reasonable, the Trustee considered Pressman's age (77 years old), current employment status (retired/unemployed), among other things. Based on the foregoing considerations, the Trustee determined that it was unlikely that Pressman would obtain more than $5 million in post-petition earnings during his lifespan. The Trustee therefore believes, in his business judgment, that the Stipulation for Non-Dischargeable Judgment is fair and reasonable.

**2. The Difficulty, If Any, In Collection.**

This factor does not apply since, if successful in an adversary complaint, the Trustee would obtain a non-monetary judgment disallowing Pressman's discharge. However, based on Pressman's age (77 years old), current employment status (retired/unemployed), among other things, it is unlikely that creditors would collectively collect more than the $5 million amount in the Stipulated Non-Dischargeable Judgment if the Trustee was to prevail on objection to discharge claims.

/ / /

**3. The Complexity, Expense and Inconvenience of Litigation.**

The issues in regard to a suit by the Trustee objecting to Pressman's discharge may be heavily litigated. The Estate would bear attorney's fees and costs associated with the litigation. The Trustee anticipates that attorney's fees and costs could be in the range of $50,000 to $100,000. If the Trustee were to prevail on objection to discharge claims, the Court would enter an order denying Pressman's discharge.

**4. The Paramount Interests of Creditors.**

Any attorney's fees and costs incurred by the Trustee in a potential action objecting to Pressman's discharge will lessen the amount to potentially distribute to creditors in the consolidated bankruptcy case. The Trustee anticipates attorney's fees and costs in the range of $50,000 to $150,000 if an action were to go forward. Based on the minimal likelihood that there would be any significant tangible benefit to the estate or its creditors from an order by this Court denying Pressman's discharge given Pressman's age and employment status, the Trustee does not believe, in his business judgment, that pursuing an adversary proceeding is in the best interests of the estate or its creditors. After incurring $50,000 to $150,000 in attorney's fees and costs, the result would likely be no better for the estate or its creditors than the result reached in the Stipulation for Non-Dischargeable Judgment given, among other things, Pressman's age and employment status as discussed above. The Stipulation for Non-Dischargeable Judgment, gives the estate a means of potentially providing for a distribution to creditors based on Pressman's post-petition earnings (if any). In addition, the Stipulation for Non-Dischargeable Judgment includes the added benefit for the estate of Pressman waiving the attorney-client privilege, and the work product doctrine (to the extent that Pressman is entitled to do so) as to Luce Forward, Greenberg Traurig and Dreier. The waiver of attorney-client privilege and work product doctrine may yield additional information and/or assets for the estate that may benefit the estate and its creditors far more than an order denying Pressman's discharge.

Based on the foregoing factors, the Trustee has concluded that entering into the Stipulation for Non-Dischargeable Judgment is the most prudent and economical method of maximizing the recovery for the Estate, and has exercised his reasonable business judgment in concluding that it is better to

proceed with the Stipulation for Non-Dischargeable Judgment than to litigate objection to discharge claims against Pressman.

## IV.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1. Approving the Stipulation for Non-Dischargeable Judgment and entering a judgment thereon;

2. Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Stipulation for Non-Dischargeable Judgment; and

3. Granting such other and further relief as this Court may deem just and proper.

Dated: July 6, 2012

Respectfully submitted,

**EZRA BRUTZKUS GUBNER LLP**

By: /s/ Corey R. Weber
COREY R. WEBER
Special Litigation Counsel for Jason M. Rund, Chapter 7 Trustee

**DECLARATION OF JASON M. RUND**

I, Jason M. Rund declare:

1. I am an attorney at law duly admitted to practice before this Court and am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") of consolidated debtors EPD Investment Co., LLC ("EPD") and Jerrold S. Pressman ("Pressman"). Other than as specifically identified herein, each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify competently as to these facts.

2. The involuntary petition filed with the Court reflects that on December 7, 2010, the petitioning creditors Arthur Huerth, Leslie Huerth, the estate of Dale Sager, Jayne Sager as trustee of the Saeger Declaration of Trust 7/22/94, Orland McCarthy, Vicki McCarthy and Jenny Lee (collectively, the "Petitioning Creditors") filed the involuntary Chapter 7 petition against EPD.

3. On February 9, 2011, the Order for Relief was entered in this case as to EPD.

4. On or about February 12, 2011, I was appointed as the Chapter 7 Trustee in this case.

5. EPD filed Statements and Schedules on April 14, 2011 and filed Amended Statements and Schedules on June 8, 2011. The 341a meeting of creditors took place on September 8, 2011. Pressman appeared on behalf of EPD at the meeting of creditors.

6. My special litigation counsel conducted several examinations of Pressman and other witnesses pursuant to Fed. R. Bankr. P. 2004 (the "Rule 2004 Examinations"). I attended almost all of the Rule 2004 Examinations and received copies of the examination transcripts and the documents produced by Pressman and the other witnesses pursuant to the Rule 2004 Examinations.

7. On February 1, 2012, Pressman filed a voluntary Chapter 7 petition, commencing the Pressman Bankruptcy Case. On February 29, 2012, Jerrold Pressman filed his statements and schedules in the Pressman Bankruptcy Case. On March 1, 2012, Jerrold Pressman filed an amended creditor's matrix. The 341a meeting of creditors was scheduled for March 12, 2012, with John Menchaca as the Chapter 7 Trustee, but was continued based on the then-forthcoming motion for substantive consolidation. The Pressman 341a meeting of creditors has not yet taken place, but is

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:58 Desc Main Document Page 23 of 38

expected to take place during August or September 2012. I am now the Chapter 7 Trustee for the consolidated bankruptcy estate.

8. On April 27, 2012, through my counsel, I filed a motion to substantively consolidate the bankruptcy estates of EPD and Pressman. The Court entered an Order granting the substantive consolidation motion on June 4, 2012.

9. Based upon my review of documents produced by EPD, Pressman, and obtained from the California Secretary of State and the Los Angeles County Recorder, it appears that:

a. On or about July 3, 2003, Pressman executed a $25 million revolving promissory note in favor of the Debtor (the "2003 Note").

b. On or about July 3, 2003, Pressman entered into a security agreement with the Debtor.

c. On or about July 3, 2003, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of the Debtor (the "2003 UCC-1").

d. On or about July 31, 2009, Pressman entered into a second $25 million revolving promissory note (the "2009 Note") and security agreement with the Debtor (the "2009 Security Agreement")(the 2003 Security Agreement and the 2009 Security Agreement are collectively referred to as the "Security Agreements").

e. On or about July 31, 2009, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of the Debtor (the "2009 UCC-1")(the 2003 UCC-1 and the 2009 UCC-1 are collectively referred to as the "UCC-1s".

f. The Security Agreements secured the Notes with all of Pressman's assets, including but not limited to his shares of stock (including the North Hills Stock), partnership interests and membership interests.

g. On or about April 27, 2010, Pressman recorded an amendment to the 2009 UCC-1 that purported to remove the lien in favor of the Debtor as to the North Hills Stock (the "UCC-1 Amendment").

10. Through my special litigation counsel, I commenced settlement negotiations with Pressman. The settlement discussions resulted in the Stipulation for Non-Dischargeable Judgment.

11. On or about July 2, 2012, I executed the Stipulation for Non-Dischargeable Judgment, and I received a fully executed copy of the Stipulation for Non-Dischargeable Judgment on July 3, 2012. A true and correct copy of the Stipulation for Non-Dischargeable Judgment is attached hereto as **Exhibit A** and is incorporated herein by reference.

12. In analyzing the reasonableness of the Stipulation for Non-Dischargeable Judgment, I considered the four factors established by the Ninth Circuit in the A & C Properties case, including: (1) probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation and the expense, inconvenience and delay attending it; and (4) the paramount interests of creditors. My analysis in this regard follows in the paragraphs below.

13. Probability of Success on the Merits. I believe there may be grounds to proceed with an action against Pressman on claims for objection to discharge pursuant to 11 U.S.C. § 727. Pursuant to 11 U.S.C. § 727(c), "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." No creditor has sought, pursuant to 11 U.S.C. § 727(c)(2), an order of the Court for the Trustee to examine the acts and conduct of Pressman to determine whether a ground exists for denial of discharge. Pursuant to Fed. R. Bankr. P. 4004(a), the deadline for me, creditors and parties in interest to object to Pressman's discharge was no later than 60 days after the first date set for the 341(a) meeting of creditors. Pressman's initial 341(a) meeting was set for March 12, 2012, and the deadline to object to discharge has passed except for me. Through my special litigation counsel, I stipulated with Pressman to extend the time to file an action for objection to discharge through and including July 11, 2012 [Docket No. 50 in the Pressman Bankruptcy Case]. On May 16, 2012, the Court entered an order approving the stipulation [Docket No. 59 in the Pressman Bankruptcy Case].

To the extent that I filed an adversary complaint against Pressman objecting to his discharge, Pressman would not receive a discharge in the consolidated bankruptcy case. In considering whether the amount of $5 million in the Stipulated Non-Dischargeable Judgment was reasonable, I considered Pressman's age (77 years old), current employment status (retired/unemployed), among other things. Based on the foregoing considerations, I determined that it was unlikely that Pressman

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:38 Desc Main Document Page 25 of 38

would obtain more than $5 million in post-petition earnings during his lifespan. I therefore believe, in my business judgment, that the Stipulation for Non-Dischargeable Judgment is fair and reasonable.

14. Collection Risk. This factor does not apply since, if successful in an adversary complaint, I would obtain a non-monetary judgment disallowing Pressman's discharge. However, based on Pressman's age (77 years old), current employment status (retired/unemployed), among other things, I believe that it is unlikely that creditors would collectively collect more than the $5 million amount in the Stipulated Non-Dischargeable Judgment if I was to prevail on objection to discharge claims.

15. Complexity of the Litigation and the Expense, Inconvenience and Delay Necessarily Attending It. The issues in regard to a suit by me objecting to Pressman's discharge may be heavily litigated. The estate would bear attorney's fees and costs associated with the litigation. I anticipate that attorney's fees and costs could be in the range of $50,000 to $100,000. If I was to prevail on objection to discharge claims, the Court would enter an order denying Pressman's discharge.

16. Paramount Interest of Creditors. Any attorney's fees and costs incurred by the estate in a potential action objecting to Pressman's discharge will lessen the amount to potentially distribute to creditors in the consolidated bankruptcy case. I anticipate attorney's fees and costs in the range of $50,000 to $150,000 if an action were to go forward. Based on the minimal likelihood that there would be any significant tangible benefit to the estate or its creditors from an order by this Court denying Pressman's discharge given Pressman's age and employment status, I do not believe, in my business judgment, that pursuing an adversary proceeding is in the best interests of the estate or its creditors. After incurring $50,000 to $150,000 in attorney's fees and costs, the result would likely be no better for the estate or its creditors than the result reached in the Stipulation for Non-Dischargeable Judgment given, among other things, Pressman's age and employment status as discussed above. The Stipulation for Non-Dischargeable Judgment, gives the estate a means of potentially providing for a distribution to creditors based on Pressman's post-petition earnings (if any). In addition, the Stipulation for Non-Dischargeable Judgment includes the added benefit for the

estate of Pressman waiving the attorney-client privilege, and the work product doctrine (to the extent that Pressman is entitled to do so) as to Luce Forward, Greenberg Traurig and Dreier. The waiver of attorney-client privilege and work product doctrine may yield additional information and/or assets for the estate that may benefit the estate and its creditors far more than an order denying Pressman's discharge.

17. Based on the foregoing factors, I have concluded that entering into the Stipulation for Non-Dischargeable Judgment is the most prudent and economical method of maximizing the recovery for the Estate, and have exercised my reasonable business judgment in concluding that it is better to proceed with the Stipulation for Non-Dischargeable Judgment than to litigate objection to discharge claims against Pressman.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 6, 2012 at El Segundo, California.

JASON M. RUND



614197

STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@ebg-law.com
cweber@ebg-law.com

Special Litigation Counsel for
Jason M. Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors. | Case No. 2:10-bk-62208-ER<br>Chapter 7<br><br>**STIPULATION BETWEEN: (1) THE CHAPTER 7 TRUSTEE; AND (2) JERROLD S. PRESSMAN FOR NON-DISCHARGEABLE JUDGMENT IN FAVOR OF THE CONSOLIDATED BANKRUPTCY ESTATE AND AGAINST JERROLD S. PRESSMAN AS TO HIS POST-PETITION ASSETS**<br><br>[No Hearing Required] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, TO ALL CREDITORS AND PARTIES IN INTEREST:**

Jason M. Rund, the duly appointed and acting Chapter 7 Trustee (the "Trustee") for the consolidated bankruptcy estate of debtor EPD Investment Co., LLC ( "EPD") and Jerrold S. Pressman ("Pressman"), and Pressman as an individual, hereby enter into the following stipulation for entry of non-dischargeable judgment against Pressman, which non-dischargeable judgment shall affect Pressman's post-petition earnings and assets (if any) and shall not affect the assets of Pressman's bankruptcy estate, subject to certain terms and conditions, as set forth herein (the "Stipulation"), subject to Court approval.

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:58 Desc Main Document Page 28 of 38

**THE STIPULATION IS MADE WITH REFERENCE TO THE FOLLOWING RECITALS:**

**I.**

**RECITALS**

Whereas, on December 7, 2010 (the "Petition Date"), petitioning creditors Arthur Huerth, Leslie Huerth, the estate of Dale Saeger, Jayne Saeger as trustee of the Saeger Declaration of Trust 7/22/94, Orland McCarthy, Vicki McCarthy and Jenny Lee filed an involuntary petition against the Debtor under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, (the "Bankruptcy Court"), initiating Case No. 2:10-bk-62208-ER (the "EPD Bankruptcy Case").

Whereas, the Order for Relief on the involuntary petition in the EPD Bankruptcy Case was entered by the Bankruptcy Court on February 9, 2011. On February 12, 2011, the Office of the United States Trustee filed a notice of appointment of trustee and fixing of bond, which appointed Jason Rund as the Chapter 7 Trustee for the Debtor's Estate.

Whereas, on or about February 1, 2012, Pressman filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, initiating Case No. 2:12-bk-13760-ER (the "Pressman Bankruptcy Case"). John J. Menchaca was appointed as the Chapter 7 Trustee for the Pressman Bankruptcy Estate.

Whereas, on or about June 4, 2012, the Court entered an Order granting the Trustee's motion to substantively consolidate the EPD Bankruptcy Case and the Pressman Bankruptcy Case (the "Consolidated Bankruptcy Case") *nunc pro tunc* to December 7, 2010 (the "Consolidation Order". The Consolidation Order consolidated the bankruptcy estates of EPD and Pressman into one consolidated bankruptcy estate (the "Consolidated Bankruptcy Estate"). Pursuant to the Consolidation Order, the Trustee is the sole trustee for the Consolidated Bankruptcy Estate.

Whereas, on or about June 27, 2003, EPD was formed as a California limited liabilitycompany. Since its formation, the sole members and managers of EPD are, and have been, Pressman and his son, Keith Pressman. Prior to June 27, 2003, "EPD Investment Co." was an unincorporated sole proprietorship run by Pressman. Upon EPD's formation, most, if not all of the



603899

2258
24

sole proprietorship assets and liabilities were transferred by Pressman to the Debtor and, on or about July 3, 2003, Pressman executed a $25 million revolving promissory note in favor of the Debtor (the "2003 Note").

Whereas, on or about July 3, 2003, Pressman entered into a security agreement with EPD (the "2003 Security Agreement"). On or about July 3, 2003, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of EPD (the "2003 UCC-1").

Whereas, on or about July 31, 2009, Pressman entered into a second $25 million revolving promissory note (the "2009 Note")(the 2003 Note and the 2009 Note are collectively referred to as the "Notes") and security agreement with EPD (the "2009 Security Agreement")(the 2003 Security Agreement and the 2009 Security Agreement are collectively referred to as the "Security Agreements"). On or about July 31, 2009, Pressman recorded a UCC-1 financing statement encumbering all of his assets in favor of EPD (the "2009 UCC-1")(the 2003 UCC-1 and the 2009 UCC-1 are collectively referred to as the "UCC-1s").

Whereas, the Security Agreements secured the Notes by encumbering all of Pressman's assets, including but not limited to his accounts receivable, shares of stock, partnership interests and membership interests. Whereas, on or about April 27, 2010, Pressman recorded an amendment to the 2009 UCC-1 that purported to remove the lien in favor of the Debtor against his shares of stock in North Hills Industrial Park, Inc. ("NHIP"), a California corporation (the "UCC-1 Amendment"). The Trustee contends that the purported removal of EPD's lien against Pressman's shares of stock in NHIP constituted an avoidable and recoverable preference and/or a fraudulent transfer. In or about November 2011, Pressman entered into an agreement to sell his shares in NHIP to Robert Geringer ("Geringer"), the owner of the remaining shares of stock in NHIP. Pressman also entered into an agreement with the Trustee whereby Pressman agreed that the proceeds of the sale would be paid to the Trustee on behalf of the EPD Bankruptcy Estate, rather than to Pressman, in consideration of resolving the Trustee's claims in relation to the purported removal of EPD's lien. The motion to approve the agreement is scheduled for July 11, 2012 before this Court.

Whereas, Pressman represents and warrants that all of his assets are fully and completely disclosed in the statements and schedules that he filed in the Pressman Bankruptcy Case on February

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:38 Desc Main Document Page 30 of 38

29, 2012 [Docket No. 26] and that Pressman has no assets of any kind other than those disclosed in the statements and schedules;

Whereas, Pressman represents and warrants, to the best of knowledge, that he did not transfer any of his assets to any "insider" (as defined in the Bankruptcy Code) of Pressman or EPD, and did not transfer his personal assets to any creditor of Pressman or EPD, in an amount in excess of $10,000.00 within the 7 years prior to the filing of the EPD Bankruptcy Case, other than such transfers that are disclosed in his statement of financial affairs filed in the Pressman Bankruptcy Case [Docket No. 26];

Whereas, Pressman wishes to stipulate to a non-dischargeable judgment in a significant amount in favor of all creditors of the Consolidated Bankruptcy Estate, and for their benefit, without the need for adversary proceedings by the Trustee or by any creditor of the Consolidated Bankruptcy Estate, and without the attorney's fees and costs attendant to that litigation (which fees and costs that Pressman would otherwise expend in defending adversary proceedings could otherwise be used to satisfy the claims of creditors);

Whereas, Pressman recognizes that the amount of the agreed-upon non-dischargeable judgment, as set forth below, is likely well in excess of his post-petition earnings, given his age and employment status;

Whereas, the Trustee and Pressman enter into this stipulation and agreement for a non-dischargeable judgment in favor of the Consolidated Bankruptcy Estate and its creditors, and against Pressman, subject to Court approval.

## II.

## STIPULATION

**IN ACCORDANCE WITH THE ABOVE-STATED RECITALS AND SUBJECT TO COURT APPROVAL, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS, SUBJECT TO COURT APPROVAL:**

1. The Recitals enumerated above are hereby incorporated herein by this reference.
2. Pressman stipulates to a non-dischargeable judgment in the amount of Five Million



603899

Dollars ($5,000,000.00) in favor of the Consolidated Bankruptcy Estate (the "<u>Non-Dischargeable Judgment</u>"), which shall be available to creditors of the Consolidated Bankruptcy Estate holding allowed claims on a *pro rata basis*, and according to the priorities set forth in the Bankruptcy Code (to the extent such allowed claims are not otherwise satisfied in full by any distribution in the Consolidated Bankruptcy Case). The Trustee shall deposit any amounts received by him on account of the Non-Dischargeable Judgment into one or more segregated accounts for the benefit of such creditors.

3. The Non-Dischargeable Judgment shall be subject to the following provisions:

a. Any creditors of the Consolidated Bankruptcy Estate with allowed claims who would otherwise be eligible to participate in any distribution in the Consolidated Bankruptcy Case and/or the Non-Dischargeable Judgment, but have filed a complaint against Pressman for non-dischargeability of debt (pursuant to 11 U.S.C. § 523) or objection to discharge (pursuant to 11 U.S.C. § 727), or who have stipulated with Pressman to extend the time the creditors have to file such complaints, must agree to: (1) waive all such claims against Pressman; and (2) to dismiss any such complaints filed to participate in the Non-Dischargeable Judgment. To the extent that creditors do not waive such claims and dismiss complaints for such claims, they may pursue those claims but shall not have any right to participate in any amounts obtained based on the Non-Dischargeable Judgment. Moreover, to the extent any creditor is successful in obtaining a judgment in their non-dischargeability action, and recover any monies based on such judgment, then the Trustee shall seek to reduce the amount of any such creditor's allowable claim by the amount of the recovery by such creditor.

b. Pressman's post-petition earnings (if any) will be allocated as follows until the Non-Dischargeable Judgment is paid in full:

(1) Up to $100,000 gross income, Pressman will pay 15% of his gross income toward the Non-Dischargeable Judgment.



603899

(2) Between $100,000.01 and $200,000 gross income, Pressman will pay 20% of his gross income toward the Non-Dischargeable Judgment.

(3) Between $200,000.01 and $300,000 gross income, Pressman will pay 30% of his gross income toward the Non-Dischargeable Judgment.

(4) Between $300,000.01 and $400,000 gross income, Pressman will pay 50% of his gross income toward the Non-Dischargeable Judgment.

(6) The foregoing gross income categories are brackets. If Pressman earns over $100,000 gross income, he shall pay 15% of the gross income up to $100,000 and then shall pay the higher percentage on income earned over $100,000 according to the percentages listed in the brackets above. For example, If Pressman earns $200,000 in gross income in a given year, he will pay 15% for the first $100,000 ($15,000.00), then an additional 20% for the next $100,000 ($20,000.00) for a total of $35,000.00.. To the extent that Pressman receives gross income that consists of income in the form of an illiquid asset, Pressman shall not be responsible for paying an amount on such income pursuant to Paragraph 3(b) until such time as the asset may be liquidated.

(7) Upon written request by the Trustee, prior to the closing of the Consolidated Bankruptcy Case, Pressman shall provide the Trustee with a declaration signed under penalty of perjury as to his post-petition assets and gross income as to 2010 and each year thereafter, together with state and federal tax returns that Pressman filed for each of the years.

c. To the extent that the Consolidated Bankruptcy Case is closed prior to the Non-Dischargeable Judgment being paid in full, the Non-Dischargeable Judgment shall remain in effect, with the holders of allowed claims in the Consolidated Bankruptcy Case as the judgment creditors on a *pro rata* basis

and according to the priority of their allowed claims and the amount of their allowed claims.

4. Pressman consents to the entry of the Non-Dischargeable Judgment against him in the Judgment Amount without trial or adjudication of any issue of fact or law, and upon the consent of the parties hereto. Pressman waives any right of appeal in regard to this Stipulation or the Non-Dischargeable Judgment.

5. Upon entry of the Non-Dischargeable Judgment, the Non-Dischargeable Judgment, or an abstract thereof, may be recorded and/or otherwise perfected by the Trustee without any further notice. The Trustee may also give notice of the Non-Dischargeable Judgment and any recording or lien thereon to the California Secretary of State, and/or any Secretary of State for states other than California, upon entry of the Non-Dischargeable Judgment. So long as Pressman is not in default on the Non-Dischargeable Judgment, the Trustee will not take any enforcement action on the Non-Dischargeable Judgment other than as specified herein. If Pressman is in default, the Trustee shall be entitled to take any actions pursuant to applicable law to enforce and collect on the Non-Dischargeable Judgment. If Pressman is in default, the Non-Dischargeable Judgment shall provide that the Trustee is entitled to interest on the Non-Dischargeable Judgment at the Federal rate from the date of entry of the Non-Dischargeable Judgment with the Non-Dischargeable Judgment being credited for any and all payments that have already been made thereon, applied first to principal and then to interest. In addition, the Trustee shall be entitled to costs, and interest, as shall be shown by a memorandum of costs filed when Pressman is in default. Such costs and interest shall be non-dischargeable pursuant to 11 U.S.C. § 523(a) in any bankruptcy case which has been or may be filed by or against Pressman.

6. Pressman waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in regard to any and all communications between Pressman and John Kirkland at Kirkland's current law firm and at any of Kirkland's past law firms, including but not limited to Luce Forward Hamilton & Scripps LLP ("Luce Forward"), Greenberg Traurig LLP ("Greenberg Traurig") and Dreier Stein & Kahan LLP ("Dreier"). Pressman further waives the attorney-client privilege, and, to the extent in his power to do so, the work product doctrine, in

regard to any and all communications between Pressman and other attorneys at Luce Forward and Greenberg Traurig. To the extent that such communications and/or work product were in regard to representation of Broadway Entertainment Marketing, Inc., S.C. Club, Inc., S.C. Club, L.P. and/or Plush Lounge, LLC, Pressman represents and warrants that such entities are no longer operating and no longer have any assets of value, and that Pressman is the controlling officer, director, manager or partner of said entities and waives the attorney-client privilege and work product doctrine, to the extent that he is entitled to do so, on behalf of those entities. None of these waivers goes beyond the law firms stated herein.

7. This Court has jurisdiction of the parties and of the subject matter of this Stipulation.

8. Any disputes arising from this Stipulation or the Non-Dischargeable Judgment shall be submitted to the United States Bankruptcy Court for the Central District of California, Los Angeles Division, for resolution. 9. This Stipulation is executed in the State of California and shall be subject to, and interpreted under, the laws of the State of California and applicable bankruptcy law.

10. This Stipulation contains the entire understanding and agreement of the parties and there have been no promises, representations, warranties or undertakings by either party to the other, oral or written, of any character or nature, except as set forth herein.

11. The Stipulation may be altered, amended, modified or revoked only by an instrument, in writing, expressly referring to this Stipulation and the Non-Dischargeable Judgment, executed by the parties hereto, and approved by the Court, and by no other means. Pressman waives the right to claim, contend or assert in the future that this Stipulation or the Non-Dischargeable Judgment were modified, cancelled, superseded or changed by an oral agreement, course of conduct, or estoppel.

12. This Stipulation and the Non-Dischargeable Judgment have been prepared and negotiated by the Trustee and Pressman on the advice of counsel for each of the parties and said documents shall not be construed against either party.

13. Pressman is fully aware of the content and legal effect of this Stipulation and the Non-Dischargeable Judgment and each party acknowledged for himself, and for the other and the

Case 2:10-bk-62208-ER Doc 243 Filed 07/06/12 Entered 07/06/12 16:37:58 Desc Main Document Page 35 of 38

Court to rely upon, that she/he/it has entered into this settlement of this action voluntarily and free of any duress, undue influence, or presently known or suspected fraud.

14. This Agreement and any accompanying documents to be executed in connection herewith have been executed solely for the purpose of preventing further disputes between the parties, which may potentially result in protracted and costly litigation. Nothing herein shall be taken or construed to be at any time or place as an admission or agreement of liability on the part of any of the parties for any of the claims or demands made in the Recitals or Stipulations herein above and each party expressly denies any such admission or agreement of liability as set forth herein.

15. This Stipulation is subject to Court approval.

**IT IS SO STIPULATED.**

Dated: ~~June~~ July 2, 2012

**JASON M. RUND, CHAPTER 7 TRUSTEE FOR THE CONSOLIDATED BANKRUPTCY ESTATE OF EPD INVESTMENT CO., LLC AND JERROLD S. PRESSMAN**

By: ______________________
Jason M. Rund, Chapter 7 Trustee

Dated: June ___, 2012

**JERROLD S. PRESSMAN, AN INDIVIDUAL**

By: ______________________
Jerrold S. Pressman, an individual

**Approved as to Form:**

Dated: ~~June~~ July 2, 2012

**EZRA BRUTZKUS GUBNER LLP**

By: ______________________
COREY R. WEBER
Special Litigation Counsel for
Jason M. Rund, Chapter 7 Trustee

Dated: July 2, 2012

**ROBERT A. HESSLING, A.P.C.**

By: ______________________
ROBERT A. HESSLING
Counsel for Jason M. Rund, Chapter 7 Trustee

Dated: June ___, 2012

**LANDSBERG & ASSOCIATES**
A Professional Law Corporation

By: ______________________
IAN S. LANDSBERG
Counsel for Jerrold S. Pressman

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE WITH JERROLD PRESSMAN; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF [Fed. R. Bank. P. 9019; Loc. Bankr. R. 9013-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **July 6, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 6, 2012**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor | Chapter 7 Trustee for Jerrold Pressman | Debtor In Pro Se |
|---|---|---|
| Jerrold S. Pressman<br>1201 Idaho Ave., Apt 10<br>Santa Monica, CA 90403 | John J. Menchaca<br>Menchaca & Company<br>835 Wilshire Blvd, Suite 300<br>Los Angeles, CA 90017 | EPD Investment Co., LLC<br>601 S. Figueroa Street, Suite 3900<br>Los Angeles, CA 90017 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2012**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY OVERNIGHT MAIL**

Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2012 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Michael W Aiken ecfnotices@ascensioncapitalgroup.com
Colin M Bernardino cbernardino@kilpatricktownsend.com
Sara E Cook lpalma@mckenna-law.com, scook@mckenna-law.com;bankruptcy@mckenna-law.com
Richard K Diamond rdiamond@dgdk.com, DanningGill@gmail.com
David K Eldan malvarado@pmcos.com, rpinal@pmcos.com;efilings@pmcos.com
Debra Fogelman DEBRAFOGELMAN@LIVE.COM
Anthony A Friedman aaf@lnbyb.com
Alan S Gutman alangutman@gutmanlaw.com
David S Hagen go4broq@earthlink.net
Robert A Hessling rhessling@dgdk.com, DanningGill@gmail.com
Lon B Isaacson - INACTIVE - ecfnotices@lbilaw.com
Alan R Kossoff akossoff@kwikalaw.com, bdipalma@kwikalaw.com
John P Kreis jkreis@attglobal.net
Lewis R Landau LLandau@Dykema.com
Ian Landsberg ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-law.com
Howard N Madris hmadris@madrislaw.com
John A Moe jmoe@luce.com
David L. Neale dln@lnbrb.com
Kathy Bazoian Phelps kphelps@dgdk.com, DanningGill@gmail.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Gilbert B Weisman notices@becket-lee.com
Aleksandra Zimonjic azimonjic@lgbfirm.com, jcasillas@lgbfirm.com;gguidetti@lgbfirm.com

# EXHIBIT NNN

STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@ebg-law.com
cweber@ebg-law.com

Special Litigation Counsel for
Jason M. Rund, Chapter 7 Trustee

FILED & ENTERED

SEP 10 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC and JERROLD S. PRESSMAN,<br><br>Consolidated Debtors. | Case No. 2:10-bk-62208-ER<br>[Consolidated with Case No. 2:12-bk-13760-ER]<br><br>Chapter 7<br><br>**NON-DISCHARGEABLE JUDGMENT IN FAVOR OF THE CONSOLIDATED BANKRUPTCY ESTATE AND AGAINST JERROLD S. PRESSMAN AS TO HIS POST-PETITION ASSETS**<br><br>**Date:** August 1, 2012<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 1568<br>United States Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

The Court, having considered the Stipulation Between: (1) the Chapter 7 Trustee; and (2) Jerrold S. Pressman for Non-Dischargeable Judgment in Favor of the Consolidated Bankruptcy Estate and Against Jerrold S. Pressman as to His Post-Petition Assets (the "Stipulation"), having entered an Order granting the Trustee's Motion for Approval of Compromise with Jerrold Pressman (Docket No. 262), and good cause appearing therefor,

/ / /

/ / /

**IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Judgment is hereby entered in favor of the Trustee, on behalf of the bankruptcy estate, and against Jerrold S. Pressman in the amount of Five Million Dollars ($5,000,000.00) in favor of the Consolidated Bankruptcy Estate (the "Non-Dischargeable Judgment"), which shall be available to creditors of the Consolidated Bankruptcy Estate holding allowed claims on a *pro rata basis*, and according to the priorities set forth in the Bankruptcy Code (to the extent such allowed claims are not otherwise satisfied in full by any distribution in the Consolidated Bankruptcy Case). The Trustee shall deposit any amounts received by him on account of the Non-Dischargeable Judgment into one or more segregated accounts for the benefit of such creditors.

2. The Non-Dischargeable Judgment shall be subject to the following provisions:

   a. Any creditors of the Consolidated Bankruptcy Estate with allowed claims who would otherwise be eligible to participate in any distribution in the Consolidated Bankruptcy Case and/or the Non-Dischargeable Judgment, but have filed a complaint against Pressman for non-dischargeability of debt (pursuant to 11 U.S.C. § 523) or objection to discharge (pursuant to 11 U.S.C. § 727), or who have stipulated with Pressman to extend the time the creditors have to file such complaints, must agree to: (1) waive all such claims against Pressman; and (2) to dismiss any such complaints filed to participate in the Non-Dischargeable Judgment. To the extent that creditors do not waive such claims and dismiss complaints for such claims, they may pursue those claims but shall not have any right to participate in any amounts obtained based on the Non-Dischargeable Judgment. Moreover, to the extent any creditor is successful in obtaining a judgment in their non-dischargeability action, and recover any monies based on such judgment, then the Trustee shall seek to reduce the amount of any such creditor's allowable claim by the amount of the recovery by such creditor.

   b. Pressman's post-petition earnings (if any) will be allocated as follows until the Non-Dischargeable Judgment is paid in full:

(1) Up to $100,000 gross income, Pressman will pay 15% of his gross income toward the Non-Dischargeable Judgment.

(2) Between $100,000.01 and $200,000 gross income, Pressman will pay 20% of his gross income toward the Non-Dischargeable Judgment.

(3) Between $200,000.01 and $300,000 gross income, Pressman will pay 30% of his gross income toward the Non-Dischargeable Judgment.

(4) Between $300,000.01 and $400,000 gross income, Pressman will pay 50% of his gross income toward the Non-Dischargeable Judgment.

(5) The foregoing gross income categories are brackets. If Pressman earns over $100,000 gross income, he shall pay 15% of the gross income up to $100,000 and then shall pay the higher percentage on income earned over $100,000 according to the percentages listed in the brackets above. For example, if Pressman earns $200,000 in gross income in a given year, he will pay 15% for the first $100,000 ($15,000.00), then an additional 20% for the next $100,000 ($20,000.00) for a total of $35,000.00. To the extent that Pressman receives gross income that consists of income in the form of an illiquid asset, Pressman shall not be responsible for paying an amount on such income pursuant to Paragraph 2(b) until such time as the asset may be liquidated.

(6) Upon written request by the Trustee, prior to the closing of the Consolidated Bankruptcy Case, Pressman shall provide the Trustee with a declaration signed under penalty of perjury as to his post-petition assets and gross income as to 2010 and each year thereafter, together with state and federal tax returns that Pressman filed for each of the years.

/ / /

/ / /

/ / /

c. To the extent that the Consolidated Bankruptcy Case is closed prior to the Non-Dischargeable Judgment being paid in full, the Non-Dischargeable Judgment shall remain in effect, with the holders of allowed claims in the Consolidated Bankruptcy Case as the judgment creditors on a *pro rata* basis and according to the priority of their allowed claims and the amount of their allowed claims.

# # #

DATED: September 10, 2012



United States Bankruptcy Judge



640814

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367**

A true and correct copy of the foregoing document entitled (*specify*): **NON-DISCHARGEABLE JUDGMENT IN FAVOR OF THE CONSOLIDATED BANKRUPTCY ESTATE AND AGAINST JERROLD S. PRESSMAN AS TO HIS POST-PETITION ASSETS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ________________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **August 21, 2012**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee (LA)
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Jason M. Rund, Trustee
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA 90245

Attorneys for Jason M. Rund, Trustee
Robert Hessling, Esq.
Robert Hessling, APC
3853 Meadow Park Lane
Torrance, CA 90505

Debtor In Pro Se
EPD Investment Co., LLC
601 S Figueroa Street, Suite 3900
Los Angeles, CA 90017

Debtor In Pro Se
Jerrold S. Pressman
1201 Idaho Ave., Apt 10
Santa Monica, CA 90403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 21, 2012**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY OVERNIGHT MAIL**

Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 21, 2012 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **NON-DISCHARGEABLE JUDGMENT IN FAVOR OF THE CONSOLIDATED BANKRUPTCY ESTATE AND AGAINST JERROLD S. PRESSMAN AS TO HIS POST-PETITION ASSETS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**¾ Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **August 21, 2012**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Michael W Aiken ecfnotices@ascensioncapitalgroup.com
Colin M Bernardino cbernardino@kilpatricktownsend.com
Sara E Cook lpalma@mckenna-law.com, scook@mckenna-law.com;bankruptcy@mckenna-law.com
Richard K Diamond rdiamond@dgdk.com, DanningGill@gmail.com
David K Eldan malvarado@pmcos.com, rpinal@pmcos.com;efilings@pmcos.com
Debra Fogelman DEBRAFOGELMAN@LIVE.COM
Anthony A Friedman aaf@lnbyb.com
Steven T Gubner sgubner@ebg-law.com, ecf@ebg-law.com
Alan S Gutman alangutman@gutmanlaw.com
David S Hagen go4broq@earthlink.net
Robert A Hessling rhessling@gmail.com
Lon B Isaacson - INACTIVE - ecfnotices@lbilaw.com
Alan R Kossoff akossoff@kwikalaw.com, bdipalma@kwikalaw.com
John P Kreis jkreis@attglobal.net
Lewis R Landau LLandau@Dykema.com
Ian Landsberg ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-law.com
Howard N Madris hmadris@madrislaw.com
John A Moe jmoe@luce.com
David L. Neale dln@lnbrb.com
Kathy Bazoian Phelps kphelps@dgdk.com, DanningGill@gmail.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Adam M Starr starra@gtlaw.com, laik@gtlaw.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Corey R Weber ecf@ebg-law.com, cweber@ebg-law.com
Gilbert B Weisman notices@becket-lee.com
Aleksandra Zimonjic azimonjic@lgbfirm.com, jcasillas@lgbfirm.com;gguidetti@lgbfirm.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtor In Pro Se
EPD Investment Co., LLC
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017

Debtor In Pro Se
Jerrold S. Pressman
1201 Idaho Ave., Apt 10
Santa Monica, CA 90403

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

# EXHIBIT OOO

LARRY W. GABRIEL – Bar No. 68329
STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
MICHAEL W. DAVIS – Bar No. 274126
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
cweber@bg.law
mdavis@bg.law

Special Litigation Counsel for
Jason M. Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,<br><br>Debtors. | Case No.: 2:10-bk-62208-ER<br><br>Chapter 7<br><br>Adv. No.: 2:12-ap-02424-ER |
| JASON M. RUND, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009,<br><br>Defendants. | **STIPULATION TO CONTINUE STATUS CONFERENCE, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL, BASED UPON DEFENDANT JOHN C. KIRKLAND'S UNAVAILABILITY DUE TO ILLNESS** |

This stipulation (the "Stipulation") is entered into by and between Plaintiff, Jason M. Rund, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the consolidated bankruptcy estate of debtors EPD Investment Co., LLC ("EPD") and Jerrold S. Pressman ("Pressman") in the above-

Case 2:12-ap-02424-ER Doc 247 Filed 03/31/17 Entered 03/31/17 09:27:41 Desc Main Document Page 2 of 5

captioned chapter 7 proceeding, and defendants John C. Kirkland, an individual, and Poshow Ann Kirkland, as Trustee of the Bright Conscience Trust Dated September 9, 2009 ( "Defendants") (Trustee and Defendants together, the "Parties"), by and through their respective counsel, with reference to the following facts and recitals:

**RECITALS**

WHEREAS, on October 26, 2016, the Court entered its *Order Approving Stipulation Re: Mediation and to Extend Discovery Cutoff and to Continue Pretrial and Trial Dates Pending Mediation* [Docket No. 238] and, among other things, set forth the following dates and deadlines in this matter:

1. The [non-expert] Discovery Cut-Off date is May 30, 2017;
2. A Status conference was set for to February 14, 2017, at 10:00 a.m.;
3. The Pretrial conference is set for July 11, 2017, at 11:00 a.m.;
4. Trial shall take place during the week of July 31, 2017; and,
5. The matter was referred to a private mediation before the Hon. Dickran M. Tevrizian (Ret.)

WHEREAS, the Parties mediated the matter on December 5, 2016, and the matter did not settle.

WHEREAS, on February 1, 2017, the Court entered its *Order Approving Stipulation to Continue Status Conference*, and continued the status conference in this matter from February 14, 2017 to May 9, 2017.

WHEREAS, the Parties are currently engaged in discovery. The Trustee served his First Set of Requests for Admission and First Set of Requests for Production of Documents (as corrected) upon Mrs. Kirkland on January 20, 2017 and January 26, 2017, respectively (the "PAK Discovery"). Pursuant to an agreement of counsel extending the time for Mrs. Kirkland to respond to the PAK Discovery, Mrs. Kirkland served her responses to the PAK Discovery on February 25, 2017 (the "PAK Responses"). The Trustee served his First Set of Requests for Admission and First Set of Requests for Production of Documents upon Mr. Kirkland on January 27, 2017 and February 6, 2017, respectively (the "JCK Discovery"). Pursuant to an agreement of counsel extending the time

for Mr. Kirkland to respond to the JCK Discovery, Mr. Kirkland served his responses to the JCK Discovery on March 9, 2017 (the "JCK Responses").

WHEREAS, the PAK and JCK Responses were not accompanied by the production of any responsive documents. Additionally, the Trustee asserts that the PAK and JCK Responses were deficient and improper and not in compliance with the Federal Rules of Civil Procedure.

WHEREAS, the Trustee initiated the meet and confer process regarding Defendants' discovery responses by sending detailed meet and confer letters regarding the PAK Responses and JCK Responses on March 14 and 17, 2017, respectively (together, the "Trustee's Letters").

WHEREAS, the Parties conducted a telephonic meet and confer conference on March 24, 2017 (the "Meet and Confer") regarding the Trustee's Letters. Defendants have not provided any substantive responses to the issues raised in the Trustee's Letters, nor did they produce any documents, prior to, during, or after the Meet and Confer.

WHEREAS, subsequent to the Meet and Confer, Defendants' counsel represented that Mr. Kirkland has been seriously ill and unavailable since March 17, 2017, and will remain so through April 3, 2017. Defendants' counsel has provided a document which states that it is a doctor's note regarding Mr. Kirkland's illness and unavailability.

WHEREAS, Defendants represent that due to Mr. Kirkland's illness and unavailability that they have not been able to discuss the Trustee's Letters and discovery issues with counsel, and therefore require approximately one week for Mr. Kirkland to recover from illness and discuss with counsel. Mrs. Kirkland represents that the interests of Mr. Kirkland and Mrs. Kirkland are intertwined in this adversary proceeding and that Mr. Kirkland's input as to the discovery issues is necessary prior to responding further.

WHEREAS, based upon the representations of Defendants' counsel regarding Mr. Kirkland's illness and unavailability, and regarding the need for more time to discuss the Trustee's Letters with Mr. Kirkland and to obtain Mr. Kirkland's input, the Trustee has agreed to provide Defendants with additional time, through and including April 5, 2017, to discuss to the Trustee's Letters with counsel prior to the Trustee circulating a stipulation regarding a motion to compel, and prior to moving to compel further responses and the production responsive documents and for other relief.

WHEREAS, based on the foregoing, the Parties stipulate and agree that they require additional time to conduct and complete discovery in this matter, and therefore have stipulated and agreed, subject to Court approval, to a short extensions the discovery cutoff date in this matter, as well as short continuances of the status conference, pre-trial conference, and trial dates, each for approximately 30 days.

## STIPULATION

**NOW, THEREFORE**, the Parties hereby agree and stipulate, subject to Court approval, that:

1. The foregoing recitals are incorporated herein as though fully set forth;

2. The non-expert discovery cutoff date be extended through and including June 30, 2017, and for the deadline to make disclosure of expert witnesses and produce export reports to be set in accordance with the continued trial date;

3. The status conference in this matter shall be continued to a date and time convenient to the Court but no earlier than June 14, 2017;

4. The Pre-Trial Conference herein be continued to a date and time convenient to the Court but no earlier than August 14, 2017; and,

5. Trial in this matter be set for a date and time as is convenient to the Court in accordance with the continued pre-trial conference.

**IT IS SO STIPULATED**

Dated: March 30, 2017

BRUTZKUS GUBNER

By: /s/ Michael W. Davis
Corey R. Weber
Michael W. Davis
Special Litigation Counsel for Plaintiff,
Jason M. Rund, Chapter 7 Trustee

Dated: March 30, 2017

LEWIS R. LANDAU, ATTORNEY AT LAW

By: ______________________
LEWIS R. LANDAU
Attorneys Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **STIPULATION TO CONTINUE STATUS CONFERENCE, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL, BASED UPON DEFENDANT JOHN C. KIRKLAND'S UNAVAILABILITY DUE TO ILLNESS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 31, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael W Davis mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com
- Larry W Gabriel lgabriel@brutzkusgubner.com, nfields@brutzkusgubner.com
- Lewis R Landau Lew@Landaunet.com
- Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
- Autumn D Spaeth aspaeth@swelawfirm.com, gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Corey R Weber ecf@brutzkusgubner.com, cweber@brutzkusgubner.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On ________**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed:

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 31, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed:

**VIA OVERNIGHT DELIVERY**

Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 31, 2017 | JESSICA ROEL | /s/ Jessica Roel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT PPP

# Central District of California
# Claims Register

2:10-bk-62208-ER EPD Investment Co., LLC

**Judge:** Ernest M. Robles **Chapter:** 7
**Office:** Los Angeles **Last Date to file claims:** 12/12/2011
**Trustee:** Jason M Rund (TR) **Last Date to file (Govt):** 03/06/2012

| | | |
|---|---|---|
| *Creditor:* (28626668) History<br>Betty Druckman<br>12521 Sarah St<br>Studio City, CA 91604 | **Claim No: 1**<br>*Original Filed Date*: 02/16/2011<br>*Original Entered Date*: 02/17/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Viridiana Fierro<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $2078684.46 | |
| Unsecured | claimed: | $2078684.46 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 1-1 | 02/16/2011 | Claim #1 filed by Betty Druckman, Amount claimed: $2078684.46 (Fierro, Viridiana ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30225649)<br>Michelle Hansel<br>c/o Stephen M Doniger<br>300 Corporate Pointe Ste 355<br>Culver City CA 90230 | **Claim No: 2**<br>*Original Filed Date*: 09/07/2011<br>*Original Entered Date*: 09/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:*<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $655000.00 | |
| Unknown | claimed: | $655000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 2-1 | 09/07/2011 | Claim #2 filed by Michelle Hansel, Amount claimed: $655000.00 (Lazarte, Val Phillip ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121357) History<br>JERRY ALBA<br>3910 EMERALD ST 213<br>TORRANCE CA 90503-3162 | **Claim No: 3**<br>*Original Filed Date*: 09/26/2011<br>*Original Entered Date*: 09/28/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Gina Stankovic<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $35700.00 | |
| Unsecured | claimed: | $35700.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 3-1 | 09/26/2011 | Claim #3 filed by JERRY ALBA, Amount claimed: $35700.00 (Stankovic, Gina ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30463075)<br>Jayne Saeger, Trustee<br>551 E. Edwards Avenue<br>East Dundee, IL 60118 Claimant History | **Claim No: 4**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011<br>*Last Amendment Filed*: 04/21/2015<br>*Last Amendment Entered*: 04/21/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

2283

| Amount | claimed: | $597588.73 | | |
|---|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 4-1 | 10/13/2011 | Claim #4 filed by Jayne Ehlert Saeger, Amount claimed: $597588.73 (Cook, Sara ) |
| Details | | 4-2 | 04/21/2015 | Amended Claim #4 filed by Jayne Saeger, Trustee, Amount claimed: $597588.73 (Cook, Sara ) |

*Description:* (4-2) Paula Krueger and Vicky McCarthy as Successor Trustees/Declaration of Trust dated 7/22/1994

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30463075)<br>Jayne Saeger, Trustee<br>551 E. Edwards Avenue<br>East Dundee, IL 60118 | **Claim No: 5**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011<br>*Last Amendment Filed*: 04/21/2015<br>*Last Amendment Entered*: 04/21/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

| Amount | claimed: | $763131.82 | | |
|---|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 5-1 | 10/13/2011 | Claim #5 filed by Jayne Saeger, Trustee, Amount claimed: $763131.82 (Cook, Sara ) |
| Details | | 5-2 | 04/21/2015 | Amended Claim #5 filed by Jayne Saeger, Trustee, Amount claimed: $763131.82 (Cook, Sara ) |

*Description:* (5-1) IRA
(5-2) Paula K

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (28094451)<br>Orland and Vicki McCarthy<br>1251 Old Oak Ct<br>Hampshire, IL 60140 | **Claim No: 6**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

| Amount | claimed: | $396163.94 | | |
|---|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 6-1 | 10/13/2011 | Claim #6 filed by Orland and Vicki McCarthy, Amount claimed: $396163.94 (Cook, Sara ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (28094450)<br>Orland McCarthy<br>1251 Old Oak Ct<br>Hampshire, IL 60140 | **Claim No: 7**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

| Amount | claimed: | $633626.84 | | |
|---|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 7-1 | 10/13/2011 | Claim #7 filed by Orland McCarthy, Amount claimed: $633626.84 (Cook, Sara ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (28094452) History<br>Paula Krueger<br>Vicki McCarthy<br>c/o Michael Kite<br>Atty At Law<br>1900 S. Highland Ave Suite 100<br>Lombard, IL 60148 | **Claim No: 8**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

| Amount | claimed: | $156222.14 |
|---|---|---|

History:

| Details | | 8-1 | 10/13/2011 | Claim #8 filed by Paula Krueger, Amount claimed: $156222.14 (Cook, Sara ) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (28094453)<br>Jenny Lee<br>c/o Sara E Cook<br>666 Russel Ct Ste 303<br>Woodstock IL 60098 | **Claim No: 9**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $269500.00 |
|---|---|---|

History:

| Details | | 9-1 | 10/13/2011 | Claim #9 filed by Jenny Lee, Amount claimed: $269500.00 (Cook, Sara ) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (28094446)<br>Leslie Huerth<br>715 Goldenrod Court<br>Crystal Lake, IL 60014 | **Claim No: 10**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $18998.00 |
|---|---|---|

History:

| Details | | 10-1 | 10/13/2011 | Claim #10 filed by Leslie Huerth, Amount claimed: $18998.00 (Cook, Sara ) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (28094445)<br>Arthur Huerth<br>1837 Seafan Cir., No.<br>Fort Myers, FL 33903 | **Claim No: 11**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $911830.00 |
|---|---|---|

History:

| Details | | 11-1 | 10/13/2011 | Claim #11 filed by Arthur Huerth, Amount claimed: $911830.00 (Cook, Sara ) |
|---|---|---|---|---|

Description:

Remarks:

| Creditor: (28094445)<br>Arthur Huerth<br>1837 Seafan Cir., No.<br>Fort Myers, FL 33903 | **Claim No: 12**<br>*Original Filed Date*: 10/13/2011<br>*Original Entered Date*: 10/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $359379.00 |
|---|---|---|

History:

| Details | | 12-1 | 10/13/2011 | Claim #12 filed by Arthur Huerth, Amount claimed: $359379.00 (Cook, Sara ) |
|---|---|---|---|---|

*Description:* (12-1) IRA

Remarks:

| | | |
|---|---|---|
| *Creditor:* (30486366)<br>Hemac Enterprises, Inc.<br>401 Keyes Ave.<br>Hampshire, IL 60140 | **Claim No: 13**<br>*Original Filed Date*: 10/17/2011<br>*Original Entered Date*: 10/17/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |

| Amount | claimed: | $284277.87 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 13-1 | 10/17/2011 | Claim #13 filed by Hemac Enterprises, Inc., Amount claimed: $284277.87 (Cook, Sara ) |

*Description:* (13-1) Contract/Notes

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121366)<br>DONALD AND BARBARA BENEFIEL<br>811 E GLENCREST DRIVE<br>SPOKANE WA 99208 | **Claim No: 14**<br>*Original Filed Date*: 10/14/2011<br>*Original Entered Date*: 10/20/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

*No amounts claimed*

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 14-1 | 10/14/2011 | Claim #14 filed by DONALD AND BARBARA BENEFIEL, Amount claimed: (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121515)<br>DANIEL WEINER<br>55 COTTAGE LANE<br>ALISO VIEJO CA 92656 | **Claim No: 15**<br>*Original Filed Date*: 10/20/2011<br>*Original Entered Date*: 10/25/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $958548.67 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 15-1 | 10/20/2011 | Claim #15 filed by DANIEL WEINER, Amount claimed: $958548.67 (Kim, Ji Yun ) |

*Description:* (15-1) LOAN

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121452)<br>STEPHEN E LIM<br>16133 SUNNYVIEW<br>HACIENDA HEIGHTS CA 91745 | **Claim No: 16**<br>*Original Filed Date*: 10/25/2011<br>*Original Entered Date*: 11/02/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bock Tom<br>*Modified:* |

| Amount | claimed: | $1095860.36 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 16-1 | 10/25/2011 | Claim #16 filed by STEPHEN E LIM, Amount claimed: $1095860.36 (Tom, Bock ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121441) History<br>RICHARD KRAFT<br>3036 OCEAN VIEW<br>LAS VEGAS NV 89117 | **Claim No: 17**<br>*Original Filed Date*: 10/26/2011<br>*Original Entered Date*: 11/02/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| Amount | claimed: | $400000.00 |
|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 17-1 | 10/26/2011 | Claim #17 filed by RICHARD KRAFT, Amount claimed: $400000.00 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (30659303)<br>KAMPS FAMILY<br>2253 J EDWARD CT<br>SUAMICO Wi 54313 | **Claim No: 18**<br>*Original Filed Date*: 10/28/2011<br>*Original Entered Date*: 11/02/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bock Tom<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $108000.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 18-1 | 10/28/2011 | Claim #18 filed by KAMPS FAMILY, Amount claimed: $108000.00 (Tom, Bock ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121493) History<br>RONALD M SHARROW<br>8 EIFFEL COURT<br>RANCHO MIRAGE CA 92270 | **Claim No: 19**<br>*Original Filed Date*: 10/31/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $386642.79 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 19-1 | 10/31/2011 | Claim #19 filed by RONALD M SHARROW, Amount claimed: $386642.79 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121492) History<br>SHARROW SPRINGS<br>111 DESERT HOLLY DRIVE<br>PALM DESERT CA 92211 | **Claim No: 20**<br>*Original Filed Date*: 10/31/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $184932.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 20-1 | 10/31/2011 | Claim #20 filed by SHARROW SPRINGS, Amount claimed: $184932.00 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121487) History<br>JILL SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 21**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* AT<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $120271.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 21-1 | 11/04/2011 | Claim #21 filed by JILL SELTZER, Amount claimed: $120271.00 (Friedman, Anthony ) |

Description: (21-1) Money loaned/invested (27-JS)

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 22**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| Amount | claimed: | $849799.00 | | |
|---|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 22-1 | 11/04/2011 | Claim #22 filed by SCOTT SELTZER, Amount claimed: $849799.00 (Friedman, Anthony ) |

*Description:* (22-1) Money loaned/invested (26-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 23**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| Amount | claimed: | $257339.00 | | |
|---|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 23-1 | 11/04/2011 | Claim #23 filed by SCOTT SELTZER, Amount claimed: $257339.00 (Friedman, Anthony ) |

*Description:* (23-1) Money loaned/invested (26-SS2)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 24**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| Amount | claimed: | $156519.00 | | |
|---|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 24-1 | 11/04/2011 | Claim #24 filed by SCOTT SELTZER, Amount claimed: $156519.00 (Friedman, Anthony ) |

*Description:* (24-1) Money loaned/invested (01-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 25**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| Amount | claimed: | $19462.00 | | |
|---|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 25-1 | 11/04/2011 | Claim #25 filed by SCOTT SELTZER, Amount claimed: $19462.00 (Friedman, Anthony ) |

*Description:* (25-1) Money loaned/invested (SS-IRA)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 26**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

| Amount | claimed: | $20155.00 | | |
|---|---|---|---|---|

*History:*

| Details | | 26-1 | 11/04/2011 | Claim #26 filed by SCOTT SELTZER, Amount claimed: $20155.00 (Friedman, Anthony ) |
|---|---|---|---|---|

*Description:* (26-1) Money loaned/invested (09-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 27**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

Amount claimed: $8439.00

*History:*

| Details | | 27-1 | 11/04/2011 | Claim #27 filed by SCOTT SELTZER, Amount claimed: $8439.00 (Friedman, Anthony ) |
|---|---|---|---|---|

*Description:* (27-1) Money loaned/invested (801-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121491) History<br>STACEY SELTZER<br>76 Main Street, #2A<br>Irvington, NY 10533 | **Claim No: 28**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

Amount claimed: $320688.00

*History:*

| Details | | 28-1 | 11/04/2011 | Claim #28 filed by STACEY SELTZER, Amount claimed: $320688.00 (Friedman, Anthony ) |
|---|---|---|---|---|

*Description:* (28-1) Money loaned/invested (19-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121486) History<br>CHELSEA SELTZER<br>280 ST JAMES PLACE GARDEN APT<br>BROOKLYN NY 11205 | **Claim No: 29**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

Amount claimed: $280047.00

*History:*

| Details | | 29-1 | 11/04/2011 | Claim #29 filed by CHELSEA SELTZER, Amount claimed: $280047.00 (Friedman, Anthony ) |
|---|---|---|---|---|

*Description:* (29-1) Money loaned/invested (24-CS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121488) History<br>SCOTT SELTZER<br>4338 Redwood Avenue, Unit 313<br>Marina Del Rey, CA 90292 | **Claim No: 30**<br>*Original Filed Date*: 11/04/2011<br>*Original Entered Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Anthony A Friedman<br>*Modified:* |

Amount claimed: $99027.00

*History:*

| Details | | 30-1 | 11/04/2011 | Claim #30 filed by SCOTT SELTZER, Amount claimed: $99027.00 (Friedman, Anthony ) |
|---|---|---|---|---|

*Description:* (30-1) Money loaned/invested (20-SS)

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121489)<br>SEYMOUR SELTZER | **Claim No: 31**<br>*Original Filed Date*: 11/04/2011 | *Status:*<br>*Filed by:* CR |

1655 LAKE COOK ROAD 141
HIGHLAND PARK IL 60035

Original Entered Date: 11/04/2011

*Entered by:* Anthony A Friedman
*Modified:*

| Amount | claimed: | $347788.00 | |
|---|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 31-1 | 11/04/2011 | Claim #31 filed by SEYMOUR SELTZER, Amount claimed: $347788.00 (Friedman, Anthony ) |

*Description:* (31-1) Money loaned/invested (0626)

*Remarks:*

---

*Creditor:* (29121489)
SEYMOUR SELTZER
1655 LAKE COOK ROAD 141
HIGHLAND PARK IL 60035

**Claim No: 32**
*Original Filed Date*: 11/04/2011
*Original Entered Date*: 11/04/2011

*Status:*
*Filed by:* CR
*Entered by:* Anthony A Friedman
*Modified:*

| Amount | claimed: | $186026.00 | |
|---|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 32-1 | 11/04/2011 | Claim #32 filed by SEYMOUR SELTZER, Amount claimed: $186026.00 (Friedman, Anthony ) |

*Description:* (32-1) Money loaned/invested (0523)

*Remarks:*

---

*Creditor:* (29121489)
SEYMOUR SELTZER
1655 LAKE COOK ROAD 141
HIGHLAND PARK IL 60035

**Claim No: 33**
*Original Filed Date*: 11/04/2011
*Original Entered Date*: 11/04/2011

*Status:*
*Filed by:* CR
*Entered by:* Anthony A Friedman
*Modified:*

| Amount | claimed: | $348917.00 | |
|---|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 33-1 | 11/04/2011 | Claim #33 filed by SEYMOUR SELTZER, Amount claimed: $348917.00 (Friedman, Anthony ) |

*Description:* (33-1) Money loaned/invested (0515)

*Remarks:*

---

*Creditor:* (30682602)
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**Claim No: 34**
*Original Filed Date*: 11/07/2011
*Original Entered Date*: 11/07/2011
*Last Amendment Filed*: 09/21/2012
*Last Amendment Entered*: 09/21/2012

*Status:*
*Filed by:* CR
*Entered by:* Rebecca Estonilo
*Modified:*

| | | | |
|---|---|---|---|
| Amount | claimed: | $22926.92 | |
| Priority | claimed: | $18616.20 | |

*History:*

| | | | |
|---|---|---|---|
| Details | 34-1 | 11/07/2011 | Claim #34 filed by FRANCHISE TAX BOARD, Amount claimed: $19875.18 (Rogers, Genevieve ) |
| Details | 34-2 | 09/21/2012 | Amended Claim #34 filed by FRANCHISE TAX BOARD, Amount claimed: $22926.92 (Estonilo, Rebecca ) |

*Description:* (34-1) Claim Filed
(34-2) Claim Filed

*Remarks:*

---

*Creditor:* (30682603)

**Claim No: 35**

*Status:*

2290

| | | |
|---|---|---|
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | *Original Filed Date*: 11/07/2011<br>*Original Entered Date*: 11/07/2011<br>*Last Amendment Filed*: 11/23/2016<br>*Last Amendment Entered*: 11/23/2016 | *Filed by:* CR<br>*Entered by:* Rebecca Estonilo<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $6349.74 | |
| Priority | claimed: | $6349.74 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 35-1 | 11/07/2011 | Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $883.36 (Rogers, Genevieve ) |
| Details | | 35-2 | 05/21/2012 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $1778.94 (Ho, Vivian ) |
| Details | | 35-3 | 09/04/2013 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $2835.71 (Estonilo, Rebecca ) |
| Details | | 35-4 | 02/11/2014 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $3657.89 (Ho, Vivian ) |
| Details | | 35-5 | 09/25/2014 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $3170.14 (Rogers, Genevieve ) |
| Details | | 35-6 | 09/25/2015 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $4304.82 (Rogers, Genevieve ) |
| Details | | 35-7 | 03/09/2016 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $3041.67 (Estonilo, Rebecca ) |
| Details | | 35-8 | 11/23/2016 | Amended Claim #35 filed by FRANCHISE TAX BOARD, Amount claimed: $6349.74 (Estonilo, Rebecca ) |

*Description:* (35-1) Claim Filed
(35-2) Claim Filed
(35-3) Claim Filed
(35-4) Claim Filed
(35-5) Claim Filed
(35-6) Claim Filed
(35-7) 0131
(35-8) Claim Filed

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121490) History<br>SHARY SELTZER<br>ANTHONY A. FRIEDMAN ESQ.<br>10250 CONSTELLATION BLVD STE 1700<br>LOS ANGELES CA 90067 | **Claim No: 36**<br>*Original Filed Date*: 11/07/2011<br>*Original Entered Date*: 11/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $423440.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 36-1 | 11/07/2011 | Claim #36 filed by SHARY SELTZER, Amount claimed: $423440.00 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121490) History<br>SHARY SELTZER<br>ANTHONY A. FRIEDMAN ESQ.<br>10250 CONSTELLATION BLVD STE 1700<br>LOS ANGELES CA 90067 | **Claim No: 37**<br>*Original Filed Date*: 11/07/2011<br>*Original Entered Date*: 11/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $1113670.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 37-1 | 11/07/2011 | Claim #37 filed by SHARY SELTZER, Amount claimed: $1113670.00 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (29121388)<br>JOHN DITTMAR<br>2177 FERN DELL PLACE<br>LOS ANGELES CA 90068 | **Claim No: 38**<br>Original Filed Date: 11/09/2011<br>Original Entered Date: 11/09/2011 | Status:<br>Filed by: CR<br>Entered by: Alan S Gutman<br>Modified: |

| Amount | claimed: | $562075.00 |
|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 38-1 | 11/09/2011 | Claim #38 filed by JOHN DITTMAR, Amount claimed: $562075.00 (Gutman, Alan ) |

Description: (38-1) money loaned / investment fraud

Remarks:

| | | |
|---|---|---|
| Creditor: (29121449)<br>MICHAEL LEVAN<br>1815 1/2 PANDORA AVENUE<br>LOS ANGELES CA 90025 | **Claim No: 39**<br>Original Filed Date: 11/14/2011<br>Original Entered Date: 11/14/2011 | Status:<br>Filed by: CR<br>Entered by: Lon B Isaacson - DISBARRED -<br>Modified: |

| Amount | claimed: | $142225.59 |
|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 39-1 | 11/14/2011 | Claim #39 filed by MICHAEL LEVAN, Amount claimed: $142225.59 (Isaacson - DISBARRED -, Lon ) |

Description: (39-1) Investment allegedly made in S. California real estate

Remarks:

| | | |
|---|---|---|
| Creditor: (29121417)<br>NORMAN HANOVER<br>141 WHITE HORSE TRAIL<br>PALM DESERT CA 92211 | **Claim No: 40**<br>Original Filed Date: 11/14/2011<br>Original Entered Date: 11/14/2011<br>Last Amendment Filed: 11/23/2011<br>Last Amendment Entered: 11/23/2011 | Status:<br>Filed by: CR<br>Entered by: Norman L Hanover<br>Modified: |

| Amount | claimed: | $1631336.60 |
|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 40-1 | 11/14/2011 | Claim #40 filed by NORMAN HANOVER, Amount claimed: $1631336.60 (Hanover, Norman ) |
| Details | | 40-2 | 11/23/2011 | Amended Claim #40 filed by NORMAN HANOVER, Amount claimed: $1631336.60 (Hanover, Norman ) |

Description: (40-1) Promissory Note for Money Loaned
(40-2) Amend Claim to correct mailing and payment addresses to reflect Custodian: Millennium Trust Co., Inc.

Remarks:

| | | |
|---|---|---|
| Creditor: (29121418)<br>MARY LOU HANOVER<br>141 WHITE HORSE TRAIL<br>PALM DESERT CA 92211 | **Claim No: 41**<br>Original Filed Date: 11/14/2011<br>Original Entered Date: 11/14/2011 | Status:<br>Filed by: CR<br>Entered by: Norman L Hanover<br>Modified: |

| Amount | claimed: | $120514.08 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 41-1 | 11/14/2011 | Claim #41 filed by MARY LOU HANOVER, Amount claimed: $120514.08 (Hanover, Norman ) |

*Description:* (41-1) Balance due to lease payments not made

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121417)<br>NORMAN HANOVER<br>141 WHITE HORSE TRAIL<br>PALM DESERT CA 92211 | **Claim No: 42**<br>*Original Filed Date*: 11/14/2011<br>*Original Entered Date*: 11/14/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Norman L Hanover<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $357608.61 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 42-1 | 11/14/2011 | Claim #42 filed by NORMAN HANOVER, Amount claimed: $357608.61 (Hanover, Norman ) |

*Description:* (42-1) Lease payments collected by Debtor but not paid over to creditor

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121448)<br>GLORIA LEVAN<br>37-OS 88TH STREET APT 5-D<br>JACKSON HEIGHTS NY 11372 | **Claim No: 43**<br>*Original Filed Date*: 11/17/2011<br>*Original Entered Date*: 11/17/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Lon B Isaacson - DISBARRED -<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $178492.09 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 43-1 | 11/17/2011 | Claim #43 filed by GLORIA LEVAN, Amount claimed: $178492.09 (Isaacson - DISBARRED -, Lon ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30757690)<br>Christine Kamps<br>4214 Nogales Dr.<br>Tarzana CA 91356 | **Claim No: 44**<br>*Original Filed Date*: 11/16/2011<br>*Original Entered Date*: 11/18/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $355219.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 44-1 | 11/16/2011 | Claim #44 filed by Christine Kamps, Amount claimed: $355219.00 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121477)<br>JUAN RINCON<br>4728 N RACINEE AVENUE 1 E<br>CHICAGO IL 60640 | **Claim No: 45**<br>*Original Filed Date*: 11/18/2011<br>*Original Entered Date*: 11/22/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $12000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 45-1 | 11/18/2011 | Claim #45 filed by JUAN RINCON, Amount claimed: $12000.00 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (29121391) History<br>VALERIE DRUCKMAN<br>12521 Sarah St<br>Studio City, CA 91604 | **Claim No: 46**<br>Original Filed Date: 11/22/2011<br>Original Entered Date: 11/29/2011 | Status:<br>Filed by: CR<br>Entered by: Cynthia Banderas (Barrera)<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $21442.73 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 46-1 | 11/22/2011 | Claim #46 filed by VALERIE DRUCKMAN, Amount claimed: $21442.73 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (29121390) History<br>BETTY DRUCKMAN<br>12521 Sarah St<br>Studio City CA 91604 | **Claim No: 47**<br>Original Filed Date: 11/22/2011<br>Original Entered Date: 11/29/2011 | Status:<br>Filed by: CR<br>Entered by: Cynthia Banderas (Barrera)<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $2111285.46 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 47-1 | 11/22/2011 | Claim #47 filed by BETTY DRUCKMAN, Amount claimed: $2111285.46 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (29121405)<br>GRANDE CANYON LEASING<br>31 WEST ROBERTSON STREET<br>PALATINE IL 60067 | **Claim No: 48**<br>Original Filed Date: 11/23/2011<br>Original Entered Date: 11/29/2011 | Status:<br>Filed by: CR<br>Entered by: Cynthia Banderas (Barrera)<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $2193346.26 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 48-1 | 11/23/2011 | Claim #48 filed by GRANDE CANYON LEASING, Amount claimed: $2193346.26 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (30809279)<br>Alan C Harvey<br>8229 Thoroughbred St<br>Alta Loma CA 91701 | **Claim No: 49**<br>Original Filed Date: 11/29/2011<br>Original Entered Date: 11/29/2011 | Status:<br>Filed by: CR<br>Entered by: Howard N Madris<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $3825890.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 49-1 | 11/29/2011 | Claim #49 filed by Alan C Harvey, Amount claimed: $3825890.00 (Madris, Howard ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (30853413)<br>Dr. Melvin & Ellen Glick | **Claim No: 50**<br>Original Filed Date: 12/03/2011 | Status:<br>Filed by: CR |

| | | |
|---|---|---|
| 41-530 Hogan Drive<br>Palm Desert, CA 92211 | *Original Entered Date*: 12/03/2011 | *Entered by:* Michael St James<br>*Modified:* |

Amount claimed: $2808518.13

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 50-1 | 12/03/2011 | Claim #50 filed by Dr. Melvin & Ellen Glick, Amount claimed: $2808518.13 (St James, Michael ) |

*Description:* (50-1) Loans to Debtor

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30853414)<br>Adam Glick<br>14 El Quanito Way<br>Burlingame, CA 94010 | **Claim No: 51**<br>*Original Filed Date*: 12/03/2011<br>*Original Entered Date*: 12/03/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Michael St James<br>*Modified:* |

Amount claimed: $79022.94

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 51-1 | 12/03/2011 | Claim #51 filed by Adam Glick, Amount claimed: $79022.94 (St James, Michael ) |

*Description:* (51-1) Loan to Debtor

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121499) History<br>PAUL AND BOBBI SLOAN<br>6041 FENWOOD<br>WOODLAND HILLS CA 91367 | **Claim No: 52**<br>*Original Filed Date*: 11/28/2011<br>*Original Entered Date*: 12/05/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $213000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 52-1 | 11/28/2011 | Claim #52 filed by PAUL AND BOBBI SLOAN, Amount claimed: $213000.00 (Kim, Ji Yun ) |

*Description:* (52-1) INVESTMENT

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121497) History<br>BOBBI SLOAN<br>6041 FENWOOD<br>WOODLAND HILLS CA 91367 | **Claim No: 53**<br>*Original Filed Date*: 11/28/2011<br>*Original Entered Date*: 12/05/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $2132630.36

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 53-1 | 11/28/2011 | Claim #53 filed by BOBBI SLOAN, Amount claimed: $2132630.36 (Kim, Ji Yun ) |

*Description:* (53-1) INVESTMENT

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121498) History<br>PAUL SLOAN<br>6041 FENWOOD<br>WOODLAND HILLS CA 91367 | **Claim No: 54**<br>*Original Filed Date*: 11/28/2011<br>*Original Entered Date*: 12/05/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $544290.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 54-1 | 11/28/2011 | Claim #54 filed by PAUL SLOAN, Amount claimed: $544290.00 (Kim, Ji Yun ) |

| | |
|---|---|
| *Description:* (54-1) INVESTMENT | |
| *Remarks:* | |

| | | |
|---|---|---|
| *Creditor:* (29121481)<br>DALE SAEGER<br>551 E EDWARDS AVENUE EAST<br>DUNDEE IL 60118 | **Claim No: 55**<br>*Original Filed Date*: 12/06/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
| Amount claimed: $98146.24 | | |
| *History:* | | |
| Details 55-1 12/06/2011 | Claim #55 filed by DALE SAEGER, Amount claimed: $98146.24 (Cook, Sara ) | |
| *Description:* (55-1) Contract/Notes | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121481)<br>DALE SAEGER<br>551 E EDWARDS AVENUE EAST<br>DUNDEE IL 60118 | **Claim No: 56**<br>*Original Filed Date*: 12/06/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sara E Cook<br>*Modified:* |
| Amount claimed: $200161.91 | | |
| *History:* | | |
| Details 56-1 12/06/2011 | Claim #56 filed by DALE SAEGER, Amount claimed: $200161.91 (Cook, Sara ) | |
| *Description:* (56-1) IRA | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121414)<br>RICK GUTIERREZ<br>1286 N SWEETZER AVENUE<br>WEST HOLLYWOOD CA 90069 | **Claim No: 57**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $87629.87 | | |
| *History:* | | |
| Details 57-1 12/05/2011 | Claim #57 filed by RICK GUTIERREZ, Amount claimed: $87629.87 (Kim, Ji Yun ) | |
| *Description:* (57-1) money loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (30868563)<br>Maribeth Emigh<br>7839 Naylor Ave<br>Los Angeles CA 90045 | **Claim No: 58**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $224293.76 | | |
| *History:* | | |
| Details 58-1 12/05/2011 | Claim #58 filed by Maribeth Emigh, Amount claimed: $224293.76 (Kim, Ji Yun ) | |
| *Description:* (58-1) money loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (30868563)<br>Maribeth Emigh<br>7839 Naylor Ave<br>Los Angeles CA 90045 | **Claim No: 59**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $73279.12 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 59-1 | 12/05/2011 | Claim #59 filed by Maribeth Emigh, Amount claimed: $73279.12 (Kim, Ji Yun ) |

*Description:* (59-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121426)<br>ANDREW INKELES<br>7839 NAYLOR AVENUE<br>LOS ANGELES CA 90045 | **Claim No: 60**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/06/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $276373.07 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 60-1 | 12/05/2011 | Claim #60 filed by ANDREW INKELES, Amount claimed: $276373.07 (Kim, Ji Yun ) |

*Description:* (60-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121426)<br>ANDREW INKELES<br>7839 NAYLOR AVENUE<br>LOS ANGELES CA 90045 | **Claim No: 61**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $275992.87 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 61-1 | 12/05/2011 | Claim #61 filed by ANDREW INKELES, Amount claimed: $275992.87 (Kim, Ji Yun ) |

*Description:* (61-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121387)<br>BRIAN DANIELEWICZ<br>740 FLORSHEIM DRIVE<br>LIBERTYVILLE IL 60048 | **Claim No: 62**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $140000.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 62-1 | 12/05/2011 | Claim #62 filed by BRIAN DANIELEWICZ, Amount claimed: $140000.00 (Kim, Ji Yun ) |

*Description:* (62-1) invested monies

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121421)<br>LINDA AND STEPHEN HIRSCH<br>4459 TERRACEMEADOW COURT<br>MOORPARK CA 93021 | **Claim No: 63**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $65757.78 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 63-1 | 12/05/2011 | Claim #63 filed by LINDA AND STEPHEN HIRSCH, Amount claimed: $65757.78 (Kim, Ji Yun ) |

*Description:* (63-1) investment account

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121364)<br>JULIE BECNEL<br>1905 NORTH AVENUE 52<br>LOS ANGELES CA 90042 | **Claim No: 64**<br>*Original Filed Date*: 12/06/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $9541.74 | | |
| *History:* | | |
| Details 64-1 12/06/2011 | Claim #64 filed by JULIE BECNEL, Amount claimed: $9541.74 (Kim, Ji Yun ) | |
| *Description:* (64-1) investment account | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121467)<br>JANICE PETROOK<br>25/3 PINKAS STREET<br>TEL AVIV ISRAEL 62662 | **Claim No: 65**<br>*Original Filed Date*: 12/06/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $626291.62 | | |
| *History:* | | |
| Details 65-1 12/06/2011 | Claim #65 filed by JANICE PETROOK, Amount claimed: $626291.62 (Kim, Ji Yun ) | |
| *Description:* (65-1) money loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121519) History<br>JACLYN ZEMAN PRODUCTIONS<br>1600 North Kings Road<br>Los Angeles, CA 90069 | **Claim No: 66**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $2280997.89 | | |
| *History:* | | |
| Details 66-1 12/05/2011 | Claim #66 filed by JACLYN ZEMAN PRODUCTIONS, Amount claimed: $2280997.89 (Kim, Ji Yun ) | |
| *Description:* (66-1) collateralized loan principal | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121519) History<br>JACLYN ZEMAN PRODUCTIONS<br>1600 North Kings Road<br>Los Angeles, CA 90069 | **Claim No: 67**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $132367.96 | | |
| *History:* | | |
| Details 67-1 12/05/2011 | Claim #67 filed by JACLYN ZEMAN PRODUCTIONS, Amount claimed: $132367.96 (Kim, Ji Yun ) | |
| *Description:* (67-1) principal invested | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121519) History<br>JACLYN ZEMAN PRODUCTIONS<br>1600 North Kings Road<br>Los Angeles, CA 90069 | **Claim No: 68**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
| Amount claimed: $1294561.87 | | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 68-1 | 12/05/2011 | Claim #68 filed by JACLYN ZEMAN PRODUCTIONS, Amount claimed: $1294561.87 (Kim, Ji Yun ) |

*Description:* (68-1) principal invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121519) History<br>JACLYN ZEMAN PRODUCTIONS<br>1600 North Kings Road<br>Los Angeles, CA 90069 | **Claim No: 69**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/07/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $1018123.05 | |
|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 69-1 | 12/05/2011 | Claim #69 filed by JACLYN ZEMAN PRODUCTIONS, Amount claimed: $1018123.05 (Kim, Ji Yun ) |

*Description:* (69-1) installment note & investment deposit

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121446)<br>RICHARD LEFLCOVITS<br>5196 HILLRIDGE DRIVE<br>CAMARILLO CA 93012 | **Claim No: 70**<br>*Original Filed Date*: 12/01/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $114077.66 | |
|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 70-1 | 12/01/2011 | Claim #70 filed by RICHARD LEFLCOVITS, Amount claimed: $114077.66 (Kim, Ji Yun ) |

*Description:* (70-1) ira and investment

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121444)<br>JACK LEFF<br>7165 ROCKRIDGE TERRACE<br>WEST HILLS CA 91038 | **Claim No: 71**<br>*Original Filed Date*: 12/01/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $1111989.93 | |
|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 71-1 | 12/01/2011 | Claim #71 filed by JACK LEFF, Amount claimed: $1111989.93 (Kim, Ji Yun ) |

*Description:* (71-1) ira and personal savings

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121453) History<br>BRETT LINDSKOG<br>500 N Rossmore Ave Apt 206<br>Los Angeles CA 90004-2436 | **Claim No: 72**<br>*Original Filed Date*: 12/01/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| Amount | claimed: | $45288.33 | |
|---|---|---|---|

History:

| | | | | |
|---|---|---|---|---|
| Details | | 72-1 | 12/01/2011 | Claim #72 filed by BRETT LINDSKOG, Amount claimed: $45288.33 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121465) History<br>FORREST PENNER/MARIA HERBST<br>PO Box 26774<br>Los Angeles CA 90026 | **Claim No: 73**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Debra Fogelman<br>*Modified:* |
| Amount claimed: $542140.72 | | |
| *History:* | | |
| Details 73-1 12/08/2011 | Claim #73 filed by FORREST PENNER/MARIA HERBST, Amount claimed: $542140.72 (Fogelman, Debra ) | |
| *Description:* (73-1) Money Loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121381) History<br>ISIS BURKHOLDER<br>c/o Maria Herbst<br>PO Box 26774<br>LOS ANGELES CA 90026 | **Claim No: 74**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Debra Fogelman<br>*Modified:* |
| Amount claimed: $367233.08 | | |
| *History:* | | |
| Details 74-1 12/08/2011 | Claim #74 filed by ISIS BURKHOLDER, Amount claimed: $367233.08 (Fogelman, Debra ) | |
| *Description:* (74-1) Money Loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (30882435) History<br>FORREST PENNER<br>PO Box 26774<br>LOS ANGELES, CALIFORNIA<br>90026 | **Claim No: 75**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Debra Fogelman<br>*Modified:* |
| Amount claimed: $207457.84 | | |
| *History:* | | |
| Details 75-1 12/08/2011 | Claim #75 filed by FORREST PENNER, Amount claimed: $207457.84 (Fogelman, Debra ) | |
| *Description:* (75-1) Money Loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (30882491) History<br>MARIA HERBST<br>PO Box 26774<br>LOS ANGELES, CALIFORNIA<br>90026 | **Claim No: 76**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Debra Fogelman<br>*Modified:* |
| Amount claimed: $195555.92 | | |
| *History:* | | |
| Details 76-1 12/08/2011 | Claim #76 filed by MARIA HERBST, Amount claimed: $195555.92 (Fogelman, Debra ) | |
| *Description:* (76-1) Money Loaned | | |
| *Remarks:* | | |

| | | |
|---|---|---|
| *Creditor:* (29121384)<br>ALAN AND GAIL CHARAP<br>517 ARROWHEAD DRIVE<br>PALM DESERT CA 92211 | **Claim No: 77**<br>*Original Filed Date*: 12/05/2011<br>*Original Entered Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

2300

| | | |
|---|---|---|
| Amount | claimed: | $651100.00 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 77-1 | 12/05/2011 | Claim #77 filed by ALAN AND GAIL CHARAP, Amount claimed: $651100.00 (Kim, Ji Yun ) |

Description: (77-1) money loaned

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121443)<br>DONNA LEFF<br>7165 ROCKRIDGE TERRACE<br>WEST HILLS CA 91038 | **Claim No: 78**<br>*Original Filed Date*: 12/01/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $388088.09 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 78-1 | 12/01/2011 | Claim #78 filed by DONNA LEFF, Amount claimed: $388088.09 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121445) History<br>DONNA AND JACK LEFF<br>7165 ROCKRIDGE TERRACE<br>WEST HILLS CA 91307-1230 | **Claim No: 79**<br>*Original Filed Date*: 12/01/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $123069.07 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 79-1 | 12/01/2011 | Claim #79 filed by DONNA AND JACK LEFF, Amount claimed: $123069.07 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121438)<br>JANET KNOWLES<br>14 SUMMER HILL<br>HARBELDON CANTERBURY<br>KENT ENGLAND CT28NH | **Claim No: 80**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $45375.81 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 80-1 | 12/07/2011 | Claim #80 filed by JANET KNOWLES, Amount claimed: $45375.81 (Kim, Ji Yun ) |

Description: (80-1) money loaned

Remarks:

| | | |
|---|---|---|
| *Creditor:* (34114928)<br>Robert Parry<br>c/o Graham Vaage LLP<br>500 N. Brand Blvd., #1030<br>Glendale, CA 91203 Claimant History | **Claim No: 81**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011<br>*Last Amendment Filed*: 07/10/2013<br>*Last Amendment Entered*: 07/10/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ann G. Lee<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $147825.86 |

History:

2301

| | | | | |
|---|---|---|---|---|
| Details | | 81-1 | 12/07/2011 | Claim #81 filed by ROBERT PERRY, Amount claimed: $313572.21 (Kim, Ji Yun ) |
| Details | | 81-2 | 07/10/2013 | Amended Claim #81 filed by Robert Parry, Amount claimed: $147825.86 (Lee, Ann ) |

*Description:* (81-1) money loaned for investment

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121430) History<br>RICHARD JOY<br>29500 HEATHER CLIFF ROAD #288<br>MALIBU CA 90265 | **Claim No: 82**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $122506.16

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 82-1 | 12/07/2011 | Claim #82 filed by RICHARD JOY, Amount claimed: $122506.16 (Kim, Ji Yun ) |

*Description:* (82-1) IRA investment

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121431) History<br>DEANNE JOY<br>29500 HEATHER CLIFFROAD #288<br>MALIBU CA 90265 | **Claim No: 83**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1807215.30

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 83-1 | 12/07/2011 | Claim #83 filed by DEANNE JOY, Amount claimed: $1807215.30 (Kim, Ji Yun ) |

*Description:* (83-1) IRA money and money invested plus investment note

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121431) History<br>DEANNE JOY<br>29500 HEATHER CLIFFROAD #288<br>MALIBU CA 90265 | **Claim No: 84**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1807215.30

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 84-1 | 12/07/2011 | Claim #84 filed by DEANNE JOY, Amount claimed: $1807215.30 (Kim, Ji Yun ) |

*Description:* (84-1) ira money and money invested plus investment note

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121431) History<br>DEANNE JOY<br>29500 HEATHER CLIFFROAD #288<br>MALIBU CA 90265 | **Claim No: 85**<br>*Original Filed Date*: 12/07/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $25001.99

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 85-1 | 12/07/2011 | Claim #85 filed by DEANNE JOY, Amount claimed: $25001.99 (Kim, Ji Yun ) |

*Description:* (85-1) ira money invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121452)<br>STEPHEN E LIM | **Claim No: 86**<br>*Original Filed Date*: 12/08/2011 | *Status:*<br>*Filed by:* CR |

2302

| | | |
|---|---|---|
| 16133 SUNNYVIEW<br>HACIENDA HEIGHTS CA 91745 | *Original Entered Date*: 12/09/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $1293800.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 86-1 | 12/08/2011 | Claim #86 filed by STEPHEN E LIM, Amount claimed: $1293800.00 (Kim, Ji Yun ) |

*Description:* (86-1) money loan/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888410)<br>Raymond Brosio<br>9720 Newport Coast Cir<br>Las Vegas NV 89147 | **Claim No: 87**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $1975024.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 87-1 | 12/08/2011 | Claim #87 filed by Raymond Brosio, Amount claimed: $1975024.00 (Kim, Ji Yun ) |

*Description:* (87-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888410)<br>Raymond Brosio<br>9720 Newport Coast Cir<br>Las Vegas NV 89147 | **Claim No: 88**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $2191698.00 | |
| Secured | claimed: | $1000000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 88-1 | 12/08/2011 | Claim #88 filed by Raymond Brosio, Amount claimed: $2191698.00 (Kim, Ji Yun ) |

*Description:* (88-1) money loaned / invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888410)<br>Raymond Brosio<br>9720 Newport Coast Cir<br>Las Vegas NV 89147 | **Claim No: 89**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $215701.11 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 89-1 | 12/08/2011 | Claim #89 filed by Raymond Brosio, Amount claimed: $215701.11 (Kim, Ji Yun ) |

*Description:* (89-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121375)<br>STEVE BRUSIO<br>771 S BUFFALO GROVE ROAD<br>BUFFALO GROVE IL 60089 | **Claim No: 90**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $67942.48 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 90-1 | 12/08/2011 | Claim #90 filed by STEVE BRUSIO, Amount claimed: $67942.48 (Kim, Ji Yun ) |

*Description:* (90-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888508)<br>Cynthia Brosio<br>624 Hill<br>Palatine IL 60067 | **Claim No: 91**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $196952.44

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 91-1 | 12/08/2011 | Claim #91 filed by Cynthia Brosio, Amount claimed: $196952.44 (Kim, Ji Yun ) |

*Description:* (91-1) money loaned/invetsed

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888462)<br>Steve Brosio<br>624 Hill<br>Palatine IL 60067 | **Claim No: 92**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $237247.11

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 92-1 | 12/08/2011 | Claim #92 filed by Steve Brosio, Amount claimed: $237247.11 (Kim, Ji Yun ) |

*Description:* (92-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888462)<br>Steve Brosio<br>624 Hill<br>Palatine IL 60067 | **Claim No: 93**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $229880.85

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 93-1 | 12/08/2011 | Claim #93 filed by Steve Brosio, Amount claimed: $229880.85 (Kim, Ji Yun ) |

*Description:* (93-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888462)<br>Steve Brosio<br>624 Hill<br>Palatine IL 60067 | **Claim No: 94**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $184970.07

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 94-1 | 12/08/2011 | Claim #94 filed by Steve Brosio, Amount claimed: $184970.07 (Kim, Ji Yun ) |

*Description:* (94-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121481)<br>DALE SAEGER<br>551 E EDWARDS AVENUE EAST<br>DUNDEE IL 60118 | **Claim No: 95**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $152852.59 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 95-1 | 12/08/2011 | Claim #95 filed by DALE SAEGER, Amount claimed: $152852.59 (Kim, Ji Yun ) |

*Description:* (95-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888579)<br>Donna Kraft<br>9050 W Tropicana Ave #1116<br>Las Vegas NV 89147 | **Claim No: 96**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $730137.69 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 96-1 | 12/08/2011 | Claim #96 filed by Donna Kraft, Amount claimed: $730137.69 (Kim, Ji Yun ) |

*Description:* (96-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888579)<br>Donna Kraft<br>9050 W Tropicana Ave #1116<br>Las Vegas NV 89147 | **Claim No: 97**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $154635.51 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 97-1 | 12/08/2011 | Claim #97 filed by Donna Kraft, Amount claimed: $154635.51 (Kim, Ji Yun ) |

*Description:* (97-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888579)<br>Donna Kraft<br>9050 W Tropicana Ave #1116<br>Las Vegas NV 89147 | **Claim No: 98**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $393637.13 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 98-1 | 12/09/2011 | Claim #98 filed by Donna Kraft, Amount claimed: $393637.13 (Kim, Ji Yun ) |

*Description:* (98-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121514)<br>JIM WHEELER<br>401 CALIFORNIA STREET<br>EL SEGUNDO CA 90245 | **Claim No: 99**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $18174.68 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 99-1 | 12/08/2011 | Claim #99 filed by JIM WHEELER, Amount claimed: $18174.68 (Kim, Ji Yun ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121510)<br>MARIETTA VISE<br>2140 BASTIA<br>NEWPORT BEACH CA 92660 | **Claim No: 100**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1234319.30

*History:*

| | | | |
|---|---|---|---|
| Details | 100-1 | 12/08/2011 | Claim #100 filed by MARIETTA VISE, Amount claimed: $1234319.30 (Kim, Ji Yun ) |

*Description:* (100-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888796)<br>Joshua & Denise Gilbert<br>3030 Goldenrod Ln<br>Palm Springs CA 92264 | **Claim No: 101**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $15059.75

*History:*

| | | | |
|---|---|---|---|
| Details | 101-1 | 12/08/2011 | Claim #101 filed by Joshua & Denise Gilbert, Amount claimed: $15059.75 (Kim, Ji Yun ) |

*Description:* (101-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121359)<br>DAN ARONOVSKY<br>108 HOWARD DRIVE<br>TIBURON CA 94920 | **Claim No: 103**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $39327.87

*History:*

| | | | |
|---|---|---|---|
| Details | 103-1 | 12/08/2011 | Claim #103 filed by DAN ARONOVSKY, Amount claimed: $39327.87 (Kim, Ji Yun ) |

*Description:* (103-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121447)<br>WILLIAM LEFLCOWITS<br>2986 EDMONTON ROAD<br>GLENDALE CA 91206-1319 | **Claim No: 104**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $51948.85

*History:*

| | | | |
|---|---|---|---|
| Details | 104-1 | 12/08/2011 | Claim #104 filed by WILLIAM LEFLCOWITS, Amount claimed: $51948.85 (Kim, Ji Yun ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30891813)<br>Ric Flores & Laurie Zaballos-Flores<br>c/o David L Neale Esq<br>Levene Neale Bender Yoo & Brill LLP<br>10250 Constellation Blvd Ste 1700<br>Los Angeles, CA 90067 | **Claim No: 105**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* David L. Neale<br>*Modified:* |

Amount claimed: $3114380.78

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 105-1 | 12/09/2011 | Claim #105 filed by Ric Flores & Laurie Zaballos-Flores, Amount claimed: $3114380.78 (Neale, David ) |

*Description:* (105-1) Promissory Note dated 12/31/2008, plus accrued interest

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121378)<br>ROBERT BROWNE<br>1420 AMBASSADOR BLD 2 303<br>LOS ANGELES CA<br>90035 Claimant History | **Claim No: 106**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011<br>*Last Amendment Filed*: 12/12/2011<br>*Last Amendment Entered*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* 12/12/2011 |

| | | |
|---|---|---|
| Amount | claimed: | $2501805.26 |
| Secured | claimed: | $1250000.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 106-1 | 12/09/2011 | Claim #106 filed by MILLER INVESTMENT PLAN, Amount claimed: $714034.70 (Kim, Ji Yun ) |
| Details | | 106-2 | 12/12/2011 | Amended Claim #106(originally filed as claim #147) filed by ROBERT BROWNE, Amount claimed: $2501805.26 (Kim, Ji Yun ) |

*Description:* (106-1) money loaned/invested
(106-2) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121459)<br>MILLER INVESTMENT PLAN<br>530 WEST ROOT STREET<br>CHICAGO IL 60609 | **Claim No: 107**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $1250000.00 |
| Secured | claimed: | $1250000.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 107-1 | 12/09/2011 | Claim #107 filed by MILLER INVESTMENT PLAN, Amount claimed: $1250000.00 (Kim, Ji Yun ) |

*Description:* (107-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121459)<br>MILLER INVESTMENT PLAN<br>530 WEST ROOT STREET<br>CHICAGO IL 60609 | **Claim No: 108**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $908374.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 108-1 | 12/09/2011 | Claim #108 filed by MILLER INVESTMENT PLAN, Amount claimed: $908374.00 (Kim, Ji Yun ) |

*Description:* (108-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30899055)<br>James Rosenbaum<br>21 W 741 Bemis Rd<br>Glen Ellyn IL 60137 | **Claim No: 109**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $1221770.10 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 109-1 | 12/09/2011 | Claim #109 filed by James Rosenbaum, Amount claimed: $1221770.10 (Kim, Ji Yun ) |

*Description:* (109-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121476)<br>JOHN RICHARDSON<br>9917 ROBIN OAKS DRIVE<br>LAS VEGAS NV 89117 | **Claim No: 110**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $799764.84 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 110-1 | 12/09/2011 | Claim #110 filed by JOHN RICHARDSON, Amount claimed: $799764.84 (Kim, Ji Yun ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30899586)<br>Allen Pollack<br>27 West 55 Street #52<br>New York NY 10019 | **Claim No: 111**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $323952.46 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 111-1 | 12/09/2011 | Claim #111 filed by Allen Pollack, Amount claimed: $323952.46 (Kim, Ji Yun ) |

*Description:* (111-1) money invested with company

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30254166)<br>Marla Barch<br>4933 S Dorchester Ave #1<br>Chicago, IL 60615 | **Claim No: 112**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $38831.44 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 112-1 | 12/09/2011 | Claim #112 filed by Marla Barch, Amount claimed: $38831.44 (Kim, Ji Yun ) |

*Description:* (112-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30899616)<br>Raymond Emigh<br>84 Pepperidge Dr<br>Geneva OH 44041 | **Claim No: 113**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $6619.31 |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 113-1 | 12/09/2011 | Claim #113 filed by Raymond Emigh, Amount claimed: $6619.31 (Kim, Ji Yun ) |

*Description:* (113-1) money loaned.invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30899616)<br>Raymond Emigh<br>84 Pepperidge Dr<br>Geneva OH 44041 | **Claim No: 114**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $88366.94

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 114-1 | 12/09/2011 | Claim #114 filed by Raymond Emigh, Amount claimed: $88366.94 (Kim, Ji Yun ) |

*Description:* (114-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30899616)<br>Raymond Emigh<br>84 Pepperidge Dr<br>Geneva OH 44041 | **Claim No: 115**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $290875.52

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 115-1 | 12/09/2011 | Claim #115 filed by Raymond Emigh, Amount claimed: $290875.52 (Kim, Ji Yun ) |

*Description:* (115-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121392)<br>MARILYN J EMIGH<br>84 PEPPERIDGE DRIVE<br>GENEVA OH 44041 | **Claim No: 116**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $118182.63

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 116-1 | 12/09/2011 | Claim #116 filed by MARILYN J EMIGH, Amount claimed: $118182.63 (Kim, Ji Yun ) |

*Description:* (116-1) MONEY LOANED/INVESTED

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121392)<br>MARILYN J EMIGH<br>84 PEPPERIDGE DRIVE<br>GENEVA OH 44041 | **Claim No: 117**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $44203.14

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 117-1 | 12/09/2011 | Claim #117 filed by MARILYN J EMIGH, Amount claimed: $44203.14 (Kim, Ji Yun ) |

*Description:* (117-1) MONEY LOANED/INVESTED

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121360)<br>VAROUJAN AND NORA ASLANIAN<br>18781 DYLAN STREET<br>NORTHRIDGE CA 91326 | **Claim No: 118**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $175000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 118-1 | 12/09/2011 | Claim #118 filed by VAROUJAN AND NORA ASLANIAN, Amount claimed: $175000.00 |

(Kim, Ji Yun )

*Description:* (118-1) INVESTMENT IN AN ITNEREST BEARING ACCOUNT

*Remarks:*

| Creditor: (29121460) BARBARA MINTZ 333 NORWICH COURT MUNSTER IN 46321 | **Claim No: 119** *Original Filed Date*: 12/09/2011 *Original Entered Date*: 12/12/2011 | *Status:* *Filed by:* CR *Entered by:* Ji Yun Kim *Modified:* |
|---|---|---|

| Amount | claimed: | $374953.65 |
|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 119-1 | 12/09/2011 | Claim #119 filed by BARBARA MINTZ, Amount claimed: $374953.65 (Kim, Ji Yun ) |

*Description:* (119-1) MONEY LOANED/INVESTED

*Remarks:*

| Creditor: (30901617) Pacific Transportation Federal Credit Union 501 W 190th St Gardena CA 90248 | **Claim No: 120** *Original Filed Date*: 12/09/2011 *Original Entered Date*: 12/12/2011 | *Status:* *Filed by:* CR *Entered by:* Ji Yun Kim *Modified:* |
|---|---|---|

| Amount | claimed: | $111969.27 |
|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 120-1 | 12/09/2011 | Claim #120 filed by Pacific Transportation Federal Credit Union, Amount claimed: $111969.27 (Kim, Ji Yun ) |

*Description:* (120-1) mortgage note

*Remarks:*

| Creditor: (29121478) MICHAEL ROBINS 190 FIGONE LANE BEN LOMOND CA 95005 | **Claim No: 121** *Original Filed Date*: 12/08/2011 *Original Entered Date*: 12/12/2011 | *Status:* *Filed by:* CR *Entered by:* Ji Yun Kim *Modified:* |
|---|---|---|

| Amount | claimed: | $232725.31 |
|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 121-1 | 12/08/2011 | Claim #121 filed by MICHAEL ROBINS, Amount claimed: $232725.31 (Kim, Ji Yun ) |

*Description:* (121-1) money loaned

*Remarks:*

| Creditor: (30901895) Roger Reinhart 4905 Van Noord Ave Sherman Oaks CA 91423 | **Claim No: 122** *Original Filed Date*: 12/09/2011 *Original Entered Date*: 12/12/2011 | *Status:* *Filed by:* CR *Entered by:* Ji Yun Kim *Modified:* |
|---|---|---|

| Amount | claimed: | $483736.87 |
|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | 122-1 | 12/09/2011 | Claim #122 filed by Roger Reinhart, Amount claimed: $483736.87 (Kim, Ji Yun ) |

*Description:* (122-1) money loaned/invested

*Remarks:*

| Creditor: (29121384) | **Claim No: 123** | *Status:* |
|---|---|---|

| | | |
|---|---|---|
| ALAN AND GAIL CHARAP<br>517 ARROWHEAD DRIVE<br>PALM DESERT CA 92211 | *Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $632054.48

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 123-1 | 12/09/2011 | Claim #123 filed by ALAN AND GAIL CHARAP, Amount claimed: $632054.48 (Kim, Ji Yun ) |

*Description:* (123-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30902087)<br>Gail Charap<br>517 Arrowhead Dr<br>Palm Desert CA 92211 | **Claim No: 124**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $128614.23

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 124-1 | 12/09/2011 | Claim #124 filed by Gail Charap, Amount claimed: $128614.23 (Kim, Ji Yun ) |

*Description:* (124-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121479)<br>CRISTINA AND PON ROBLES<br>1448 ROBLES DRIVE<br>CHINA VISTA CA 91911 | **Claim No: 125**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $3098.11

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 125-1 | 12/09/2011 | Claim #125 filed by CRISTINA AND PON ROBLES, Amount claimed: $3098.11 (Kim, Ji Yun ) |

*Description:* (125-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30902441)<br>Bradley and Lindi Kamps<br>3137 Hartford Court<br>Green Bay WI 54313 | **Claim No: 126**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $10219.31

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 126-1 | 12/09/2011 | Claim #126 filed by Bradley and Lindi Kamps, Amount claimed: $10219.31 (Kim, Ji Yun ) |

*Description:* (126-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121399)<br>RICK FALL<br>11569 1/2 RIVERSIDE DRIVE<br>VALLEY VILLAGE CA 93001 | **Claim No: 127**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $319608.53

*History:*

| Details | | 127-1 | 12/09/2011 | Claim #127 filed by RICK FALL, Amount claimed: $319608.53 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (127-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30902743)<br>Marie Carter<br>785 Hawk Hill Trail<br>Palm Desert CA 92211 | **Claim No: 128**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $974081.00 |
|---|---|---|

*History:*

| Details | | 128-1 | 12/09/2011 | Claim #128 filed by Marie Carter, Amount claimed: $974081.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (128-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30902441)<br>Bradley and Lindi Kamps<br>3137 Hartford Court<br>Green Bay WI 54313 | **Claim No: 129**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $10219.31 |
|---|---|---|

*History:*

| Details | | 129-1 | 12/09/2011 | Claim #129 filed by Bradley and Lindi Kamps, Amount claimed: $10219.31 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (129-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30902995)<br>Donald & Betty Kamps<br>2253 J Edward Court<br>Green Bay WI 59313 | **Claim No: 130**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $191854.95 |
|---|---|---|

*History:*

| Details | | 130-1 | 12/09/2011 | Claim #130 filed by Donald & Betty Kamps, Amount claimed: $191854.95 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (130-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30903096)<br>Rosita Hernandez<br>23448 Moon Shawdons Dr<br>Malibu CA 90265 | **Claim No: 131**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $31995.54 |
|---|---|---|

*History:*

| Details | | 131-1 | 12/09/2011 | Claim #131 filed by Rosita Hernandez, Amount claimed: $31995.54 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (131-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121365)<br>JOHN BELT | **Claim No: 132**<br>*Original Filed Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR |

| | | |
|---|---|---|
| 2457 E DESER FLOWER LANE<br>PHOENIX AZ 85048 | *Original Entered Date*: 12/12/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $531650.46

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 132-1 | 12/09/2011 | Claim #132 filed by JOHN BELT, Amount claimed: $531650.46 (Kim, Ji Yun ) |

*Description:* (132-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121365)<br>JOHN BELT<br>2457 E DESER FLOWER LANE<br>PHOENIX AZ 85048 | **Claim No: 133**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $73026.21

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 133-1 | 12/09/2011 | Claim #133 filed by JOHN BELT, Amount claimed: $73026.21 (Kim, Ji Yun ) |

*Description:* (133-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30903444)<br>Sid and Trudy Barch<br>18618 Center Ave<br>Homewood IL 60430 | **Claim No: 134**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $823481.55

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 134-1 | 12/09/2011 | Claim #134 filed by Sid and Trudy Barch, Amount claimed: $823481.55 (Kim, Ji Yun ) |

*Description:* (134-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121404)<br>THOMAS FERRO<br>23448 MOOSHADOWS DRIVE<br>MALIBU CA 90265 | **Claim No: 135**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $4977372.18
Secured claimed: $2000000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 135-1 | 12/09/2011 | Claim #135 filed by THOMAS FERRO, Amount claimed: $4977372.18 (Kim, Ji Yun ) |

*Description:* (135-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121404)<br>THOMAS FERRO<br>23448 MOOSHADOWS DRIVE<br>MALIBU CA 90265 | **Claim No: 136**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1287910.98

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 136-1 | 12/09/2011 | Claim #136 filed by THOMAS FERRO, Amount claimed: $1287910.98 (Kim, Ji Yun ) |

*Description:* (136-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121357) History<br>JERRY ALBA<br>3910 EMERALD ST 213<br>TORRANCE CA 90503-3162 | **Claim No: 137**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $1207690.36 | |
| Secured | claimed: | $500000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 137-1 | 12/09/2011 | Claim #137 filed by JERRY ALBA, Amount claimed: $1207690.36 (Kim, Ji Yun ) |

*Description:* (137-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121402)<br>JOHN AND SUSAN FERRO<br>1738 VISTA DEL MAR AVENUE<br>VENTURA CA 93001 | **Claim No: 138**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $40405.55 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 138-1 | 12/09/2011 | Claim #138 filed by JOHN AND SUSAN FERRO, Amount claimed: $40405.55 (Kim, Ji Yun ) |

*Description:* (138-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121403)<br>ROSA FERRO<br>23448 MOOSHADOWS DRIVE<br>MALIBU CA 90265 | **Claim No: 139**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $102152.02 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 139-1 | 12/09/2011 | Claim #139 filed by ROSA FERRO, Amount claimed: $102152.02 (Kim, Ji Yun ) |

*Description:* (139-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121403)<br>ROSA FERRO<br>23448 MOOSHADOWS DRIVE<br>MALIBU CA 90265 | **Claim No: 140**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $211830.17 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 140-1 | 12/09/2011 | Claim #140 filed by ROSA FERRO, Amount claimed: $211830.17 (Kim, Ji Yun ) |

*Description:* (140-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30903842)<br>Jane Johnson | **Claim No: 141**<br>*Original Filed Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR |

| | | |
|---|---|---|
| 734 N Niagra St<br>Burbank CA 91505 | *Original Entered Date*: 12/12/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $99067.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 141-1 | 12/09/2011 | Claim #141 filed by Jane Johnson, Amount claimed: $99067.00 (Kim, Ji Yun ) |

*Description:* (141-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30903842)<br>Jane Johnson<br>734 N Niagra St<br>Burbank CA 91505 | **Claim No: 142**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $169668.32

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 142-1 | 12/09/2011 | Claim #142 filed by Jane Johnson, Amount claimed: $169668.32 (Kim, Ji Yun ) |

*Description:* (142-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121456)<br>LINDSIE MCKEON/JANE JACKSON<br>735 N NIAGRA STREET<br>BURBANK CA 91505 | **Claim No: 143**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $36661.90

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 143-1 | 12/09/2011 | Claim #143 filed by LINDSIE MCKEON/JANE JACKSON, Amount claimed: $36661.90 (Kim, Ji Yun ) |

*Description:* (143-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121354)<br>GREG ADAMSON<br>3710 E GOLDFINCH GATE LANE<br>PHOENIX AZ 8504 | **Claim No: 144**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $173728.18

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 144-1 | 12/09/2011 | Claim #144 filed by GREG ADAMSON, Amount claimed: $173728.18 (Kim, Ji Yun ) |

*Description:* (144-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121505) History<br>STEVE TANNEN<br>8301 SW 57th Place<br>Gainesville FL 32608 | **Claim No: 145**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $148197.76

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 145-1 | 12/09/2011 | Claim #145 filed by STEVE TANNEN, Amount claimed: $148197.76 (Kim, Ji Yun ) |

*Description:* (145-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121354)<br>GREG ADAMSON<br>3710 E GOLDFINCH GATE LANE<br>PHOENIX AZ 8504 | **Claim No: 146**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $802246.74

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 146-1 | 12/09/2011 | Claim #146 filed by GREG ADAMSON, Amount claimed: $802246.74 (Kim, Ji Yun ) |

*Description:* (146-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121459)<br>MILLER INVESTMENT PLAN<br>530 WEST ROOT STREET<br>CHICAGO IL 60609 | **Claim No: 148**<br>*Original Filed Date*: 12/12/2012<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $2501805.26

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 148-1 | 12/12/2012 | Claim #148 filed by MILLER INVESTMENT PLAN, Amount claimed: $2501805.26 (Kim, Ji Yun ) |

*Description:* (148-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121396)<br>ERIKA ENGGREN<br>10 26TH AVENUE<br>VENICE CA 90291 | **Claim No: 149**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $23131.62

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 149-1 | 12/12/2011 | Claim #149 filed by ERIKA ENGGREN, Amount claimed: $23131.62 (Kim, Ji Yun ) |

*Description:* (149-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30904927)<br>Dorian Films<br>11756-D Moorpark St<br>Studio City CA 91602 | **Claim No: 150**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $88352.82

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 150-1 | 12/12/2011 | Claim #150 filed by Dorian Films, Amount claimed: $88352.82 (Kim, Ji Yun ) |

*Description:* (150-1) moneyloaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30904950)<br>Patricia Schiller<br>11756-D Moorpark St<br>Studio City CA 91602 | **Claim No: 151**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $416767.75 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 151-1 | 12/12/2011 | Claim #151 filed by Patricia Schiller, Amount claimed: $416767.75 (Kim, Ji Yun ) |

*Description:* (151-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121407)<br>DR MELVIN AND ELEN GLICK<br>951 MESA GRANDE DRIVE<br>PALM DESERT CA 92211 | **Claim No: 152**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $1754599.00 |
| Secured | claimed: | $250000.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 152-1 | 12/12/2011 | Claim #152 filed by DR MELVIN AND ELEN GLICK, Amount claimed: $1754599.00 (Kim, Ji Yun ) |

*Description:* (152-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30904990)<br>Dorothy Brama<br>13738 La Jara Circle<br>Cerritos CA 90703 | **Claim No: 153**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $257434.59 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 153-1 | 12/12/2011 | Claim #153 filed by Dorothy Brama, Amount claimed: $257434.59 (Kim, Ji Yun ) |

*Description:* (153-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121471)<br>JERROLD PRESSMAN<br>10 26TH STREET<br>VENICE CA 90291 | **Claim No: 154**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ian Landsberg<br>*Modified:* |

*No amounts claimed*

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 154-1 | 12/12/2011 | Claim #154 filed by JERROLD PRESSMAN, Amount claimed: (Landsberg, Ian ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30904990)<br>Dorothy Brama<br>13738 La Jara Circle<br>Cerritos CA 90703 | **Claim No: 155**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $25088.12 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 155-1 | 12/12/2011 | Claim #155 filed by Dorothy Brama, Amount claimed: $25088.12 (Kim, Ji Yun ) |

*Description:* (155-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| Creditor: (30904990)<br>Dorothy Brama<br>13738 La Jara Circle<br>Cerritos CA 90703 | **Claim No: 156**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $89051.64 | |
|---|---|---|---|

*History:*

| Details | | 156-1 | 12/12/2011 | Claim #156 filed by Dorothy Brama, Amount claimed: $89051.64 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (156-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| Creditor: (30907636)<br>Kathleen F Adamson<br>9609 Mountain View Terrace<br>Salinas CA 93907 | **Claim No: 157**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $34192.01 | |
|---|---|---|---|

*History:*

| Details | | 157-1 | 12/12/2011 | Claim #157 filed by Kathleen F Adamson, Amount claimed: $34192.01 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (157-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| Creditor: (30853414)<br>Adam Glick<br>14 El Quanito Way<br>Burlingame, CA 94010 | **Claim No: 158**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $78788.22 | |
|---|---|---|---|

*History:*

| Details | | 158-1 | 12/12/2011 | Claim #158 filed by Adam Glick, Amount claimed: $78788.22 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (158-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| Creditor: (29121387)<br>BRIAN DANIELEWICZ<br>740 FLORSHEIM DRIVE<br>LIBERTYVILLE IL 60048 | **Claim No: 159**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $176442.76 | |
|---|---|---|---|

*History:*

| Details | | 159-1 | 12/12/2011 | Claim #159 filed by BRIAN DANIELEWICZ, Amount claimed: $176442.76 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (159-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| Creditor: (29121398) History<br>HELEN ENGLE<br>11549 Claymore St<br>Santa Fe Springs CA 90670 | **Claim No: 160**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $58964.05 | |
|---|---|---|---|

2318

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 160-1 | 12/12/2011 | Claim #160 filed by HELEN ENGLE, Amount claimed: $58964.05 (Kim, Ji Yun ) |

*Description:* (160-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121421)<br>LINDA AND STEPHEN HIRSCH<br>4459 TERRACEMEADOW COURT<br>MOORPARK CA 93021 | **Claim No: 161**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $66265.72

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 161-1 | 12/12/2011 | Claim #161 filed by LINDA AND STEPHEN HIRSCH, Amount claimed: $66265.72 (Kim, Ji Yun ) |

*Description:* (161-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121449)<br>MICHAEL LEVAN<br>1815 1/2 PANDORA AVENUE<br>LOS ANGELES CA 90025 | **Claim No: 162**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $137030.15

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 162-1 | 12/12/2011 | Claim #162 filed by MICHAEL LEVAN, Amount claimed: $137030.15 (Kim, Ji Yun ) |

*Description:* (162-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121448)<br>GLORIA LEVAN<br>37-OS 88TH STREET APT 5-D<br>JACKSON HEIGHTS NY 11372 | **Claim No: 163**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $178492.09

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 163-1 | 12/12/2011 | Claim #163 filed by GLORIA LEVAN, Amount claimed: $178492.09 (Kim, Ji Yun ) |

*Description:* (163-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121430) History<br>RICHARD JOY<br>29500 HEATHER CLIFF ROAD #288<br>MALIBU CA 90265 | **Claim No: 164**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1554332.37

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 164-1 | 12/12/2011 | Claim #164 filed by RICHARD JOY, Amount claimed: $1554332.37 (Kim, Ji Yun ) |

*Description:* (164-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121430) History | **Claim No: 165** | *Status:* |

2319

| | | |
|---|---|---|
| RICHARD JOY<br>29500 HEATHER CLIFF ROAD #288<br>MALIBU CA 90265 | *Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $71832.40

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 165-1 | 12/12/2011 | Claim #165 filed by RICHARD JOY, Amount claimed: $71832.40 (Kim, Ji Yun ) |

*Description:* (165-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121430) History<br>RICHARD JOY<br>29500 HEATHER CLIFF ROAD #288<br>MALIBU CA 90265 | **Claim No: 166**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $51288.52

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 166-1 | 12/12/2011 | Claim #166 filed by RICHARD JOY, Amount claimed: $51288.52 (Kim, Ji Yun ) |

*Description:* (166-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121431) History<br>DEANNE JOY<br>29500 HEATHER CLIFFROAD #288<br>MALIBU CA 90265 | **Claim No: 167**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $25003.09

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 167-1 | 12/12/2011 | Claim #167 filed by DEANNE JOY, Amount claimed: $25003.09 (Kim, Ji Yun ) |

*Description:* (167-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907689)<br>Sophie Enggren<br>10-26th Ave<br>Venice CA 90291 | **Claim No: 168**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $15000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 168-1 | 12/12/2011 | Claim #168 filed by Sophie Enggren, Amount claimed: $15000.00 (Kim, Ji Yun ) |

*Description:* (168-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121397)<br>KATE ENGGREN<br>10 26TH AVENUE<br>VENICE CA 90291 | **Claim No: 169**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $46110.19

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 169-1 | 12/12/2011 | Claim #169 filed by KATE ENGGREN, Amount claimed: $46110.19 (Kim, Ji Yun ) |

2320

*Description:* (169-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121509)<br>SUSAN URBAN<br>699 COUNTRY ROAD 216<br>DURANGO CO 53144 | **Claim No: 170**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $118706.78

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 170-1 | 12/12/2011 | Claim #170 filed by SUSAN URBAN, Amount claimed: $118706.78 (Kim, Ji Yun ) |

*Description:* (170-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121371)<br>BRIGHT CONSCIENCE<br>754 SWARTHMORE AVENUE<br>PACIFIC PALISADES CA 90272 | **Claim No: 171**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $2672000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 171-1 | 12/12/2011 | Claim #171 filed by BRIGHT CONSCIENCE, Amount claimed: $2672000.00 (Kim, Ji Yun ) |

*Description:* (171-1) money

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907795)<br>Thalia Pressman-Zeind<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 172**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $30760.17

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 172-1 | 12/12/2011 | Claim #172 filed by Thalia Pressman-Zeind, Amount claimed: $30760.17 (Kim, Ji Yun ) |

*Description:* (172-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907798)<br>Caden Pressman-Ziend<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 173**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $46140.26

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 173-1 | 12/12/2011 | Claim #173 filed by Caden Pressman-Ziend, Amount claimed: $46140.26 (Kim, Ji Yun ) |

*Description:* (173-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907801)<br>Dustyn Pressman-Ziend<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 174**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $46140.26 |
|---|---|---|

History:

| Details | | 174-1 | 12/12/2011 | Claim #174 filed by Dustyn Pressman-Ziend, Amount claimed: $46140.26 (Kim, Ji Yun ) |
|---|---|---|---|---|

Description: (174-1) money loaned

Remarks:

| Creditor: (30907829)<br>Richard Keech & Anita Rao Keech<br>16878 Charmel Lane<br>Pacific Palisades CA 90272 | **Claim No: 175**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $963498.00 |
|---|---|---|

History:

| Details | | 175-1 | 12/12/2011 | Claim #175 filed by Richard Keech & Anita Rao Keech, Amount claimed: $963498.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

Description: (175-1) money loaned/invested

Remarks:

| Creditor: (30907847)<br>Diane Bramer<br>28220 Truman Ct<br>Santa Clarita CA 91350 | **Claim No: 176**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $167427.00 |
|---|---|---|

History:

| Details | | 176-1 | 12/12/2011 | Claim #176 filed by Diane Bramer, Amount claimed: $167427.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

Description: (176-1) money loaned

Remarks:

| Creditor: (29121464)<br>ROBERT NARDI<br>52 OAK TREE DRIVE<br>RANCHO MIRAGE CA 9227 | **Claim No: 177**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $125440.18 |
|---|---|---|

History:

| Details | | 177-1 | 12/12/2011 | Claim #177 filed by ROBERT NARDI, Amount claimed: $125440.18 (Kim, Ji Yun ) |
|---|---|---|---|---|

Description: (177-1) money loaned/invested

Remarks:

| Creditor: (29121355)<br>PAT ADAMSON<br>2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | **Claim No: 178**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |
|---|---|---|

| Amount | claimed: | $466361.15 |
|---|---|---|

History:

| Details | | 178-1 | 12/12/2011 | Claim #178 filed by PAT ADAMSON, Amount claimed: $466361.15 (Kim, Ji Yun ) |
|---|---|---|---|---|

Description: (178-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| *Creditor:* (30907871)<br>Jana Rifkin<br>31012 Canterbury Pl<br>Laguna Niguel CA 92677 | **Claim No: 179**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $7340.62

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 179-1 | 12/12/2011 | Claim #179 filed by Jana Rifkin, Amount claimed: $7340.62 (Kim, Ji Yun ) |

*Description:* (179-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907898)<br>David Rifkin<br>29162 Alfieri St<br>Laguna Niguel CA 92677 | **Claim No: 180**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $113439.01

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 180-1 | 12/12/2011 | Claim #180 filed by David Rifkin, Amount claimed: $113439.01 (Kim, Ji Yun ) |

*Description:* (180-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907901)<br>Robyn Kamisher<br>31012 Canterbury Pl<br>Laguna Niguel CA 92677 | **Claim No: 181**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $20243.19

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 181-1 | 12/12/2011 | Claim #181 filed by Robyn Kamisher, Amount claimed: $20243.19 (Kim, Ji Yun ) |

*Description:* (181-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907902)<br>Laurence & Gay Kamisher<br>31012 Canterbury Pl<br>Laguna Niguel CA 92677 | **Claim No: 182**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $316000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 182-1 | 12/12/2011 | Claim #182 filed by Laurence & Gay Kamisher, Amount claimed: $316000.00 (Kim, Ji Yun ) |

*Description:* (182-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907942)<br>Von and Amy Freeman<br>4578 Cielo Cir<br>Calabasas CA 91302 | **Claim No: 183**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $523927.64

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 183-1 | 12/12/2011 | Claim #183 filed by Von and Amy Freeman, Amount claimed: $523927.64 (Kim, Ji Yun ) |

*Description:* (183-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907947)<br>Chris Watson<br>1059 White Marsh Dr<br>Lancaster PA 17601 | **Claim No: 184**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $270170.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 184-1 | 12/12/2011 | Claim #184 filed by Chris Watson, Amount claimed: $270170.00 (Kim, Ji Yun ) |

*Description:* (184-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907977)<br>Mary Gilmore Carte<br>c/o Chris Watson<br>1059 Whitemarsh Dr<br>Lancaster PA 17601 | **Claim No: 185**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1268273.60

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 185-1 | 12/12/2011 | Claim #185 filed by Mary Gilmore Carte, Amount claimed: $1268273.60 (Kim, Ji Yun ) |

*Description:* (185-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907988)<br>Kay Sherman<br>320 N Skylane Dr<br>Durango CO 81301 | **Claim No: 186**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $47281.58

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 186-1 | 12/12/2011 | Claim #186 filed by Kay Sherman, Amount claimed: $47281.58 (Kim, Ji Yun ) |

*Description:* (186-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121451)<br>EUGENE AND LAURA LIM<br>2202 SAN VICENTE BLVD<br>SANTA MONICA CA 90402 | **Claim No: 187**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $4857894.70

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 187-1 | 12/12/2011 | Claim #187 filed by EUGENE AND LAURA LIM, Amount claimed: $4857894.70 (Kim, Ji Yun ) |

*Description:* (187-1) investment account

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121365)<br>JOHN BELT<br>2457 E DESER FLOWER LANE<br>PHOENIX AZ 85048 | **Claim No: 188**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $531650.46 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 188-1 | 12/12/2011 | Claim #188 filed by JOHN BELT, Amount claimed: $531650.46 (Kim, Ji Yun ) |

*Description:* (188-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121355)<br>PAT ADAMSON<br>2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | **Claim No: 189**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $609116.12 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 189-1 | 12/12/2011 | Claim #189 filed by PAT ADAMSON, Amount claimed: $609116.12 (Kim, Ji Yun ) |

*Description:* (189-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121355)<br>PAT ADAMSON<br>2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | **Claim No: 190**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $438622.20 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 190-1 | 12/12/2011 | Claim #190 filed by PAT ADAMSON, Amount claimed: $438622.20 (Kim, Ji Yun ) |

*Description:* (190-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121368)<br>MARVIN AND BETTY BLUM<br>24688 TOLEDO LANE<br>LAKE FOREST CA 92630 | **Claim No: 191**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $99067.00 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 191-1 | 12/12/2011 | Claim #191 filed by MARVIN AND BETTY BLUM, Amount claimed: $99067.00 (Kim, Ji Yun ) |

*Description:* (191-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 192**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $718692.00 |
|---|---|---|

*History:*

2325

| Details | | 192-1 | 12/12/2011 | Claim #192 filed by Lawrence Cooper, Amount claimed: $718692.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (192-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 193**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $365763.00 | |
|---|---|---|---|

*History:*

| Details | | 193-1 | 12/12/2011 | Claim #193 filed by Lawrence Cooper, Amount claimed: $365763.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (193-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 194**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $713214.00 | |
|---|---|---|---|

*History:*

| Details | | 194-1 | 12/12/2011 | Claim #194 filed by Lawrence Cooper, Amount claimed: $713214.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (194-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 195**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $3456339.00 | |
|---|---|---|---|
| Secured | claimed: | $1000000.00 | |

*History:*

| Details | | 195-1 | 12/12/2011 | Claim #195 filed by Lawrence Cooper, Amount claimed: $3456339.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (195-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 196**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $1761295.00 | |
|---|---|---|---|

*History:*

| Details | | 196-1 | 12/12/2011 | Claim #196 filed by Lawrence Cooper, Amount claimed: $1761295.00 (Kim, Ji Yun ) |
|---|---|---|---|---|

*Description:* (196-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper | **Claim No: 197**<br>*Original Filed Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR |

| | | |
|---|---|---|
| 76-464 via Firenze<br>Indian Wells CA 92210 | *Original Entered Date*: 12/13/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $413428.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 197-1 | 12/12/2011 | Claim #197 filed by Lawrence Cooper, Amount claimed: $413428.00 (Kim, Ji Yun ) |

*Description:* (197-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 198**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $733627.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 198-1 | 12/12/2011 | Claim #198 filed by Lawrence Cooper, Amount claimed: $733627.00 (Kim, Ji Yun ) |

*Description:* (198-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 199**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $141501.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 199-1 | 12/12/2011 | Claim #199 filed by Lawrence Cooper, Amount claimed: $141501.00 (Kim, Ji Yun ) |

*Description:* (199-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121386)<br>LARRY COOPER<br>76-464 VIA FIRENZE<br>INDIAN WELLS CA 92210 | **Claim No: 200**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $11000000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 200-1 | 12/12/2011 | Claim #200 filed by LARRY COOPER, Amount claimed: $11000000.00 (Kim, Ji Yun ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30909206)<br>Lawrence Cooper<br>76-464 via Firenze<br>Indian Wells CA 92210 | **Claim No: 201**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $338172.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 201-1 | 12/12/2011 | Claim #201 filed by Lawrence Cooper, Amount claimed: $338172.00 (Kim, Ji Yun ) |

*Description:* (201-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121477)<br>JUAN RINCON<br>4728 N RACINEE AVENUE 1 E<br>CHICAGO IL 60640 | **Claim No: 202**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $11100.73

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 202-1 | 12/12/2011 | Claim #202 filed by JUAN RINCON, Amount claimed: $11100.73 (Kim, Ji Yun ) |

*Description:* (202-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30910971)<br>Robert Pressman & Maureen Zeind<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 203**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1284863.44

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 203-1 | 12/12/2011 | Claim #203 filed by Robert Pressman & Maureen Zeind, Amount claimed: $1284863.44 (Kim, Ji Yun ) |

*Description:* (203-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30910977)<br>Maureen Zeind<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 204**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $287342.09

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 204-1 | 12/12/2011 | Claim #204 filed by Maureen Zeind, Amount claimed: $287342.09 (Kim, Ji Yun ) |

*Description:* (204-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907942)<br>Von and Amy Freeman<br>4578 Cielo Cir<br>Calabasas CA 91302 | **Claim No: 205**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $523927.64

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 205-1 | 12/12/2011 | Claim #205 filed by Von and Amy Freeman, Amount claimed: $523927.64 (Kim, Ji Yun ) |

*Description:* (205-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30911052)<br>Lynn Pressman<br>409 Santa Monica Blvd Ste E<br>Santa Monica CA 90401 | **Claim No: 206**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1328375.00

| | | | |
|---|---|---|---|
| History: | | | |
| Details | 206-1 | 12/12/2011 | Claim #206 filed by Lynn Pressman, Amount claimed: $1328375.00 (Kim, Ji Yun ) |

Description: (206-1) money loaned

Remarks:

| Creditor: (30911062) | Claim No: 207 | Status: |
|---|---|---|
| Adena Levine<br>409 Santa Monica Blvd Ste E<br>Santa Monica CA 90401 | Original Filed Date: 12/12/2011<br>Original Entered Date: 12/13/2011 | Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| Amount | claimed: | $164853.79 |
|---|---|---|

History:

| | | | |
|---|---|---|---|
| Details | 207-1 | 12/12/2011 | Claim #207 filed by Adena Levine, Amount claimed: $164853.79 (Kim, Ji Yun ) |

Description: (207-1) money loaned

Remarks:

| Creditor: (30911063) | Claim No: 208 | Status: |
|---|---|---|
| Joseph & Irene Cihon<br>3433 Lakeshore Dr<br>Joliet IL 60431 | Original Filed Date: 12/12/2011<br>Original Entered Date: 12/13/2011 | Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| Amount | claimed: | $145221.96 |
|---|---|---|

History:

| | | | |
|---|---|---|---|
| Details | 208-1 | 12/12/2011 | Claim #208 filed by Joseph & Irene Cihon, Amount claimed: $145221.96 (Kim, Ji Yun ) |

Description: (208-1) money loaned/invested

Remarks:

| Creditor: (29121422) | Claim No: 209 | Status: |
|---|---|---|
| HMB HOLDINGS LLC<br>23448 MOON SHADOWS DRIVE<br>MALIBU CA 90265 | Original Filed Date: 12/12/2011<br>Original Entered Date: 12/13/2011 | Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| | | |
|---|---|---|
| Amount | claimed: | $12750000.00 |
| Secured | claimed: | $12750000.00 |

History:

| | | | |
|---|---|---|---|
| Details | 209-1 | 12/12/2011 | Claim #209 filed by HMB HOLDINGS LLC, Amount claimed: $12750000.00 (Kim, Ji Yun ) |

Description:

Remarks:

| Creditor: (29121504) | Claim No: 210 | Status: |
|---|---|---|
| LORI SUGARMAN<br>6321 PINE RIDGE COURT 3B<br>TINLEY PARK IL 60477 | Original Filed Date: 12/12/2011<br>Original Entered Date: 12/13/2011 | Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| Amount | claimed: | $372202.47 |
|---|---|---|

History:

| | | | |
|---|---|---|---|
| Details | 210-1 | 12/12/2011 | Claim #210 filed by LORI SUGARMAN, Amount claimed: $372202.47 (Kim, Ji Yun ) |

Description: (210-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| *Creditor:* (29121504)<br>LORI SUGARMAN<br>6321 PINE RIDGE COURT 3B<br>TINLEY PARK IL 60477 | **Claim No: 211**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $738707.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 211-1 | 12/12/2011 | Claim #211 filed by LORI SUGARMAN, Amount claimed: $738707.00 (Kim, Ji Yun ) |

*Description:* (211-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121504)<br>LORI SUGARMAN<br>6321 PINE RIDGE COURT 3B<br>TINLEY PARK IL 60477 | **Claim No: 212**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $138179.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 212-1 | 12/12/2011 | Claim #212 filed by LORI SUGARMAN, Amount claimed: $138179.00 (Kim, Ji Yun ) |

*Description:* (212-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121516)<br>ROBERT AND JAYNE WILES<br>10065 GULF BLVD<br>TREASURE ISLAND FL 33796 | **Claim No: 213**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $322427.71

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 213-1 | 12/12/2011 | Claim #213 filed by ROBERT AND JAYNE WILES, Amount claimed: $322427.71 (Kim, Ji Yun ) |

*Description:* (213-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30911323)<br>Marcia Spears Cihon<br>15302 Braun Ct<br>Moorpark CA 93021 | **Claim No: 214**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $23787.03

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 214-1 | 12/12/2011 | Claim #214 filed by Marcia Spears Cihon, Amount claimed: $23787.03 (Kim, Ji Yun ) |

*Description:* (214-1) money loaned/investment

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30888796)<br>Joshua & Denise Gilbert<br>3030 Goldenrod Ln<br>Palm Springs CA 92264 | **Claim No: 215**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $15059.75

*History:*

| | | | |
|---|---|---|---|
| Details | | 215-1 | 12/12/2011 | Claim #215 filed by Joshua & Denise Gilbert, Amount claimed: $15059.75 (Kim, Ji Yun ) |

*Description:* (215-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30911673)<br>Robert Jetter<br>324 E McKenna Ct<br>Elmhurst IL 60126 | **Claim No: 216**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $336519.95 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 216-1 | 12/12/2011 | Claim #216 filed by Robert Jetter, Amount claimed: $336519.95 (Kim, Ji Yun ) |

*Description:* (216-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30911846)<br>William Jetter<br>324 McKenna Ct<br>Elmhurst IL 60126 | **Claim No: 217**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $261864.00 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 217-1 | 12/12/2011 | Claim #217 filed by William Jetter, Amount claimed: $261864.00 (Kim, Ji Yun ) |

*Description:* (217-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30911673)<br>Robert Jetter<br>324 E McKenna Ct<br>Elmhurst IL 60126 | **Claim No: 218**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $356458.00 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 218-1 | 12/12/2011 | Claim #218 filed by Robert Jetter, Amount claimed: $356458.00 (Kim, Ji Yun ) |

*Description:* (218-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912132)<br>James or Sherry Kamps<br>972 Harwood<br>Green Bay WI 54313 | **Claim No: 219**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $24310.51 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 219-1 | 12/12/2011 | Claim #219 filed by James or Sherry Kamps, Amount claimed: $24310.51 (Kim, Ji Yun ) |

*Description:* (219-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121355)<br>PAT ADAMSON | **Claim No: 220**<br>*Original Filed Date*: 12/12/2011 | *Status:*<br>*Filed by:* CR |

| | | |
|---|---|---|
| 2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | *Original Entered Date*: 12/13/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $438622.20

*History:*

| | | | |
|---|---|---|---|
| Details | 220-1 | 12/12/2011 | Claim #220 filed by PAT ADAMSON, Amount claimed: $438622.20 (Kim, Ji Yun ) |

*Description:* (220-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121355)<br>PAT ADAMSON<br>2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | **Claim No: 221**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $466361.15

*History:*

| | | | |
|---|---|---|---|
| Details | 221-1 | 12/12/2011 | Claim #221 filed by PAT ADAMSON, Amount claimed: $466361.15 (Kim, Ji Yun ) |

*Description:* (221-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121355)<br>PAT ADAMSON<br>2457 E DESERT FLOWER<br>PHOENIX AZ 85048 | **Claim No: 222**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $609116.12

*History:*

| | | | |
|---|---|---|---|
| Details | 222-1 | 12/12/2011 | Claim #222 filed by PAT ADAMSON, Amount claimed: $609116.12 (Kim, Ji Yun ) |

*Description:* (222-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912138)<br>Robert Moore<br>3475 Berry Dr<br>Studio City CA 91604 | **Claim No: 223**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $384621.00

*History:*

| | | | |
|---|---|---|---|
| Details | 223-1 | 12/12/2011 | Claim #223 filed by Robert Moore, Amount claimed: $384621.00 (Kim, Ji Yun ) |

*Description:* (223-1) money loaned invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912139)<br>Jerrold Pressman<br>409 Santa Monica Blvd Ste E<br>Santa Monica CA 90401 | **Claim No: 224**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $2311325.00

*History:*

| | | | |
|---|---|---|---|
| Details | 224-1 | 12/12/2011 | Claim #224 filed by Jerrold Pressman, Amount claimed: $2311325.00 (Kim, Ji Yun ) |

*Description:* (224-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912144)<br>Keith Pressman<br>409 Santa Monica Blvd Ste E<br>Santa Monica CA 90401 | **Claim No: 225**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1101117.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 225-1 | 12/12/2011 | Claim #225 filed by Keith Pressman, Amount claimed: $1101117.00 (Kim, Ji Yun ) |

*Description:* (225-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912144)<br>Keith Pressman<br>409 Santa Monica Blvd Ste E<br>Santa Monica CA 90401 | **Claim No: 226**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1101117.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 226-1 | 12/12/2011 | Claim #226 filed by Keith Pressman, Amount claimed: $1101117.00 (Kim, Ji Yun ) |

*Description:* (226-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121410)<br>SUSAN GORDON<br>1225 IDAHO AVENUE<br>SANTA MONICA CA 90403 | **Claim No: 227**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $2162128.88

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 227-1 | 12/12/2011 | Claim #227 filed by SUSAN GORDON, Amount claimed: $2162128.88 (Kim, Ji Yun ) |

*Description:* (227-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121408)<br>SUSAN AND HOWARD GORDON<br>1225 IDAHO AVENUE<br>SANTA MONICA CA 90403 | **Claim No: 228**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $20063.12

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 228-1 | 12/12/2011 | Claim #228 filed by SUSAN AND HOWARD GORDON, Amount claimed: $20063.12 (Kim, Ji Yun ) |

*Description:* (228-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30912361)<br>Mintz Management Inc<br>505 River Dr<br>Munster IL 46321 | **Claim No: 229**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $1064741.37

2333

| | | | | |
|---|---|---|---|---|
| *History:* | | | | |
| Details | | 229-1 | 12/12/2011 | Claim #229 filed by Mintz Management Inc, Amount claimed: $1064741.37 (Kim, Ji Yun ) |

*Description:* (229-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121409) History<br>HOWARD GORDON<br>15 Macarthur Pl #51408<br>Santa Ana CA 92707 | **Claim No: 230**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $986492.25 |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| *History:* | | | | |
| Details | | 230-1 | 12/12/2011 | Claim #230 filed by HOWARD GORDON, Amount claimed: $986492.25 (Kim, Ji Yun ) |

*Description:* (230-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121495)<br>SCOTT SHERMAN<br>1844 HEATHER COURT<br>SALON IA 52333 | **Claim No: 231**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $38467.15 |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| *History:* | | | | |
| Details | | 231-1 | 12/12/2011 | Claim #231 filed by SCOTT SHERMAN, Amount claimed: $38467.15 (Kim, Ji Yun ) |

*Description:* (231-1) loan

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121495)<br>SCOTT SHERMAN<br>1844 HEATHER COURT<br>SALON IA 52333 | **Claim No: 232**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $116369.85 |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| *History:* | | | | |
| Details | | 232-1 | 12/12/2011 | Claim #232 filed by SCOTT SHERMAN, Amount claimed: $116369.85 (Kim, Ji Yun ) |

*Description:* (232-1) loan

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121485)<br>SHYRLEE SCHOR<br>5216 YARMOUTH 302<br>ENCINO CA 91316 | **Claim No: 233**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $455944.53 |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| *History:* | | | | |
| Details | | 233-1 | 12/12/2011 | Claim #233 filed by SHYRLEE SCHOR, Amount claimed: $455944.53 (Kim, Ji Yun ) |

*Description:* (233-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121468) | **Claim No: 234** | *Status:* |

| | | |
|---|---|---|
| RONALD POKRES<br>5216 YARMOUTH 302<br>ENCINO CA 91316 | *Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $944316.34 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 234-1 | 12/12/2011 | Claim #234 filed by RONALD POKRES, Amount claimed: $944316.34 (Kim, Ji Yun ) |

*Description:* (234-1) money loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121371)<br>BRIGHT CONSCIENCE<br>754 SWARTHMORE AVENUE<br>PACIFIC PALISADES CA 90272 | **Claim No: 235**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/13/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $2672000.00 |
| Secured | claimed: | $2672000.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 235-1 | 12/12/2011 | Claim #235 filed by BRIGHT CONSCIENCE, Amount claimed: $2672000.00 (Kim, Ji Yun ) |

*Description:* (235-1) money

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121371)<br>BRIGHT CONSCIENCE<br>754 SWARTHMORE AVENUE<br>PACIFIC PALISADES CA 90272 | **Claim No: 236**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $2672000.00 |
| Secured | claimed: | $2672000.00 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 236-1 | 12/12/2011 | Claim #236 filed by BRIGHT CONSCIENCE, Amount claimed: $2672000.00 (Kim, Ji Yun ) |

*Description:* (236-1) money

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121501)<br>CYNTHIA SPRITZER<br>263 CONGRESSIONAL AVE 111<br>ROCKVILLE MD 20852 | **Claim No: 237**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $408348.03 |
|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 237-1 | 12/12/2011 | Claim #237 filed by CYNTHIA SPRITZER, Amount claimed: $408348.03 (Kim, Ji Yun ) |

*Description:* (237-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121464)<br>ROBERT NARDI<br>52 OAK TREE DRIVE<br>RANCHO MIRAGE CA 9227 | **Claim No: 238**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| Amount | claimed: | $453241.36 |
|---|---|---|

*History:*

| | | | |
|---|---|---|---|
| Details | | 238-1 | 12/12/2011 | Claim #238 filed by ROBERT NARDI, Amount claimed: $453241.36 (Kim, Ji Yun ) |

*Description:* (238-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121412)<br>BEVERLEE GREENE<br>34969 MISSION HILLS DR<br>RANCHO MIRAGE CA 92270 | **Claim No: 239**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $62799.06

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 239-1 | 12/12/2011 | Claim #239 filed by BEVERLEE GREENE, Amount claimed: $62799.06 (Kim, Ji Yun ) |

*Description:* (239-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121413)<br>STANTON GREENE<br>34969 MISSION HILLS DR<br>RANCHO MIRAGE CA 92270 | **Claim No: 240**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $798254.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 240-1 | 12/12/2011 | Claim #240 filed by STANTON GREENE, Amount claimed: $798254.00 (Kim, Ji Yun ) |

*Description:* (240-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30907798)<br>Caden Pressman-Ziend<br>217 Centennial St<br>Santa Cruz CA 95060 | **Claim No: 241**<br>*Original Filed Date*: 12/15/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $590567.03

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 241-1 | 12/15/2011 | Claim #241 filed by Caden Pressman-Ziend, Amount claimed: $590567.03 (Kim, Ji Yun ) |

*Description:* (241-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30925972)<br>The Estate of Bridgette Andrews<br>1756 22nd St<br>Santa Monica CA 90401 | **Claim No: 242**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $4633043.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 242-1 | 12/09/2011 | Claim #242 filed by The Estate of Bridgette Andrews, Amount claimed: $4633043.00 (Kim, Ji Yun ) |

*Description:* (242-1) loan/purchase installment note

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30925972)<br>The Estate of Bridgette Andrews | **Claim No: 243**<br>*Original Filed Date*: 12/09/2011 | *Status:*<br>*Filed by:* CR |

| | | |
|---|---|---|
| 1756 22nd St<br>Santa Monica CA 90401 | *Original Entered Date*: 12/15/2011 | *Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $255303.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 243-1 | 12/09/2011 | Claim #243 filed by The Estate of Bridgette Andrews, Amount claimed: $255303.00 (Kim, Ji Yun ) |

*Description:* (243-1) loan

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (30926458)<br>Decoreative Specialties<br>Knutson Compton & Associates PC<br>1401 Dove St Ste 340<br>Newport Beach CA 92660 | **Claim No: 244**<br>*Original Filed Date*: 12/09/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $32241.92

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 244-1 | 12/09/2011 | Claim #244 filed by Decoreative Specialties, Amount claimed: $32241.92 (Kim, Ji Yun ) |

*Description:* (244-1) goods sold

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121496)<br>FRED SILVER<br>2610 GOLD MINE ROAD<br>BROOKVILLE MD 20833 | **Claim No: 245**<br>*Original Filed Date*: 12/13/2011<br>*Original Entered Date*: 12/15/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

| | | |
|---|---|---|
| Amount | claimed: | $1051328.09 |
| Secured | claimed: | $631170.52 |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 245-1 | 12/13/2011 | Claim #245 filed by FRED SILVER, Amount claimed: $1051328.09 (Kim, Ji Yun ) |

*Description:* (245-1) money loaned/invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121464)<br>ROBERT NARDI<br>52 OAK TREE DRIVE<br>RANCHO MIRAGE CA 9227 | **Claim No: 246**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/16/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $180563.73

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 246-1 | 12/12/2011 | Claim #246 filed by ROBERT NARDI, Amount claimed: $180563.73 (Kim, Ji Yun ) |

*Description:* (246-1) money loaned / invested

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121363)<br>SUSAN BAZZO<br>52 OAK TREE DRIVE<br>RANCHO MIRAGE CA 92207 | **Claim No: 247**<br>*Original Filed Date*: 12/12/2011<br>*Original Entered Date*: 12/16/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ji Yun Kim<br>*Modified:* |

Amount claimed: $85537.03

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 247-1 | 12/12/2011 | Claim #247 filed by SUSAN BAZZO, Amount claimed: $85537.03 (Kim, Ji Yun ) |

Description: (247-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| Creditor: (29121464)<br>ROBERT NARDI<br>52 OAK TREE DRIVE<br>RANCHO MIRAGE CA 9227 | **Claim No: 248**<br>Original Filed Date: 12/12/2011<br>Original Entered Date: 12/16/2011 | Status:<br>Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $122443.84 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 248-1 | 12/12/2011 | Claim #248 filed by ROBERT NARDI, Amount claimed: $122443.84 (Kim, Ji Yun ) |

Description: (248-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| Creditor: (29121496)<br>FRED SILVER<br>2610 GOLD MINE ROAD<br>BROOKVILLE MD 20833 | **Claim No: 249**<br>Original Filed Date: 12/15/2011<br>Original Entered Date: 12/16/2011 | Status:<br>Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $1051328.09 | |
| Secured | claimed: | $631170.52 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 249-1 | 12/15/2011 | Claim #249 filed by FRED SILVER, Amount claimed: $1051328.09 (Kim, Ji Yun ) |

Description: (249-1) money loaned/invested

Remarks:

| | | |
|---|---|---|
| Creditor: (30907988)<br>Kay Sherman<br>320 N Skylane Dr<br>Durango CO 81301 | **Claim No: 250**<br>Original Filed Date: 12/15/2011<br>Original Entered Date: 12/16/2011 | Status:<br>Filed by: CR<br>Entered by: Ji Yun Kim<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $47281.58 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 250-1 | 12/15/2011 | Claim #250 filed by Kay Sherman, Amount claimed: $47281.58 (Kim, Ji Yun ) |

Description: (250-1) money loaned

Remarks:

| | | |
|---|---|---|
| Creditor: (29121429) History<br>WILLIAM & SUSAN JETTER<br>324 Mchenna Ct<br>Elmhurst IL 60126 | **Claim No: 251**<br>Original Filed Date: 01/10/2012<br>Original Entered Date: 01/17/2012 | Status:<br>Filed by: CR<br>Entered by: Cynthia Banderas (Barrera)<br>Modified: |

| | | | |
|---|---|---|---|
| Amount | claimed: | $200710.00 | |

History:

| | | | | |
|---|---|---|---|---|
| Details | | 251-1 | 01/10/2012 | Claim #251 filed by WILLIAM & SUSAN JETTER, Amount claimed: $200710.00 (Banderas (Barrera), Cynthia ) |

Description:

Remarks:

| | | |
|---|---|---|
| Creditor: (29121380) History | **Claim No: 252** | Status: |

2338

| | | |
|---|---|---|
| WILLIAM BROWNE<br>77 12th St NE #1807<br>Atlanta, GA 30309 | *Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 01/18/2012 | *Filed by:* CR<br>*Entered by:* Bock Tom<br>*Modified:* |

Amount claimed: $981299.91

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 252-1 | 12/08/2011 | Claim #252 filed by WILLIAM BROWNE, Amount claimed: $981299.91 (Tom, Bock ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (31114723)<br>RICHARD BROWNE<br>17341 CLARK STREET<br>ENCINO CA 91316 | **Claim No: 253**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 01/18/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bock Tom<br>*Modified:* |

Amount claimed: $822000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 253-1 | 12/08/2011 | Claim #253 filed by RICHARD BROWNE, Amount claimed: $822000.00 (Tom, Bock ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121378)<br>ROBERT BROWNE<br>1420 AMBASSADOR BLD 2 303<br>LOS ANGELES CA 90035 | **Claim No: 254**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 01/18/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bock Tom<br>*Modified:* |

Amount claimed: $2073815.00
Secured claimed: $1500000.00

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 254-1 | 12/08/2011 | Claim #254 filed by ROBERT BROWNE, Amount claimed: $2073815.00 (Tom, Bock ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121457) History<br>MAXIMILLIAN A MEAD AND SUZANNE BROWNE<br>309 MAGELLAN AVE<br>SAN FRANCISCO CA 94116 | **Claim No: 255**<br>*Original Filed Date*: 12/08/2011<br>*Original Entered Date*: 02/02/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

Amount claimed: $448378.76

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 255-1 | 12/08/2011 | Claim #255 filed by MAXIMILLIAN A MEAD AND SUZANNE BROWNE, Amount claimed: $448378.76 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (31243696)<br>Adam & Denise Gilbert<br>3030 Goldenrod Lane<br>Palm Springs CA 92264 | **Claim No: 256**<br>*Original Filed Date*: 02/06/2012<br>*Original Entered Date*: 02/07/2012<br>*Last Amendment Filed*: 12/10/2012<br>*Last Amendment Entered*: 12/18/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

Amount claimed: $13888.15

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 256-1 | 02/06/2012 | Claim #256 filed by Adam & Denise Gilbert, Amount claimed: $13888.15 (Fentroy, Rita ) |
| Details | | 256-2 | 12/10/2012 | Amended Claim #256 filed by Adam & Denise Gilbert, Amount claimed: $13888.15 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33126641)<br>Kelly Watson<br>3003 2nd St<br>Santa Monica CA 90405-5475 | **Claim No: 257**<br>*Original Filed Date*: 12/10/2012<br>*Original Entered Date*: 12/12/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $233321.65 | |
| Secured | claimed: | $200000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 257-1 | 12/10/2012 | Claim #257 filed by Kelly Watson, Amount claimed: $233321.65 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33126641)<br>Kelly Watson<br>3003 2nd St<br>Santa Monica CA 90405-5475 | **Claim No: 258**<br>*Original Filed Date*: 12/10/2012<br>*Original Entered Date*: 12/12/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $168593.44 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 258-1 | 12/10/2012 | Claim #258 filed by Kelly Watson, Amount claimed: $168593.44 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33126641)<br>Kelly Watson<br>3003 2nd St<br>Santa Monica CA 90405-5475 | **Claim No: 259**<br>*Original Filed Date*: 12/10/2012<br>*Original Entered Date*: 12/12/2012 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $107224.46 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 259-1 | 12/10/2012 | Claim #259 filed by Kelly Watson, Amount claimed: $107224.46 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121369) History<br>CAROL J BOCHNER<br>2219 BRIGHTON POINT AVE<br>HENDERSON, NV 89044 | **Claim No: 260**<br>*Original Filed Date*: 01/08/2013<br>*Original Entered Date*: 01/11/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Terry Goins<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $30000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 260-1 | 01/08/2013 | Claim #260 filed by CAROL J BOCHNER, Amount claimed: $30000.00 (Goins, Terry ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33334452)<br>Brett Greene<br>Goshgarian and Marshall, PLC<br>23901 Calabasas Rd Ste 2073<br>Calabasas CA 91302 | **Claim No: 261**<br>*Original Filed Date*: 01/29/2013<br>*Original Entered Date*: 01/30/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cynthia Banderas (Barrera)<br>*Modified:* |

| Amount | claimed: | $1660019.80 | |
|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 261-1 | 01/29/2013 | Claim #261 filed by Brett Greene, Amount claimed: $1660019.80 (Banderas (Barrera), Cynthia ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33499337)<br>CAMOFI MASTER LDC & CAMHZN MASTER LDC<br>c/o Alan Kossoff<br>Kinsella Weitzman Iser Kump & Aldisert L<br>808 Wilshire Boulevard, 3rd Floor<br>Santa Monica, CA 90401 | **Claim No: 262**<br>*Original Filed Date*: 03/04/2013<br>*Original Entered Date*: 03/04/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Alan R Kossoff<br>*Modified:* |

*No amounts claimed*

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 262-1 | 03/04/2013 | Claim #262 filed by CAMOFI MASTER LDC & CAMHZN MASTER LDC, Amount claimed: (Kossoff, Alan ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (33868470)<br>Goal Line, L.P.<br>c/o Philip S. Warden/Ana N. Damonte<br>Pillsbury WInthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111 | **Claim No: 263**<br>*Original Filed Date*: 05/13/2013<br>*Original Entered Date*: 05/13/2013 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Ana Damonte<br>*Modified:* |

| Amount | claimed: | $178800.00 | |
|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 263-1 | 05/13/2013 | Claim #263 filed by Goal Line, L.P., Amount claimed: $178800.00 (Damonte, Ana ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (29121398) History<br>HELEN ENGLE<br>11549 Claymore St<br>Santa Fe Springs CA 90670 | **Claim No: 264**<br>*Original Filed Date*: 01/24/2014<br>*Original Entered Date*: 01/24/2014 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Shafari Tatum<br>*Modified:* |

| Amount | claimed: | $50000.00 | |
|---|---|---|---|

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 264-1 | 01/24/2014 | Claim #264 filed by HELEN ENGLE, Amount claimed: $50000.00 (Tatum, Shafari ) |

*Description:*

| |
|---|
| *Remarks:* |

| | | |
|---|---|---|
| *Creditor:* (36945345)<br>Internal Revenue Service<br>300 N. Los Angeles ST STOP 5022<br>Los Angeles, CA 90012 | **Claim No: 265**<br>*Original Filed Date*: 03/11/2016<br>*Original Entered Date*: 03/11/2016 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Maria D Hill<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $5633.23 | |
| Secured | claimed: | $0.00 | |
| Priority | claimed: | $0.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 265-1 | 03/11/2016 | Claim #265 filed by Internal Revenue Service, Amount claimed: $5633.23 (Hill, Maria ) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (37567897)<br>William Browne<br>4919 Noeline Ave<br>Encino, CA 91436 | **Claim No: 266**<br>*Original Filed Date*: 01/17/2017<br>*Original Entered Date*: 01/20/2017 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Sabrina Palacio-Garcia<br>*Modified:* |

| | | | |
|---|---|---|---|
| Amount | claimed: | $981299.91 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 266-1 | 01/17/2017 | Claim #266 filed by William Browne, Amount claimed: $981299.91 (Palacio-Garcia, Sabrina ) |

*Description:*

*Remarks:*

## Claims Register Summary

**Case Name:** EPD Investment Co., LLC
**Case Number:** 2:10-bk-62208-ER
**Chapter:** 7
**Date Filed:** 12/07/2010
**Total Number Of Claims:** 264

| | |
|---|---|
| **Total Amount Claimed*** | $176512933.12 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $28306341.04 | |
| **Priority** | $24965.94 | |
| **Administrative** | | |

**PACER Service Center**

2342

# EXHIBIT QQQ

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

11-7268647698
05/02/2011 12:04
FILED
CALIFORNIA SECRETARY OF STATE
SOS
28826000002 UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

National Corporate Research, Ltd.
1107 9th Street, Suite 1025
Sacramento, CA 95814
P6-10034513
m049915

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: EPD INVESTMENT LEASING CO., LLC

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 409 SANTA MONICA BLVD., SUITE E | SANTA MONICA | CA | 90401 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | LLC | CALIFORNIA | 201013910145 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: BRIGHT CONSCIENCE TRUST DATED SEPTEMBER 9, 2009

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 754 SWARTHMORE AVE. | PACIFIC PALISADES | CA | 90272 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL ASSETS.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02) International Association of Commercial Administrators (IACA)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CHAPTER 7 TRUSTEE'S CHAPTER 7 TRUSTEE'S: (1) MOTION FOR SUMMARY ADJUDICATION REGARDING THE TRUSTEE'S FIRST CLAIM FOR RELIEF FOR DISALLOWANCE OF CLAIMS, OR, IN THE ALTERNATIVE, FOR EQUITABLE SUBORDINATION OF CLAIMS AND PROOFS OF CLAIM; AND, (2) MOTION FOR SUMMARY ADJUDICATION REGARDING THE SECOND, THIRD AND SIXTH CLAIMS FOR RELIEF FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS MADE WITH ACTUAL INTENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 5, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael W Davis mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com
Larry W Gabriel lgabriel@brutzkusgubner.com, nfields@brutzkusgubner.com
Lewis R Landau Lew@Landaunet.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Autumn D Spaeth aspaeth@swelawfirm.com,
gcruz@swelawfirm.com;csheets@swelawfirm.com;hdavis@swelawfirm.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Corey R Weber ecf@brutzkusgubner.com, cweber@brutzkusgubner.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On ___________**,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed:

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 5, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed:

**BY PERSONAL DELIVERY**

Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA 90012-3332

**COURTEY COPY BY PERSONAL DELIVERY (TO BE DELIVERED ON 9/6/2017)**

Attorney for Defendants
Lewis R. Landau, Esq.
22287 Mulholland Highway, # 318
Calabasas, CA 91302

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 5, 2017 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |