

**FILED & ENTERED**

**JUL 21 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | | | |
|---|---|---|---|
| In re: | EPD Investment Co., LLC, and Jerrold S. Pressman, Consolidated Debtors. | Case No.: Adv. No.: | 2:10-bk-62208-ER 2:12-ap-02424-ER |
| Jason M. Rund, solely in his capacity as Chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> John C. Kirkland and Poshow Ann Kirkland, solely in her capacity as Trustee of the Bright Conscience Trust Dated September 9, 2009, <br><br> Defendants. | | **MEMORANDUM OF DECISION STAYING ACTION PENDING NINTH CIRCUIT'S ADJUDICATION OF MANDAMUS PETITION** <br><br> **[RELATES TO ADV. DOC. NOS. 760 AND 772]** | |
| | | Date: | July 13, 2022 |
| | | Time: | 10:00 a.m. |
| | | Location: | Ctrm. 1568 <br> Roybal Federal Building <br> 255 East Temple Street <br> Los Angeles, CA 90012 |

    For the reasons set forth below, the Court deems the notice filed by the Chapter 7 Trustee (the "Trustee") purporting to withdraw the Subpoenas[1] to be void and of no effect. The Court will exercise its discretion to stay the trial of this action pending the Ninth Circuit's adjudication of the Mandamus Petition.

## I. Factual and Procedural Background

    The Court has found that John C. Kirkland ("John") and Poshow Ann Kirkland ("Poshow," and together with John, the "Kirklands"),[2] solely in her capacity as Trustee of the Bright Conscience Trust dated September 9, 2009 (the "BC Trust") can be compelled to testify at trial by means of remote video transmission, from their residence or from another location of their

---

[1] Capitalized terms not defined in this introductory section are defined below.
[2] Given names are used to distinguish Poshow from John. No disrespect is intended.

own choosing, notwithstanding the fact that the Kirklands would be outside the geographical restrictions of Civil Rule 45[3] if they were ordered to testify at trial in person.[4] Concurrently with the issuance of the order finding that the Kirklands could be compelled to testify at trial by remote video transmission, the Court issued an order setting the trial of the Trustee's claims against the BC Trust for the week of August 22, 2022.[5]

On May 3, 2022, the Court declined to certify a direct appeal to the Ninth Circuit of its order finding that the Kirklands could be compelled to testify by remote video transmission.[6] The Court's primary reason for declining certification was its concern that a direct appeal could further delay the trial of this action by as much as two years.[7] In its ruling declining certification, the Court noted that this litigation has been pending for almost ten years; that a prior appeal to the Ninth Circuit concerning whether the claims at issue were subject to mandatory arbitration had delayed the proceedings by approximately two years; and that the additional delay associated with certification would not be consistent with the Court's obligation "to secure the just, speedy, and inexpensive determination of every case and proceeding."[8]

On May 17, 2022, the Kirklands filed a *Petition for Writ of Mandamus* (the "Mandamus Petition")[9] with the Ninth Circuit Court of Appeal (the "Ninth Circuit"). The Kirklands seek a writ of mandamus directing this Court to vacate its order declining to quash the subpoenas compelling the Kirklands to testify at trial by video transmission (the "Subpoenas").

On June 15, 2022, Circuit Judges Owens, Lee, and Bumatay ordered the Trustee to answer the Mandamus Petition, and invited this Court to answer the Mandamus Petition if it so desired. The Court filed an answer to the Mandamus Petition (the "Answer")[10] on June 29, 2022. Noting

---

[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Appellate Rule" references are to the Federal Rules of Appellate Procedure, Rules 1–48; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[4] *See* Adv. Doc. No. 750 (Order Denying Motions to Quash) and Adv. Doc. No. 738 (ruling setting forth reasons for entry of the Order Denying Motions to Quash). Unless otherwise indicated, all "Adv. Doc." citations are to Adv. No. 2:12-ap-02424-ER; all "Bankr. Doc." citations are to Bankr. Case No. 2:10-bk-62208-ER; all "District Court Doc." citations are to Case No. 2:18-cv-08317-DSF; and all "Ninth Circuit Doc." citations are to Case No. 22-70092. Page citations are to the CM/ECF docket pagination which appears at the top of each page, not to the document's internal pagination.

[5] Adv. Doc. No. 749.

[6] *See* Adv. Doc. No. 757 (Order Denying Motion for Leave to Appeal From an Interlocutory Order Denying Motions to Quash) and Adv. Doc. No. 755 (ruling setting forth reasons for entry of the Order Denying Motion for Leave to Appeal From an Interlocutory Order Denying Motions to Quash).

[7] Adv. Doc. No. 755 at 10–12.

[8] *Id.* at 11.

[9] The Mandamus Petition has been assigned Case No. 22-70092.

[10] *See* Supplemental Order Answering Petition for Writ of Mandamus [Adv. Doc. No. 764, Ninth Cir. Doc. No. 9].

a "substantial disagreement among the trial courts over the appropriate interpretation" of Civil Rule 45, the Court expressed its view that "it would be appropriate for the Court of Appeal to exercise supervisory mandamus jurisdiction to resolve the undecided question of whether Civil Rule 45's geographical restriction applies where a witness is ordered to testify by means of remote video transmission from a location selected by the witness."[11] The Court noted that its concerns about a potential two-year delay of the trial that formed the basis of its decision to decline certification were "less pressing in the context of a petition for a writ of mandamus," because Appellate Rule 21(b)(6) requires that a mandamus proceeding "must be given preference over ordinary civil cases."[12]

At the above-captioned date and time, the Court conducted a hearing on motions filed by the Kirklands (the "Motions") seeking to (1) stay this action pending the Ninth Circuit's adjudication of the Mandamus Petition and to (2) extend the previously-ordered June 15, 2022 deadline for the Kirklands to state whether they would testify at trial.[13] Prior to the hearing, the Court issued a tentative ruling indicating its intent to stay the action until the Ninth Circuit had adjudicated the Mandamus Petition.

At the hearing, the Trustee requested that he be provided several days to consider whether to withdraw the Subpoenas. By order issued on July 13, 2022, the Court directed the Trustee to specify by no later than July 20, 2022 whether the Subpoenas would be withdrawn, and took the Motions under submission.[14]

On July 19, 2022, the Trustee filed a document captioned *Notice of Chapter 7 Trustee's Withdrawal of Subpoenas Served Upon John C. Kirkland and Poshow Ann Kirkland* (the

---

[11] Answer at 2.
[12] *Id.* at 1–2.
[13] The Court considered the following pleadings in adjudicating the Motions:
1) Kirklands' Motion to Extend Deadline to Disclose Appearance at Trial:
    a) Motion to Extend June 15, 2022 Court-Ordered Deadline to Disclose Appearance at Trial and To Set a Status Conference [Adv. Doc. No. 760];
    b) Plaintiff Chapter 7 Trustee's Opposition to Motion to Extend June 15, 2022 Court-Ordered Deadline to Disclose Appearance at Trial and to Set a Status Conference [Adv. Doc. No. 763];
    c) Reply in Response to Opposition to Motion to Extend June 15, 2022 Court-Ordered Deadline to Disclose Appearance at Trial and to Set a Status Conference [Adv. Doc. No. 776];
2) Kirklands' Motion to Stay Litigation:
    a) Motion to Stay Litigation and Vacate Trial Date Pending Review by the Ninth Circuit or, in the Alternative, a Continuance of the Trial and Related Dates [Adv. Doc. No. 772]
        i) Order Setting Hearing on Motion to Stay Litigation and Vacate Trial Date [Adv. Doc. No. 770];
        ii) Notice of Order Setting Hearing on Motion to Stay Litigation and Vacate Trial Date [Adv. Doc. No. 773]; and
    b) Plaintiff Chapter 7 Trustee's Opposition to Motion to Stay Litigation and Vacate Trial Date Pending Review by the Ninth Circuit or, in the Alternative, a Continuance of Trial and Related Dates [Adv. Doc. No. 777].
[14] Adv. Doc. No. 782.

"Notice").[15] The Notice states that the Trustee "hereby withdraws the subpoenas to appear and testify at trial that were served on [the Kirklands] … in order for the trial to proceed without a stay."[16] However, the Notice states that "[t]o the extent that the Kirklands appear at or attend trial, the Trustee reserves the right to serve the Kirklands with trial subpoenas at that point."[17]

## II. Discussion

The Trustee's purported withdrawal of the Subpoenas is illusory: although the Trustee claims that the Subpoenas have been withdrawn, he simultaneously reserves the right to re-issue the Subpoenas. The Trustee cannot have it both ways. Either the Subpoenas are permanently withdrawn, or they are not. If countenanced by the Court, the Trustee's attempt at legal legerdemain would create serious procedural issues. For example: does the Notice moot the Mandamus Petition, given that the issues presented by the Mandamus Petition would arise again if the Trustee re-issued the Subpoenas?

Because the Notice does not unconditionally commit to withdrawal of the Subpoenas, the Court finds that the Notice is not responsive to the Court's order requiring the Trustee to specify whether the Subpoenas will be withdrawn. Therefore, the Court finds the Notice to be a legal nullity that does not effectuate the withdrawal of the Subpoenas, and deems the Subpoenas to remain in effect.

Since the Subpoenas remain in effect, the Court finds it appropriate to stay this action until the Ninth Circuit has adjudicated the Mandamus Petition. Pursuant to the Supreme Court's decision in *Landis v. North America*, 299 U.S. 248 (1936), the Court has discretion to stay proceedings before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (describing a *Landis* stay). As explained in *Mirant Corp.*, a *Landis* stay is appropriate under the following circumstances:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the "orderly course of justice" makes it appropriate for the Court to stay the proceedings until the Ninth Circuit has adjudicated the Mandamus Petition. The Court's Answer

---

[15] Adv. Doc. No. 790.

[16] Notice at 2.

[17] *Id.* Although the Court cannot say with certainty, the Trustee's reservation of rights appears to be motivated by the concern that the Kirklands will voluntarily testify in support of the BC Trust's denials and affirmative defenses, but refuse to testify if called as adverse witnesses by the Trustee. If that occurred, the Trustee would be entitled to cross-examine the Kirklands, but the scope of the cross-examination would be limited to the subject matter of direct examination. The Court expresses no opinion as to whether it would be permissible for the Kirklands to testify in support of the BC Trust while simultaneously refusing to testify if called as adverse witnesses by the Trustee.

to the Mandamus Petition has already explained that the priority of a mandamus proceeding over civil litigation obviates the Court's concerns regarding the delay resulting from appellate review. The Ninth Circuit is considering conducting oral argument on the Mandamus Petition in October 2022. The Ninth Circuit has a track record of quickly rendering decisions when it elects to grant a petition for a writ of mandamus. Of course, a fast result is to be expected in controversial cases garnering significant public attention, such as *United States v. U.S. Dist. Ct. for the N. Dist. of California (In re United States)*, 875 F.3d 1200 (9th Cir. 2017), in which an opinion was issued nine days after the completion of oral argument. But even in matters not generating significant press coverage, the Ninth Circuit acts rapidly. For example, *Mersho v. U.S. Dist. Ct. for the N. Dist. of Arizona (In re Mersho)*, 6 F.4th 891 (9th Cir. 2021) involved issues of securities law; an opinion was issued on July 23, 2021, slightly more than a month after oral argument concluded on June 18, 2021. *Williams Sonoma v. U.S. Dist. Ct. for the N. Dist. of California (In re Williams-Sonoma, Inc.)*, 947 F.3d 535, 537 (9th Cir. 2020) addressed the availability of discovery prior to the certification of a class; the court's January 13, 2020 opinion was issued approximately two months after oral argument occurred on October 2, 2019.

In short, there is every reason to believe that the Ninth Circuit will dispose of the Mandamus Petition within several months of oral argument in October 2022. As opposed to a delay of at least two years (the likely outcome had the issue of the validity of the Subpoenas been presented to the Ninth Circuit by way of a direct appeal as opposed to mandamus review), the delay will be approximately six months.[18]

A binding ruling as to whether the Kirklands can be compelled to testify by remote video transmission will have a significant impact upon the trial. The Trustee is correct that a decision as to whether the Kirklands can be compelled to testify as adverse witnesses does not answer the question of whether the Kirklands will actually appear and testify. However, a ruling by the Ninth Circuit would shed significant light upon the extent to which the Court could apply an adverse inference if the Kirklands refuse to testify in response to the Subpoenas. A Ninth Circuit determination that the Subpoenas are *not* enforceable could circumscribe the Court's ability to apply an adverse inference.

It is of paramount importance for the Court to emphasize that nothing said herein regarding the hypothetical application of an adverse inference constitutes a ruling upon what conclusions the Court would or would not draw if the Kirklands refuse to testify in response to the Subpoenas. That issue is not ripe and has not been briefed. The Court raises the issue only to emphasize that a ruling from the Ninth Circuit upon the validity of the Subpoenas will provide significant clarity as to how the trial should proceed. A delay of approximately six months is a price worth paying to obtain such clarity.

The Court is aware that in the context of denying a motion for reconsideration of its order returning the Trustee's equitable subordination claims to this Court, the District Court stated that "[i]f either Mrs. or Mr. Kirkland fails to attend trial, the Bankruptcy Court is entitled to make

---

[18] At oral argument, the Trustee expressed concern that adjudication of the Mandamus Petition could take longer than six months if a petition for rehearing en banc was granted, or if a petition for a writ of certiorari was filed or granted. The Court's stay of this action applies only until the Ninth Circuit panel issues a decision on the Mandamus Petition. Should the panel decision become the subject of additional proceedings, the Court will consider whether a further extension of the stay is warranted.

whatever adverse findings it sees fit."[19] When the District Court made this statement, the enforceability of the Subpoenas served upon the Kirklands was not at issue—in fact, the Subpoenas had not even been served. The District Court's ruling does not give this Court license to simply disregard the fact that there is no binding authority as to whether the Kirklands can be compelled to testify remotely, and that accordingly there is also no controlling authority governing what consequences should apply if the Kirklands decline to testify. A decision from the Ninth Circuit will provide much-needed guidance as to these questions.

A Status Conference is set for **October 11, 2022 at 10:00 a.m.** The sole purpose of this Status Conference is to enable the Court to remain apprised of developments in the adjudication of the Mandamus Petition. No later than seven days prior to the hearing, the parties shall file a Joint Status Report, which shall (a) state the date upon which the Ninth Circuit has scheduled oral argument on the Mandamus Petition and (b) contain a brief discussion of developments in the litigation of the Mandamus Petition.

### III. Conclusion

Based upon the foregoing, the Court will exercise its discretion to stay this action until the Ninth Circuit panel has issued a decision on the Mandamus Petition. The Court's prior order, requiring the Kirklands to specify whether they would testify at trial by no later than June 15, 2022, is **VACATED**. The Court's order setting trial for the week of August 22, 2022 is likewise **VACATED**; a new trial date will be set after a decision on the Mandamus Petition has been rendered.[20]

---

[19] Dist. Ct. Doc. No. 201 at 5.

[20] The Subpoenas commanded the Kirklands to appear and testify on March 14, 2022 at 9:00 a.m., which was the initial date set for the trial. After the trial was continued, the Court explained in a ruling issued on March 16, 2022 [Adv. Doc. No. 736 at 15–16] that it would not be necessary for the Trustee to re-publish the Subpoenas to provide the Kirklands notice of the new trial date. As more fully explained in the March 16, 2022 ruling, service of the Subpoenas by publication was sufficient to put the Kirklands upon notice of their obligation to appear and testify at trial, and requiring re-publication of the Subpoenas would place form over substance. For the reasons set forth in the March 16, 2022 ruling, if the validity of the Subpoenas is upheld, it will not be necessary for the Trustee to re-publish the Subpoenas once the new trial date is set.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: July 21, 2022

Ernest M. Robles
United States Bankruptcy Judge